**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | ) | |
| Plaintiff, | ) | No. 03-2624C<br>(Judge Braden) |
| v. | ) | |
| **THE UNITED STATES,** | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to RCFC Appendix A, Section III.4, Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for System Energy Resources, Inc. and South Mississippi Electric Power Association and Defendant (the "Government") respectfully submit their Joint Preliminary Status Report in the above-captioned case.

## I. Does the court have jurisdiction over the action?

Plaintiff asserts that, as described in greater detail at paragraphs 4 to 6 of SFI's Complaint, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(1), and that SFI is also entitled to bring this suit without exhausting any administrative remedies. Defendant asserts that it has not identified any basis at this time upon which to question the Court's jurisdiction to entertain this action.

## II. Should the case be consolidated with any other case and the reasons therefor?

Plaintiff's position: The issue of consolidation of the spent nuclear fuel ("SNF") cases has been raised by the Government, extensively briefed by the parties, and rejected by this Court on

several occasions, dating back to 2001. Most recently, on January 30, 2004 the Chief Judge issued an Order denying the Government's July 30, 2003 Second Motion to Renew its Motion to Consolidate (attached hereto as Tab A). As the Chief Judge explained, consolidation "would not effectuate any greater efficient administration of justice than that of letting the six lead [SNF] cases proceed with their dispositive motions and/or trial on damages." Tab A at 2. The Chief Judge proceeded to lift the stay in all cases to which its April 16, 2003 stay order applied. Id. Consistent with the Chief Judge's mandate, SFI is opposed to consolidation of this case with any other SNF case.

Defendant's position: Defendant has previously requested that the Court reassign all of the spent nuclear fuel cases to a single judge, followed by consolidation for the limited purpose of resolving issues surrounding the spent nuclear fuel acceptance schedule terms of the Standard Contract. The Court has not granted the Government's request. Nevertheless, defendant continues to believe that reassignment and consolidation of the spent nuclear fuel cases, which would permit resolution of issues surrounding the schedule terms that appear in every Standard Contract, is appropriate. Beyond that request for reassignment, defendant has not identified any other case pending before this Court that involves the specific nuclear power plant at issue in this case and, therefore, has not identified any additional reasons for seeking consolidation of this case with any other.

**III. Should trial of liability and damages be bifurcated and the reasons therefor?**

Plaintiff's position: SFI believes that issues regarding the Government's liability for partial breach of contract may be resolved without a trial, an outcome which has already occurred in eight of the SNF cases. See Plaintiff's Status Report at 2 n.1 (Apr. 23, 2004). Once the Government's liability for partial breach of contract has been established in this case, a trial on

damages would be appropriate, similar to the trial that recently concluded in Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.).

Defendant's position: Defendant believes that the Court should resolve issues involving the acceptance schedule under which the Government is obligated, pursuant to the Standard Contract, to accept plaintiff's spent nuclear fuel (including the rate at which the Government is obligated, under the contract, to accept spent nuclear fuel from all contract holders). Once the Court resolves those issues, any further trial proceedings regarding liability and damages should be resolved in a single proceeding.

**IV. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?**

Plaintiff's position: As explained in its April 23, 2004 Status Report, SFI is opposed to a stay of this case at this time; there is no reason to hold this case in abeyance pending the trial of other spent nuclear fuel actions in this Court, which actions will not control the outcome of this case and involve different damages claims and issues from those presented here. SFI is, however, amenable to addressing the liability and other purely legal issues in this case first, before damages issues (such as the appropriate acceptance rate) are addressed. See, e.g., Status Report Regarding "Pre-Discovery Conference" filed in Entergy Nuclear Fitzpatrick, LLC v. United States, No. 03-2627C (Damich, C.J.), in response to the conference held before Judge Sypolt on April 30, 2004, a copy of which is attached at Tab B.

Defendant's position: As defendant explained in its status report dated April 23, 2004, proceedings in this case should be stayed pending the conclusion of trial proceedings in the "lead" cases currently scheduled for trial. The Chief Judge has identified six "lead" or "accelerated" cases (out of the pending 65 spent nuclear fuel cases) in which the spent nuclear fuel acceptance

schedule issues are to be decided. These acceptance schedule issues, which should resolve the rate at which the Department of Energy is obligated to accept spent nuclear fuel from the nuclear utility contract holders under the terms of the Standard Contract, must be decided before the Court can evaluate specific damages causation issues. Without resolution of the issues surrounding the acceptance schedule by which the Department of Energy was obligated to accept plaintiff's spent nuclear fuel under the terms of the Standard Contract, the Court cannot identify whether specific damages that plaintiff alleges it has incurred or will incur were "caused" by the Department of Energy's delay in beginning spent nuclear fuel acceptance or whether those costs would have been incurred regardless of the delay.

