# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

## JOINT STATUS REPORT

Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for System Energy Resources, Inc. ("SERI") and South Mississippi Electric Power Association ("SMEPA"), and Defendant (the "Government") respectfully submit this joint status report proposing a pre-trial schedule for this case, consistent with the Court's request during the September 21, 2004 telephonic status conference.

After a period of discussion, the parties have agreed in principle on a proposed schedule for further proceedings in this case, as detailed below:

| | |
|---|---|
| October 29, 2004 | SFI files its motion for summary judgment on liability on its claim for partial breach of contract |
| November 30, 2004 | The Government files its response (and cross-motion, if any) to SFI's motion for summary judgment on liability |
| December 15, 2004 | SFI files its reply in support of its motion and its response to any cross-motion for summary judgment on liability |

| | |
|---|---|
| January 11, 2005 | The Government files its reply in support of any cross-motion for summary judgment on liability |
| February 2005 | Oral argument on the liability briefing, with the exact date and time to be determined by the Court |
| March 2005 | Commencement of damages discovery, assuming a favorable ruling for SFI on the liability issue. In the event that the Court has not yet reached a decision upon liability by March 2005, discovery shall commence upon submission of a damages claim by plaintiff, within 15 days of the Court's ruling upon liability. |
| Trial: | To commence 12 months after the commencement of damages discovery, on a date convenient to the Court's schedule. |

The parties disagree as to the scope and nature of the damages "claim" referenced above.

Plaintiff's Position

This case is not subject to the Contract Disputes Act and a damages "claim" is therefore not required by statute, regulation or RCFC rule. However, in the interest of moving this case forward efficiently and economically, and consistent with the requirements of RCFC 26, SFI proposes to submit a letter summarizing the major categories of its damages claim to facilitate the Government's damages discovery. This letter will specify, inter alia, the quantum sought for each category of SFI's claim for damages, and it will identify the individuals at SFI, SERI, and SMEPA who possess knowledge regarding the details of the damages that have been incurred in this case. The location of relevant documents will be disclosed in conformance with RCFC 26(a)(1)(B). Plaintiff submits such a letter should be more than sufficient to allow the Government to commence meaningful damages discovery. Expert reports detailing each damage category, along with complete back-up business records to support each category, would be provided well before trial but not at the outset of the damages discovery process.

Government's Position

Plaintiff has agreed to disclose, at the commencement of discovery, the quantum sought for each category of damages claimed, the individuals who possess knowledge regarding the details of any damages claimed, and the location of documents relevant to any damages claimed. Presumably, by the time plaintiff submits to the Government a detailed description of the nature and amount of its claim for damages, the supporting documents will have been reviewed, to establish that there is a factual basis for a damages claim. The Government seeks the production of these documents at the outset of discovery. While we recognize that this case is not subject to the CDA requirement that a damages claim be submitted, based upon recent experience in similar cases, the Government believes that damages discovery, which will necessarily include an audit of plaintiff's past costs, can proceed much more quickly and efficiently if the documentary bases of plaintiff's claim are revealed at the outset. If plaintiff is unwilling to produce the supporting documents at the outset of discovery, the Government believes that it will require more than the agreed-upon 12 months to complete discovery and prepare for the trial of this case.

Dated: October 13, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu
HAROLD D. LESTER, JR.
Assistant Director

s/ Heide L. Herrmann by s/ Jack Y. Chu
HEIDE L. HERRMANN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-3315
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
MARTHA S. CROSLAND
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585