IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

**MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Pursuant to RCFC 56, Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for System Energy Resources, Inc. and South Mississippi Electric Power Association, respectfully requests that this Court enter summary judgment against the Government on the issue of the Government's liability for partial breach of contract.

**I. STANDARD OF REVIEW**

Generally, summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. RCFC 56(c); Rockwell Int'l Corp. v. United States, 147 F.3d 1358, 1361 (Fed. Cir. 1998).

**II. THE GOVERNMENT BREACHED PLAINTIFF'S STANDARD CONTRACT**

For reasons set forth more fully in SFI's Memorandum In Support Of Its Motion For Summary Judgment On Liability, filed contemporaneously with this motion, there is no genuine issue of material fact that the Government breached SFI's Standard Contract and should be held liable for the resulting damages. Generally, "[f]ailure to perform a contractual duty when it is due is a breach of the contract." Winstar Corp. v. United States, 64 F.3d 1531, 1545 (Fed. Cir. 1995) (en

banc), *aff'd*, 518 U.S. 839 (1996); see also Indiana Mich. Power Co. v. United States, 57 Fed. Cl. 88, 97 (2003). The Government breached SFI's Standard Contract when it failed to begin disposal of the spent nuclear fuel at Standard Contract holders' nuclear utility sites on January 31, 1998 as required by Article II of the Standard Contract. The Government has conceded that it did not commence performance on that date. Indeed, the current "official" position of the Department of Energy ("DOE") is that it will not commence performance until 2010 at the earliest. Final Interpretation, 60 Fed. Reg. 21,793, 21,794 (May 3, 1995). Faced with these facts, in two decisions involving the same Standard Contract that is now before this Court, the Federal Circuit has concluded that DOE breached its contractual obligations and that its breach "involved all the utilities that had signed the contract – the entire nuclear electric industry." Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1338 (Fed. Cir. 2000); see also Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000).

Hence, for reasons set forth herein and in SFI's Memorandum In Support Of Its Motion For Summary Judgment On Liability, SFI respectfully requests that the Court enter summary judgment against the Government on the issue of the Government's liability for partial breach of contract.

Dated: October 29, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)