# TABLE OF CONTENTS

PAGE

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT UPON COUNTS I AND II OF PLAINTIFF'S COMPLAINT ..... 1

ARGUMENT ..... 1

I. THE GOVERNMENT IS ENTITLED TO SUMMARY JUDGMENT UPON SFI'S BREACH OF CONTRACT CLAIM BECAUSE SFI HAS SOUGHT DAMAGES BEFORE ANY RIGHT TO ACCEPTANCE OF ITS SNF BY DOE HAS ACCRUED ..... 1

A. Incorrectly Assuming That "Breach And "Liability Are Synonymous Terms, SFI Has Failed To Present Any Evidence Of Damage Resulting From DOE's Delay In Beginning Spent Nuclear Fuel Acceptance From Other Contract Holders ..... 1

B. SFI Cannot Recover Damages That It Currently Anticipates Incurring In The Future ..... 5

C. Even If SFI Had Established Some Damage Under Its Theory Of DOE's Obligations, Its Theory Of DOE's Obligations Is Incorrect ..... 7

D. SFI's Reference To DOE's Issuance And Suspension Of Renewed DCS Submissions In 2004 Is Irrelevant To Its Liability Motion ..... 11

E. SFI's Explanations About The Reasons It Never Submitted A Delivery Commitment Schedule Are Unsupported ..... 15

II. SFI'S GOOD FAITH AND FAIR DEALING CLAIM FAILS AS A MATTER OF LAW BECAUSE IT IS BASED UPON A DELAY IN CONTRACTUAL PERFORMANCE AND SFI CANNOT PRESENT "WELL-NIGH IRREFRAGABLE PROOF" TO OVERCOME THE PRESUMPTION THAT THE GOVERNMENT ACTED IN GOOD FAITH ..... 16

TABLE OF CONTENTS (cont'd)

PAGE

III. TO THE EXTENT THAT THE COURT WOULD OTHERWISE GRANT THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY, THE COURT SHOULD GRANT THE UNITED STATES DISCOVERY PURSUANT TO RULE 56(f) BEFORE DECIDING THAT MOTION ............. 19

CONCLUSION ............................................................................................................................ 20

# TABLE OF AUTHORITIES

CASES PAGE(S)

Aleutian Constructors v. United States,
24 Cl. Ct. 372, 384 (1991) ..... 11

Am-Pro Protective Agency, Inc. v. United States,
281 F.3d 1234 (Fed. Cir. 2002) ..... 16

Avenal v. United States,
33 Fed. Cl. 778 (1995), aff'd, 100 F.3d 933 (Fed. Cir. 1996) ..... 4

Centex Corp. v. United States,
2005 WL 95687 (Jan. 19, 2005) ..... 16, 17

Commonwealth Edison Co. v. United States,
56 Fed. Cl. 652 (2003) ..... 15, 18

Cosmo Construction Co. v. United States,
196 Ct. Cl. 463, 451 F.2d 602 (1971) ..... 2

Coughlin v. Blair,
41 Cal. 3d 587, 262 P.2d 305 (1953) ..... 5

Florida Power & Light Co. v. United States,
No. 98-483C, slip op. (Fed. Cl. Oct. 14, 2004) (unpublished) ..... 9

Government Systems Advisors, Inc. v. United States,
21 Cl. Ct. 400, 411, vacated on other grounds, 25 Cl. Ct. 554 (1990) ..... 11

Hoch v. United States,
31 Fed. Cl. 111 (1994) ..... 4

Indiana Michigan Power Co. v. Department of Energy,
88 F.3d 1272 (D.C. Cir. 1996) ..... 9

Indiana Michigan Power Co. v. United States,
60 Fed. Cl. 639 (2004) ..... 5, 6

Kaiser v. Northwest Shopping Ctr., Inc.,
587 S.W.2d 454 (Tex. Civ. Ct. 1979) ..... 6

Levi Strauss & Co. v. Genesco, Inc.,
742 F.2d 1401 (Fed. Cir. 1984) ..... 4

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Ling-Temco-Vought, Inc. v. United States,
201 Ct. Cl. 135, 475 F.2d 630 (1973) .......... 11

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) .......... 6

Maine Yankee Atomic Power Co. v. United States,
225 F.3d 1336 (Fed. Cir. 2000) .......... 1

National By-Products, Inc. v. United States,
186 Ct. Cl. 546, 405 F.2d 1256 (1969) .......... 10

Newman-Green, Inc. v. Alfonzo-Larrain,
490 U.S. 826 (1989) .......... 6

Northern Helex Co. v. United States,
197 Ct. Cl. 118, 455 F.2d 546 (1972) .......... 11

Puritan Assocs. v. United States,
215 Ct. Cl. 976 (1977) .......... 2

Rood v. United States,
63 Fed. Cl. 213 (2004) .......... 2

Tennessee Valley Authority v. United States,
60 Fed. Cl. 665 (2004) .......... 18, 19

STATUTES AND REGULATIONS

10 C.F.R. § 961.11 .......... passim

MISCELLANEOUS

Restatement (Second) of Contracts § 236 (1981) .......... 6

Restatement (Second) of Judgments § 26 (1982) .......... 6

9 A. Corbin, Corbin on Contracts § 946 (interim ed. 1979) .......... 5

# INDEX TO REPLY APPENDIX

| DOCUMENT | PAGE |
|---|---|
| Letters from M. Detmer, DOE Contracting Officer, to Gulf States Utilities Company and Detroit Edison Company, dated March 4, 1992, providing accompanying Delivery Commitment Schedule Instructions | 1 |
| Transcript of testimony of Christopher Kouts, DOE, from Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), on August 2, 2004 | 5 |
| Transcript of testimony of Ronald A. Milner, DOE, from Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), on August 10, 2004 | 14 |
| Transcript of testimony of Thomas Pollog, DOE, from Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), on August 4, 2004 | 18 |
| Transcript of testimony of David Zabransky, DOE, from Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), on August 5, 2004 | 30 |
| Memorandum from Ronald A. Milner, DOE, to John Bartlett, DOE, dated December 20, 1991 | 38 |
| Sample letter from DOE to contract holders, dated July 27, 2004 | 40 |
| Letter from John B. Carden III, TVA, to David Zabransky, DOE Contracting Officer, dated August 24, 2004 | 42 |
| Letter from David Zabransky, DOE Contracting Officer, to John B. Carden III, TVA, dated November 3, 2004 | 43 |