IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEMS FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | ) | |
| Plaintiff, | ) | No. 03-2624C |
| | ) | (Judge Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S AFFIDAVIT
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON LIABILITY

Pursuant to this Court's February 15, 2005 order, defendant, the United States, respectfully files this response to the affidavit filed by plaintiff, System Fuels, Inc. ("SFI"), in support of its motion for summary judgment upon liability.

As we explained in our cross-motion for summary judgment, prior to the submission of its affidavit, SFI's claim was supported only by attorney argument regarding damages, and therefore, was insufficient to overcome the Government's motion. During oral argument, this Court indicated that more than argument of counsel would be necessary to support SFI's claim, and offered SFI the opportunity to supplement the record with an affidavit detailing the costs that SFI alleges have been incurred to date as a result of DOE's failure to begin acceptance of spent nuclear fuel ("SNF").

On March 4, 2005, SFI filed the affidavit of Charles B. Franklin, an employee of Entergy Services, Inc. Mr. Franklin alleges that the Grand Gulf plant will begin loading fuel into a dry storage system in 2006. According to Mr. Franklin, Grand Gulf has spent over $1,000,000 on

engineering studies and plant modifications to allow for dry fuel storage, over $3.5 million on the engineering design of a dry storage system, and $250,000 on the first phases of dry storage construction. Additionally, Mr. Franklin alleges that the Grand Gulf plant has incurred unspecified costs "to increase the capacity in Grand Gulf's spent fuel pool."

The Government recognizes that, in light of the affidavit now submitted by SFI, there is now a genuine issue of material fact as to whether SFI has incurred any damages as a result of DOE's delay in accepting SNF. However, the same genuine issue of material fact makes clear that SFI's motion for summary judgment on liability should be denied.

As we explained in our response to SFI's motion, because SFI owns a relatively new nuclear reactor, it did not have any SNF allocations for acceptance of its SNF within at least the first ten years of the SNF acceptance program. In his affidavit, Mr. Franklin admits that Grand Gulf's SNF pool would have reached its capacity by April, 2007. Based upon this admission, it is clear that SFI would have had to employ some method of increasing its storage capacity by 2007, <u>before</u> DOE would have accepted any of Grand Gulf's fuel, even if performance had begun in 1998. Therefore, it remains unproven that any of the costs allegedly incurred by SFI were in any way related to DOE's breach. Without any showing of damages <u>related to the breach</u>, a grant of summary judgment on liability would be premature.

Mr. Franklin alleges in his affidavit that, had DOE begun accepting SNF at what he calls a "reasonable pickup rate," dry storage at Grand Gulf would not have been necessary. Mr. Franklin's statement illustrates the point. The rate at which DOE was <u>contractually required</u> to accept SNF is a legal question still to be answered by the Court. If SFI's motion for summary judgment depends upon this question, or the factual question of whether DOE would have

accepted SNF at the rate SFI and Mr. Franklin deem "reasonable," then summary judgment cannot be granted until those material fact issues are resolved.

## CONCLUSION

For the foregoing reasons, and for the reasons discussed more fully in our cross-motion and reply briefs, plaintiff's motion for summary judgment on liability should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester. Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Heide L. Herrmann
HEIDE L. HERRMANN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-514-4325
Fax: 202-307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

March 21, 2005

CERTIFICATE OF FILING

I hereby certify that on March 21, 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S AFFIDAVIT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON LIABILITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Heide L. Herrmann