IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2624C (Judge Braden) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EXPERT REPORTS UNDER SEAL**

Defendant, the United States, respectfully responds to the motion for leave to file expert reports under seal that plaintiff, System Fuels, Inc., ("SFI"), filed on November 10, 2005. As will be discussed below, while we do not object to the electronic filing of documents under seal pursuant to the Rules of the Court, the Government objects to the filing of SFI's expert reports and inclusion in the record of this case at this early stage in the litigation because this request is premature and, under the Court's October 6, 2004, Agreement and Protective Order ("Protective Order"),[1] plaintiff may designate its expert reports as "confidential material" to obtain the protections provided therein, and plaintiff has not shown that it needs "additional protection" with respected to maintaining the confidentiality of its expert reports.

[1]In its November 10, 2005 motion, SFI referred to a protective order that the Court entered in the spent nuclear fuel coordinated discovery proceedings on May 9, 2002. However, the protective order that the Court issued in this case was issued on October 6, 2004.

## ARGUMENT

### I. SFI'S MOTION TO MAKE ITS EXPERT REPORTS PART OF THE RECORD IN THIS CASE IS PREMATURE AND INCONSISTENT WITH THE PROTECTIVE ORDER ENTERED IN THIS CASE

SFI seeks the Court's permission, pursuant to the Rules of the Court and the protective order operative in the instant case, to file electronically its expert reports under seal. The Government does not object to allowing the parties to file documents under seal electronically. Indeed, given the likelihood that both parties will, at some point in the case, be required to file documents under seal, both parties would benefit from an order granting permission to file such documents electronically. However, the Government objects to the filing of SFI's expert reports at this early stage in the litigation and submits that the protective order provides adequate assurances of confidentiality without filing the expert reports under seal. Nothing in the Court's rules provides for the filing of expert reports with the Court before they are admitted as evidence at trial.

As the Court is aware, the Government is scheduled to received SFI's expert reports on November 18, 2005. We have not had any opportunity to examine their content. Months of discovery, including expert depositions, an audit, and analysis by the Government's experts, will be necessary before the Government can take any position regarding the reports. At the appropriate time, before trial, the Government should be given the opportunity to litigate whether SFI's experts are qualified to render the opinions contained within their reports, and whether the opinions properly should be expressed at trial, potentially through motions *in limine*. At this point, the Government simply cannot know whether such motions will be necessary.

Importantly, if SFI files its expert reports with the Court at this stage, they will automatically become a part of the trial record, without any possibility of substantive objection, and without any consideration of whether they should properly be included in the record. Such a result would allow SFI to circumvent the Federal Rules of Evidence and the Rules of this Court. Instead, when the parties have completed discovery and are formulating exhibit lists for trial, a decision should be made regarding the propriety of including the expert reports (both plaintiff's and defendant's) in the trial record.

Further, SFI has not met the requirements under the protective order for its motion. Paragraph 2 of the protective order allows the disclosing party to designated "confidential materials." Once a party designates material as "confidential," the receiving party must handle it in accordance with paragraphs 3 through 5 of the protective order. Paragraphs 6 and 7 of the protective order, which SFI cites as support for its request (Pl.'s Mot. at 1), govern the procedures for the designating and handling of confidential materials for Court proceedings and depositions, and requests for seeking and obtaining "additional protection." SFI has failed to show that paragraph 6 applies in this case and has not made the showing required under paragraph 7.

Paragraph 6 applies where confidential materials come before the Court in the course of proceedings, and depositions, and protection against nondisclosure is necessary to prevent disclosure in the public record. Paragraph 6 does not require that the Court determine that the materials are, in fact, confidential unless a dispute arises between the parties. Paragraph 6 specifically affords the parties the same protections granted in paragraphs 3 through 5 of the protective order for Court proceedings. If SFI seeks greater protections for confidential material

than that already granted by the Court, paragraph 7 applies. Otherwise, SFI's request appears to ask the Court for the same protections that the Court has already granted.

Under paragraph 7, SFI has not even attempted to make the required "appropriate showing" for "additional protection." SFI simply asks that the Court grant its request to file its expert reports under seal "because they include descriptions of and references to SFI's proprietary and confidential business information." Pl.'s Mot. at 2. However, SFI has failed to articulate why the protections presently found in the protective order, if followed, are inadequate. Absent such a showing, SFI's motion should be denied.

If SFI followed the procedures within the protective order, the Government would be required to maintain the expert reports in a manner sufficient to protect against unauthorized disclosure and to ensure they are used solely for the purposes of conducting this litigation. Protective Order ¶ 3-4. If the Government objects to SFI's designation of its expert reports, or portions thereof, SFI could then properly initiate court proceedings to require that the expert reports continue to be treated as confidential material. Id. at ¶ 9. At that point, SFI's motion would be properly before the Court. Therefore, not only is SFI's motion premature because of the early stage of the litigation, it is also premature under the requirements and procedures of the protective order.

SFI has identified no reason why, at this stage of proceedings, its expert reports should become a part of the record of this case. Without a valid reason for modifying the standard manner in which documents are admitted into evidence, which SFI has not identified, SFI's motion should be denied.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny SFI's motion in its entirety.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

STEPHEN FINN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

s/Sharon A. Snyder by Stephen Finn
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

November 16, 2005

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 16th day of November, 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE EXPERT REPORTS UNDER SEAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Stephen Finn