**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on March 27, 2006)

| | |
|---|---|
| **SYSTEM FUELS, INC.**, on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, Plaintiff, | |
| v. | No. 03-2624C (Judge Braden) |
| **THE UNITED STATES**, Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE ITS AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for System Energy Resources, Inc. and South Mississippi Electric Power Association, respectfully requests leave from the Court to file an amended and supplemental complaint (attached hereto at Exhibit A) pursuant to RCFC 15(a) and RCFC 15(d). An amended and supplemental complaint is necessary for SFI to update its pleadings and specify the damages that have directly resulted from Defendant's (the "Government") continuing breach of SFI's Standard Contract since SFI filed its Complaint on November 5, 2003. For reasons explained below, SFI's First Amended Complaint and Supplemental Complaint relates to the same causes of action originally pleaded in this case. Counsel for the Government has represented that the Government does not oppose the instant motion for leave. Hence, in the interests of justice and to facilitate the "speedy and inexpensive determination" of this action,[1] this motion for leave should be granted.

[1] See RCFC 1.

**BACKGROUND**

SFI filed its original complaint in this action on November 5, 2003, alleging a partial breach of contract, a breach of the implied covenant of good faith and fair dealing, and a taking without just compensation. Complaint ¶¶ 22-34. The Government filed its Answer on March 15, 2004. Based on the U.S. Court of Appeals for the Federal Circuit's (the "Federal Circuit") companion decisions in Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000) and in Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000) (holding that the Department of Energy breached its contract with the utility plaintiffs in that case and all other utilities that had signed the Standard Contract), SFI filed a motion for summary judgment on liability for breach of contract on October 29, 2004. The Government filed a response to SFI's motion for summary judgment on liability and a cross-motion for summary judgment on Counts I and II (breach of contract and breach of the implied covenant of good faith and fair dealing, respectively) of SFI's Complaint on December 20, 2004. The Court held an oral argument on these motions on February 15, 2005, and on that same date issued an Order directing SFI to file an affidavit summarizing the damages it had incurred as a result of the Government's breach of contract in this case. See also Transcript of Oral Argument at 52-53 (Feb. 15, 2005). SFI filed such an affidavit on March 4, 2005. On July 29, 2005, the Court issued a Memorandum Opinion and Order granting SFI's motion for summary judgment on liability, denying the Government's cross-motion for summary judgment on Count I of SFI's Complaint, and granting the Government's cross-motion for summary judgment on Count II of SFI's Complaint. 66 Fed. Cl. 722, 735 (2005). The Court added that whether the Government's breach caused any of SFI's specific damages can only be determined after an evidentiary hearing. Id. In this case, SFI's damages trial is scheduled to commence on September 18, 2006. See Orders dated January 30, 2006 and February 27, 2006.

In September 2005, the Federal Circuit held in another spent nuclear fuel damages case that, in a suit for partial breach of contract, a plaintiff may recover pre-breach damages but that plaintiff's damages "were limited to those costs incurred prior to the date of its suit." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376-77 (Fed. Cir. 2005). Costs that have yet to be incurred must be sought in separate actions "as they are incurred." Id. The Federal Circuit also held, however, that "[i]f the breach is partial only, the injured party may recover damages for nonperformance only to the *time of trial* and may not recover damages for anticipated future nonperformance." Id. at 1376 (emphasis added). Despite this apparently conflicting language about the type of damages that are recoverable in a partial breach suit, the Federal Circuit chose not to clarify the issue.[2]

Although the parties in this case disagree about the effect of the Federal Circuit's Indiana Michigan decision on the recovery of post-complaint damages, the Government has agreed that SFI may seek at its damages trial the recovery of costs that SFI has incurred as a result of the Government's breach and takings through August 31, 2005 provided that SFI files an amended and/or supplemental complaint. Hence, SFI seeks leave now to amend and supplement its complaint by pleading its damages through August 31, 2005. As alleged in the attached Amended and Supplemental Complaint, SFI has incurred significant costs since November 2003 as a result of the Government's continuing partial breach of the Standard Contract. Exhibit A at ¶¶ 36-37. See also Affidavit of Charles B. ("Ben") Franklin (Mar. 4, 2005). Furthermore, as detailed below, SFI's First Amended Complaint and Supplemental Complaint is related to the previous complaint it filed in this case. Hence, SFI should be permitted to amend and

---

[2] The plaintiff in Indiana Michigan filed a petition for panel rehearing seeking clarification on the recoverability of post-complaint/pre-trial damages. On November 28, 2005, the Federal Circuit denied this petition without further comment, and its mandate issued on December 2, 2005.

supplement its pleadings under RCFC 15(a) and RCFC 15(d), and this motion for leave should be granted.

