**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

**DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court amend its February 27, 2006 scheduling order. The only two dates that the Government seeks to change are the date when its expert reports are due and the date for the submission of the rebuttal reports of plaintiff, System Fuels, Inc. ("SFI"). All other dates remain the same.

Defendant's reports are currently due to be submitted on May 26, 2006. SFI's rebuttal expert reports are due June 16, 2006. Defendant requests that the date of its expert report submission be extended by four weeks, to June 16, 2006. The date for the submission of plaintiff's rebuttal reports is yet to be determined, but would be set by agreement of the parties for a date certain some time after the presentation of SFI's case-in-chief in the September 18, 2006 portion of the trial, and before the Government's presentation of its case-in-chief during the week of December 11, 2006. If the Court grants this motion, the parties can negotiate the timing of the submission of rebuttal reports.

The additional time provides SFI time to finish producing large volumes of documents

that it has promised to provide but that defendant has not yet received, it provides defendant with time to complete discovery before its expert reports are due, it provides SFI with ample time to take discovery of defendant's expert witnesses before the presentation of the plaintiff's case at trial, and it then provides many months for plaintiff to prepare its rebuttal expert reports, if any. Such an arrangement is fair to both parties. In fact, it is advantageous to both parties in that both SFI and the Government may focus in July, August and September, on preparation for plaintiff's case-in-chief, rather than in preparing rebuttal reports.

SFI opposes this proposed schedule.[1]

## DISCUSSION

### A. Background

On April 5, 2005, this Court issued its scheduling order in this case, setting the trial date to begin September 11, 2006. On October 27, 2005, SFI filed a motion to amend the Court's scheduling order. In that motion, SFI requested an additional 14 days within which to provide its expert reports to defendant, citing "the effects of Hurricanes Katrina and Rita on Plaintiff and the entire Gulf Coast region." Defendant did not oppose that motion, and the Court granted it in an order dated November 7, 2005. On December 19, 2005, SFI filed its motion for an enlargement of time, requesting 32 additional days within which to respond to defendant's interrogatories and document requests. The responses and documents were due on December 19, 2005. In its motion for enlargement, SFI again cited "Hurricanes Katrina and Rita and their continuing effect on SFI,

[1] Plaintiff offered to provide defendant with two additional weeks, until June 9, 2006, to prepare its expert reports. However, such an accommodation is not helpful because counsel in this case will be assisting with the PG&E trial, which begins on June 5, 2006. Further, SFI's proposed two-week shift in the due date for defendant's expert reports changes other dates in the schedule, while the Government's request only changes the due date for the expert and rebuttal reports.

Entergy Corporation, and the operating utilities and residents of the Gulf Coast Region . . . The hurricanes have also impaired SFI's search for and review of the source documents necessary to respond to the Government's document requests." SFI explained further that it had been necessary "to reassign employees to emergency duties and away from providing information required for their discovery responses." Id. at 2-3. The Court granted SFI's motion in an order dated January 3, 2006, so that plaintiff's responses to defendant's interrogatories and document requests were due January 20, 2006.

SFI produced a disc containing images of documents responsive to defendant's documents requests on January 20, 2006. However, the documents that SFI produced were not stamped with Bates numbers and were not immediately searchable. This created another major problem, another major delay, and additional expense for the Government. We could not begin processing, reviewing and organizing those documents until they had been numbered. After negotiating with SFI, the Government decided to assign Bates-stamp numbers to the documents itself, and then begin its review. However, this set the schedule back by at least two additional weeks. Subsequently, SFI then provided the Government with a new set of those same documents, this time with Bates-stamp numbers, to which we then had to devote significant resources to allow us to correlate and integrate the original and replacement production.

**B. The Current Schedule Pursuant To The Court's Amended Scheduling Order**

On February 27, 2006, this Court issued an amended scheduling order in this case, setting SFI's case-in-chief to begin on September 18, 2006, and defendant's case-in-chief to begin on December 11, 2006. That order also set the date for submission of defendant's expert reports to be May 26, 2006, and SFI's rebuttal reports to be June 16, 2006. Those are the only dates at issue

in this motion to amend the scheduling order. All other dates in the Court's February 27, 2006 scheduling order would remain the same if the Court grants this motion.

The Government needs an additional four weeks within which to complete its expert discovery and reports. We have been working diligently to complete our discovery within the dates scheduled in the amended scheduling order and to overcome the original delays in SFI's ability to produce documents to the Government and, then to produce them in a usable format. However, because of the number of depositions to be taken, the documents and data that must still be reviewed, and the documents and data that we are still waiting to receive, completing the expert reports by May 26, 2006, is becoming increasingly more difficult.

