**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on April 24, 2006)

**SYSTEM FUELS, INC.**, on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,

Plaintiff,

v.

**THE UNITED STATES**,

Defendant.

No. 03-2624C
(Judge Braden)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO AMEND SCHEDULING ORDER**

System Fuels, Inc. ("SFI") on its own behalf and as agent for System Energy Resources, Inc. and South Mississippi Electric Power Association, respectfully files this response in opposition to Defendant's (the "Government") April 7, 2006 motion to amend the Court's February 27, 2006 Scheduling Order. The Government's motion proposes revision of two pre-trial deadlines – the latest date for submission of the Government's expert reports (from May 26, 2006 to June 16, 2006) and the latest date for submission of SFI's rebuttal expert reports (from June 16, 2006 to a yet-to-be-determined date after SFI's presentation of its case-in-chief in September 2006). For reasons explained below, a schedule change is unwarranted and the Government's motion should be denied. In the alternative, SFI would not oppose a change in the pre-trial schedule that provides the Government with two extra weeks – until June 9, 2006 – to submit its expert reports (and provides a corresponding extension until June 30, 2006 for submission of SFI's rebuttal expert reports).

In this case, SFI has responded (and will continue to respond) to the Government's discovery requests in a good-faith manner and as expeditiously as practicable. For example, as early as January 2006, SFI made its facilities available to the Government for review of documents that SFI could not readily produce in hard copy. The Government visited Entergy's offices in Jackson, Mississippi in March 2006, and even concedes in its motion that SFI has been responsive to the substantial volume of follow-up discovery requests that the Government has made since the visit.[1]

The Government's motion appears to be premised on: (1) the alleged delay and expense resulting from SFI's January 20, 2006 production that consisted of documents "not stamped with Bates numbers and . . . not immediately searchable"; and (2) the Government not having received documents that allegedly "must still be reviewed . . . and incorporated into the experts' reports." The first premise, while partially true, is somewhat misleading because the Government grossly exaggerates the effect of not having received Bates-stamped documents from SFI initially. Indeed, this Court's discovery rules do not require production of documents that are Bates-stamped. SFI's initial document production, even if not in an ideal format for the Government, was certainly in a "usable format." All documents in the production could have been read, and any individual documents could have been selected for more detailed review. Thus, although the production of Bates-stamped documents may be a useful convenience that the plaintiffs in the spent fuel litigation have provided, the Government's suggestion that the lack of Bates-stamping *prevented* any search or review of SFI's documents upon their receipt is without merit. Rather, it

[1] On March 17, 2006, following its visit to Entergy's offices, the Government sent a letter to SFI containing fourteen document production requests. On April 6, 2006, the Government sent a letter to SFI containing at least twenty-seven interrogatory and document production requests based on a March 31, 2006 conference call between Entergy personnel and the Government. Most recently, on April 13, 2006, the Government sent a letter to SFI containing eight additional document production requests. SFI has responded to the bulk of these requests over the past several weeks.

appears that the Government voluntarily chose not to review any of SFI's documents until they were Bates-stamped, and chose on its own to expend resources to Bates-stamp the SFI documents.[2] The pre-trial schedule should not be extended due to delays stemming from the Government's own technical decisions and discovery strategy.

The second premise is similarly meritless, and – like the Bates-stamping argument – is the result of the Government's own strategies and tactical decisions. Indeed, the Government's recent piecemeal discovery requests (as detailed in footnote 1 *supra*) are largely responsible for SFI's extended timetable in document production. The Government and its experts may not yet have received every document in SFI's files to prepare for their depositions or expert reports, but they have had ample opportunity to review and analyze the thousands of documents that SFI *has* produced since January 2006. Just as importantly, the Government has been able to review and analyze, since SFI submitted its expert reports in November 2005, a substantial volume of invoices, tables, and technical models that support SFI's $12 million damages claim in this case. Thus, the Government's suggestion that it is somehow unable to prepare for its depositions or expert reports, or would suffer prejudice from an unchanged pre-trial schedule, is completely unfounded.

Lastly, the Government's motion, if granted, would give SFI approximately one month to complete its discovery in this case. By contrast, the Government will have had at least eight months to conduct its discovery. SFI respectfully submits that this vast disparity would be unfair and prejudicial to SFI, and should not be adopted by the Court.

---

[2] In fact, even if SFI had initially Bates-stamped its documents, experience suggests that the Government would have re-Bates-stamped the documents anyway. For example, in <u>Northern States Power Co. v. United States</u>, No. 98-484C (Wiese, S.J.), the plaintiff has consistently provided Bates-numbered documents to the Government. Yet, the Government has apparently re-Bates-numbered all documents produced by the plaintiff in that case.

## CONCLUSION

For the foregoing reasons, the Government's motion to amend the Court's February 27, 2006 Scheduling Order should be denied. In the alternative, SFI would not oppose a change in the schedule that provides the Government with two extra weeks – until June 9, 2006 – to submit its expert reports (and provides a corresponding extension until June 30, 2006 for submission of SFI's rebuttal expert reports).

Dated: April 24, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf and
as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)