**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 03-2624C
(Judge Braden)

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**RESPONSE TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

Defendant, the United States, respectfully submits this reply to plaintiff's response to the Government's motion to amend the scheduling order. The Government has requested that the Court amend the current schedule to provide one additional month to complete its expert reports. The current schedule requires defendant to submit its expert reports to plaintiff, System Fuels, Inc. ("SFI/MS"), on or before May 26, 2006, and for SFI/MS to submit its rebuttal expert reports, if any, on or before June 23, 2006. The proposed changes would provide that the Government submit its expert reports on June 23, 2006, and SFI/MS rebuttal reports would be submitted on a date to be agreed upon by the parties.[1]

SFI opposes the proposed changes to the current schedule. Its assertions are wrong on at least two relevant points. First, many documents and data relevant to the SFI/MS damages claim

[1] In its response, SFI/MS offers the Government an additional two weeks to complete its expert reports. However, as SFI/MS counsel is well aware, its offer is of little use to the Government, as counsel in this case will be assisting with the trial in Pacific Gas & Electric v. United States, Nos. 04-0074 and 0075 (Fed. Cl.), before Judge Hewitt from June 5 through June 16, 2006.

have not yet been produced to the Government and, second, because of the delay in the document production, and the inclusion by SFI of over 40 potential witnesses on its Initial Disclosures, depositions have not been completed.

**A. The Delayed Document Production**

SFI/MS has not produced many of the documents and data requested by the Government in its initial request for documents, propounded on November 16, 2005. In the first of several attempts to blame the Government for the deficiencies in its document production, SFI/MS complains that the Government has issued "piecemeal" requests. Yet, if SFI had produced the documents that were relevant to its damages claim in the first instance, there would have been no need for us to request that deficiencies in its production be cured. We reviewed over 3800 documents that were produced on January 20, 2006, as quickly and efficiently as possible.[2] We then traveled to Jackson, Mississippi, in early March with our accounting consultants to review the complex accounting systems used by Entergy Corporation, the parent of SFI/MS, and to

---

[2] SFI blames the Government for its failure to Bates number the documents it produced. However, SFI fails to inform the Court that this case, and the SFI Arkansas case, are the only two cases in which a spent nuclear fuel plaintiff has produced documents in an electronic form without pre-assigned Bates-stamp numbers to allow for document organization. Plaintiff is disingenuous when it suggests that we could have started any efficient review and organization before the documents had been Bates numbered. Given the time constraints here, we had no choice but to wait to conduct any thorough and in-depth review and analysis until the documents had been properly processed, particularly when SFI/MS told us that it would soon be <u>replacing</u> the entirety of its electronic production with a Bates-stamp numbered electronic production. To do otherwise would have resulted in a potential logistical nightmare with non-Bates numbered copies of documents being used by attorneys and experts with no way to reference them in depositions or locate them later in the document production. It appears that plaintiff failed to Bates number documents in this case because doing so would have required it to request another extension of time and would have set back the schedule, as a result of its own failures, by another two to three weeks. To blame the Government for SFI's failure to properly produce documents, in the way that SNF plaintiffs have routinely produced documents, is unjustified.

begin auditing its damages claim. See March 1, 2006, correspondence to L. Jager Smith. Ex. 1. We quickly followed that review with requests for documents and data that we realized had not been provided to us in the original production. See, e.g., March 17, 2006, correspondence to L. Jager Smith, Ex. 2; March 31, 2006 correspondence to L. Jager Smith, Ex. 3; April 6, 2006, correspondence to L. Jager Smith, Ex. 4, April 13, 2006, correspondence to L. Jager Smith, Ex. 5. Contrary to SFI's representations, many of these requests are still outstanding, and the documents and data that we are awaiting are relevant to our analysis and audit of SFI's damages claim. For example:

1. **Capital Suspense**: Information was requested on March 1, 2006, March 17, 2006, and April 6, 2006, to assist us in understanding how SFI/MS determines its overhead or capital suspense costs. However, the specific pools and bases of the capital suspense costs for 1999 – 2004 have still not been provided. As a result, our accountants cannot analyze overhead costs for the years covering the claim period. Further, the costs themselves include inter-company charges.[3] To fully understand the nature of the costs being allocated to the SFI/MS dry fuel storage claim, details of the inter-company charges are needed. This information has been requested,[4] but has not been provided. Once the data is received, the data must be analyzed, and depositions regarding that data will be needed in order to

[3] For example, charges across subsidiaries of Entergy Corporation, such as Entergy Operations Inc. or Entergy Systems Inc. and charges across Entergy nuclear sites in the south, such as Grand Gulf in Mississippi, ANO Units 1 and 2 in Arkansas, and River Bend in Louisiana, may be included in SFI/MS damages claim.