Further, although plaintiff requests that the Court determine liability in this case before resolving other issues, any determination of liability will require the Court to resolve the Government's arguments regarding the meaning and effect of the acceptance schedule terms of the Standard Contract. As defendant has argued in motions for partial summary judgment filed in many of the previously filed spent nuclear fuel cases, the schedule terms of the Standard Contract establish a procedure through which the parties, through the submission and approval of delivery commitment schedules ("DCSs") and final delivery schedules ("FDSs"), would define the applicable acceptance schedule. In its motions for partial summary judgment, defendant has established that the approved DCSs define the Government's obligations to accept any particular contract holder's spent nuclear fuel, and any liability decision should be based upon the Government's failure to satisfy the obligations defined by those DCSs. Because resolution of these issues will require significant briefing from the parties, and because it appears likely that these issues will be resolved by the United States Court of Appeals for the Federal Circuit in any appeal of the expected trial court decision in Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.), following the trial that was completed on March 16, 2004, it would be a

waste of the parties' and the Court's resources to engage in efforts to resolve liability issues at this point in time.

Defendant further believes that, to the extent that the Court declines to stay proceedings in this case, the Court should order the plaintiff to participate in coordinated discovery with the other spent nuclear fuel plaintiffs, for the reasons explained in defendant's April 23, 2004 report.

**V. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

SFI does not intend to seek a remand or suspension. Defendant states that it does not seek a remand of this case at this time, but that the Court should suspend this case for the reasons discussed in the prior section of this report.

**VI. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

SFI does not intend to effect joinder of other parties to this case. Defendant states that, at the present time, it has not identified any need to join other parties to this case.

**VII. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

Plaintiff's position: SFI does not intend to file a motion pursuant to RCFC 12(b) or 12(c), but will likely file a motion for summary judgment on liability pursuant to RCFC 56 and reserves its right to file a cross-motion in response to any Rule 56 motion by the Government.

Defendant's position: Defendant asserts that it may file a motion pursuant to RCFC 56 regarding the plaintiff's failure to satisfy a condition precedent to defendant's liability. Further, if

the Court does not stay this case, defendant may also file a motion for partial summary judgment, similar to those filed in other previously filed spent nuclear fuel cases, regarding the acceptance schedule terms of the Standard Contract; a motion for partial summary judgment regarding the Department of Energy's obligation to accept plaintiff's Greater-Than-Class-C radioactive waste; and a motion to dismiss plaintiff's takings claim.

**VIII. What are the relevant factual and legal issues?**

Plaintiff's position: As explained in paragraph 1 of its Complaint, SFI has brought this suit to recover significant damages incurred as a result of the Government's partial breach of the Standard Contract. SFI's damages will include, but are not limited to, the cost of extended on-site storage of its SNF; the amount of these damages may depend on, *inter alia*, the date on which DOE begins acceptance of SNF at a repository in accordance with the Standard Contract and the Nuclear Waste Policy Act.

Defendant's position: The relevant legal and factual issues in this case include, but may not be limited to, the following:

1. Whether the Government is liable for a partial breach of plaintiff's Standard Contract;

2. The basis and scope of any liability for the partial breach of the Standard Contract;

3. The contractually required schedule for the Department of Energy's acceptance of spent nuclear fuel and/or high-level radioactive waste;

4. The appropriate measure of the plaintiff's damages, if any, arising from any partial breach of the Standard Contract;

5. Whether the Government breached its duty of good faith and fair dealing;

6. Whether the Government is obligated to accept Greater-Than-Class-C low-level radioactive waste pursuant to the Standard Contract; and

7. Whether the plaintiff is entitled to damages for a taking of its property without just compensation in violation of the Fifth Amendment to the United States Constitution.

## IX. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

SFI is open to the possibility of settlement, but believes that the likelihood of settlement is slim given the procedural posture of and the Government's litigation strategy towards the SNF cases since 1998. Defendant asserts that, although the parties have not yet explored the possibility of an amicable resolution of this case, it is always willing to explore the possibility of an amicable resolution of this matter. Alternative dispute resolution has not been contemplated by the parties.

## X. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?

As noted in Section III, SFI anticipates the need for a trial on damages once the Government's liability for breach of contract has been established. The parties will not request expedited trial scheduling, given the guidelines set forth in RCFC App. A, Section III.4(j).

## XI. Are there special issues regarding electronic case management needs?

The parties do not believe that there are any special issues regarding electronic case management needs at this time.

**XII. Is there other information of which the court should be aware at this time?**

SFI's general views regarding the progress of this case have been expressed in detail in its April 23, 2004 Status Report. Defendant's views have been identified in its April 23, 2004 report.

Dated: May 7, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Joseph L. Blount
Entergy Services, Inc.
Legal and External Affairs
P.O. Box 31995
Jackson, MS 39286-1995

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen by s/ Jack Y. Chu
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585