**DISCUSSION**

The Federal Circuit's decision in Indiana Michigan does not foreclose the use of this Court's rules governing amended and supplemental pleadings that allow a plaintiff to update its damages claims prior to trial. Indeed, RCFC 15(d) permits a party to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" in a supplemental pleading. The purpose of this rule is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims that arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982).

The Federal Circuit under Rule 15(d) has permitted plaintiffs to file supplemental complaints to plead facts that relate back[3] to the original complaint. Intrepid v. Pollock, 907 F.2d 1125 (Fed. Cir. 1990). In particular, if the supplemental complaint "relates to the same cause of action originally pleaded, it would be an abuse of discretion to deny the amendment." Id. at 1129 (citing Griffin v. School Board, 377 U.S. 218, 227 (1964)).

RCFC 15(a) also provides, in pertinent part, that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has noted that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive of

[3] The "relation back" doctrine is based on the notion that once litigation involving a particular conduct or transaction has been instituted, defendants are not entitled to the protection of the statute of limitations against any later assertions by amendment of claims that arose out of the same conduct or transaction set forth in the original complaint. Snoqualmie Tribe of Indians v. United States, 178 Ct. Cl. 570 (1967). Although this Court's rules only explicitly provide for the relation back of amended pleadings, see RCFC 15(c), courts have uniformly recognized that the principle applies similarly to supplemental pleadings despite the lack of an analogous mechanism in the federal rules. See, e.g., United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002).

the movant, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

SFI's First Amended Complaint and Supplemental Complaint, by its terms, relates to the same causes of action originally pleaded because it re-alleges and re-states Counts I and III from the original Complaint filed on November 5, 2003.[4] Exhibit A at ¶¶ 1-34. The First Amended Complaint and Supplemental Complaint also states that the Government's breach of the Standard Contract is ongoing and that SFI continues to incur significant costs as a direct result of this continuing breach. Id. ¶ 36. Furthermore, the First Amended Complaint and Supplemental Complaint specifies in greater detail the types of damages initially pleaded for "extended on-site storage of its spent nuclear fuel" or "alternative off-site storage capacity to permit continued operation of its nuclear plants." Id. ¶ 21.

Moreover, as stated above, SFI has incurred substantial damages since 2003 and it would be prejudicial to require SFI to expend resources unnecessarily by filing entirely new actions in this Court (and possibly moving to consolidate the new actions with this case). A more simple, efficient, and appropriate mechanism exists in RCFC 15 for plaintiffs to plead new damages. Lastly, the Government will not be prejudiced if SFI is permitted to plead damages that have been incurred since the filing of its complaint and to recover those costs that are proven with reasonable certainty at trial. In this case, the Government has always been on notice that SFI's damages would accumulate after the filing of its complaint, especially if the Government's

[4] As stated above, the Court granted the Government's cross-motion for summary judgment on Count II of SFI's Complaint. 66 Fed. Cl. at 735. Therefore, SFI does not include this count in its amended and supplemental complaint. SFI preserves its right to appeal the Court's adverse ruling on Count II at such time final judgment is entered in this matter.

breach of the Standard Contract continued for an extended period. See Complaint ¶ 25 ("The rate at which [SFI's] damages will continue to accrue is dependent upon various factors including but not limited to when [the Department of Energy] commences performance of its contractual obligations . . ."). Just as importantly, SFI provided the Government with an expert report in November 2005 specifying, inter alia, SFI's damages through August 31, 2005 in this case, along with several binders of supporting documentation. Thus, the attached amended and supplemental pleading is consistent with both the allegations of SFI's original complaint *and* SFI's damages expert report, and its filing will not prejudice any party.

## CONCLUSION

For the foregoing reasons, SFI respectfully requests leave from the Court to file the attached First Amended Complaint and Supplemental Complaint.

Dated: March 27, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf and
as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)