SFI served its Rule 26(a) Initial Disclosures that identified 42 individuals "likely to have discoverable information that [p]laintiff may use to support [its] claims." While the parties discussed the list during a teleconference in January 2006, and were able to narrow the list somewhat, there are still over 35 witnesses who SFI believes may have relevant information. Further, SFI has not provided an amended disclosure to reflect the discussion between the parties in January. While the Government may not take the depositions of all 35 witnesses, we must be able to eliminate names from the list based upon a reasoned analysis. We are scheduled to begin depositions the week of April 10, 2006, after the experts visit the Grand Gulf site and review documents and data that will be produced at the Grand Gulf facility, and we will continue depositions into May 2006.

In addition to depositions, SFI is continuing to produce documents in response to the Government's requests. The Government spent almost three days at Entergy's offices in Jackson, Mississippi, with its accountants reviewing data and documents. That trip generated additional

data requests. While SFI has been, for the most part, responsive to our additional requests, it has necessarily taken time for SFI to produce additional documents and for the Government to process and then review those documents. We have necessarily delayed beginning depositions until we have reviewed most, if not all, of the available documents. Further, not all documents responsive to the defendant's document requests were produced on January 20, 2006. For example, SFI listed hundreds of documents in its response that could be reviewed "at the site," some of which were in hard copy and others that were available only on microfilm. After several discussions, it was agreed that the Government would try to determine which documents we might want to review, we gave that list to SFI, and SFI had agreed to copy those documents and produce them. However, as of the date of this brief, the Government has not yet received those documents.

The minor adjustment to the schedule that we are seeking is, therefore, necessary because the Government's expert reports are now due in approximately seven weeks, and relevant depositions will not be taken before then and relevant documents not yet reviewed and incorporated into the experts' reports.

This adjustment to the schedule cannot prejudice SFI because it will have plenty of time to prepare its rebuttal reports, if any, after it completes its portion of the trial on September 22, 2006. Therefore, the Government respectfully requests that the Court amend its February 27, 2005 scheduling order and extend the time for defendant to submit its expert reports, now due on May 26, to June 23, 2006. This minor adjustment to the current schedule will provide the Government with the additional time it needs to prepare its expert reports, complete expert discovery and prepare for trial.

We certainly understand the difficulties that Hurricanes Katrina and Rita have had upon SFI's ability to provide us with documents and evidence in this case. Certainly, the initial delays in its ability to produce documents, and produce them in a usable format, were unforeseeable when we agreed upon a schedule in this case. However, the Government should not be placed in a position of prejudice as a result of its inability to obtain documents relevant to its analysis of this case in a sufficiently timely manner to allow it properly to analyze them. Given that the defendant's case-in-chief is not scheduled to begin until December 11, 2006, the proposal that we make here – to allow SFI to present its rebuttal reports after it has presented its case-in-chief – should actually serve as a benefit to SFI, while reducing prejudice to the Government from delayed disclosures of documents.

The Government proposes amending the discovery schedule, as follows:

| | Current Schedule | **Revised Schedule** |
|---|---|---|
| Defendant's Expert Reports: | May 26, 2006 | **June 23, 2006** |
| Plaintiff's Expert Rebuttal Reports: | June 16, 2006 | **TBD** |
| Close of Fact Discovery: | July 28, 2006 | July 28, 2006 |
| Exchange of witness and exhibit list and all remaining pretrial motions: | August 11, 2006 | August 11, 2006 |
| Plaintiff's Contentions of Fact and Law/Motions: | August 18, 2006 | August 18, 2006 |
| Defendants Contentions of Fact and Law/Motions: | September 1, 2006 | September 1, 2006 |
| Objections to witness and exhibit lists and all remaining pretrial motions | September 6, 2006 | September 6, 2006 |
| Plaintiff's Reply to Defendant's Motions: | September 8, 2006 | September 8, 2006 |

| | | |
|---|---|---|
| Pretrial Conference | September 12, 2006 | September 12, 2006 |
| Begin Trial (Plaintiff) | September 18, 2006 | September 18, 2006 |
| Begin Trial (Defendant) | December 11, 2006 | December 11, 2006 |

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to amend this Court's February 27, 2006 scheduling order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

SCOTT DAMELIN
STEPHEN FINN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

April 7, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of April, 2006, a copy of foregoing "DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sharon A. Snyder