[4] See April 6, 2006, correspondence to Jager Smith, at page 3, Ex. 4.

understand any patterns, inconsistencies, and anomalies that we observe in the data.

2. **Cost of Capital**: SFI/MS's damages expert, The Kenrich Group, includes the weighted average cost of capital as an element of damages. The primary support for the rates used is a schedule prepared by James Wright, an Entergy Operations employee, but without any back-up data. None of the data required to verify the amounts used by Mr. Wright has been produced, nor has any of the data that would allow an independent assessment of the appropriate cost of capital to be made. All of this data was requested in a March 31, 2006, letter. See Ex.3.[5]

3. **Materials loader:** Similar to capital suspense documents and data, data relating to materials loaders was requested on March 1, 2006, March 31, 2006 and April 6, 2006. While SFI provided some details regarding these costs, the bulk of our requests is still outstanding. Because the materials loaders pools also include inter-company charges, documents and data providing the basis for those charges are relevant to our analysis and audit of the damages claim.

4. **Complete documentation of purchases made from vendors**: We have requested, but not yet received, all of the support for the vendor purchases relating to the damages claim, including invoices, purchase orders or subcontractor reconciliations, correspondence, and e-mails associated with each vendor. The delay in receipt of this information has in turn delayed completion of

[5] It appears that some of the data requested in the March 31, 2006 correspondence was produced on April 26, 2006. However, we have not yet had the opportunity to review the production so we cannot be certain as to whether the response is complete.

our accounting analysis of materials charged to the claim. As is true with much of the documents and data identified here, the Government is at a distinct disadvantage because we are being forced to depose many SFI/MS personnel who may be knowledgeable about these costs without documents and data.

5. **Engineering Record Supplements (ER Supplements):** To date, Entergy has failed to produce the basic document used to initiate the construction process for its dry fuel storage project. The ER Supplement is the final drawing used to establish the actual materials required and work scope to be performed. Further, the current materials systems (Passport[6]) uses the Engineering Supplement to track actual and estimated costs. Thus, Engineering Supplements provide a detailed method of relating costs to work scope. Engineering Supplements, along with the relevant data from the Passport system, will allow both the Government's technical and accounting experts to analyze the actual work and costs incurred in much greater precision than relying upon the data produced thus far in this case.

## B. The Continuing Deposition Schedule

Defendant served its Rule 26(a) Initial Disclosures on December 15, 2005. In that disclosure, SFI identified 42 individuals that were likely to have discoverable information that plaintiff may use to support its claims. The Government requested that plaintiff narrow its list to those individuals who would actually be likely to have information that would support plaintiff's claims. To date, we have only received an incomplete draft of such a document. Of the six

---

[6] The Passport system, in part, is the electronic database by which SFI/MS tracks its costs.

witnesses that the Government has deposed to date, two of those witnesses (Randy Hutchinson and Johnnie Rockingham, both identified on the Initial Disclosures) had virtually no information relevant to plaintiff's claims. Furthermore, several of the witnesses that the Government has requested are not available in time to be useful for our expert reports.[7]

SFI asserts that it will have only one month to complete its discovery after the Government submits its expert reports, if the Court grants our motion. However, SFI/MS has had several years to prepare its own case-in-chief. Moreover, the Government does not present its case until December 13, 2006. Given that the Government has offered to provide SFI/MS as much time as it needs to provide its rebuttal reports, SFI/MS has as much as four to five additional months to review our expert reports, take expert depositions, and draft rebuttal reports before the Government's case-in chief. In contrast, by the time the Government's expert reports are currently due, we will have had a scant four months, not eight months as SFI asserts, to review over 6,000 documents, take depositions, and draft expert reports. SFI/MS has failed to articulate any prejudice to it if the Court grants the Government's motion. The Government should be allowed an additional month to complete its expert reports in order to adequately review the additional documents and data being produced,[8] to take depositions of witnesses identified by plaintiff, and to complete expert reports

---

[7] For example, Theo Bunting, Chief Financial Officer of Entergy Nuclear Operations, who plaintiff has represented may have information regarding overheads, AFUDC, and financing of projects, is not available until May 25, 2006, the day before the expert reports are due. William Campbell, Chief Operating Officer of Entergy Operations, Inc., who plaintiff has represented may have information relevant to operations, is not available until June, 2006.

[8] Defendant was informed in a conference call with SFI/MS accounting employees on April 27, 2006, that data in response to the April 6, 2006, letter would not be available for at least another week, or possibly, longer.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to amend this Court's February 27, 2006 scheduling order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

SCOTT DAMELIN
STEPHEN FINN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

April 28, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of April, 2006, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sharon A. Snyder