IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

DEFENDANT'S MOTION IN OPPOSITION TO TESTIMONY BY PLAINTIFF'S WITNESS, CHARLES B. FRANKLIN

Pursuant to Rule 16 of the Rules of the Court of Federal Claims ("RCFC") and the Court's scheduling order dated September 14, 2005, as amended, defendant, the United States, respectfully files this objection to proposed testimony by plaintiff's witness, Charles B. Franklin, and requests that the Court enter an order excluding Mr. Franklin's testimony regarding the Department of Energy's ("DOE's") alleged "obligations to accept spent nuclear fuel from Grand Gulf" and "Entergy's spent fuel acceptance rate models" at the forthcoming trial.

STATEMENT OF FACTS

In support of its damages claims, System Fuels, Inc. ("SFI"), submitted its RCFC 26(a)(1) disclosures on December 15, 2005. SFI identified Mr. Franklin as a witness whose testimony may include "scientific, technical, or other highly specialized knowledge" in the area of "SNF Management." In the course of discovery, Mr. Franklin was deposed in the instant case on April 19 and 20, 2006, and, in the related case of System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.), Mr. Franklin was deposed on August 2, 2006. On August, 11, 2006, SFI submitted its

witness list for trial. SFI disclosed that Mr. Franklin will testify at trial to include "DOE's obligations to accept spent nuclear fuel ['SNF'] from Grand Gulf" and "Entergy's spent fuel acceptance rate models.

SUMMARY OF ARGUMENT

Mr. Franklin lacks the personal knowledge required to testify regarding DOE's obligations to accept SNF. Mr. Franklin has a limited understanding of the Standard Contract and the Nuclear Waste Policy Act, and his testimony would merely be his own lay interpretation of legal questions that he, and his counsel, have recognized. In addition, Mr. Franklin's testimony regarding Entergy's spent fuel model is cumulative and a waste of the Court's time because it performs essentially the same functions as Mr. Kenneth Metcalfe's and Ms. Eileen Supko's models. Either Mr. Franklin should testify regarding the Entergy model to the exclusion of SFI's expert witnesses or Mr. Franklin's testimony on the Entergy spent fuel model should be excluded. Entergy's spent fuel model is used extensively by Mr. Franklin to support counsel in this litigation and, therefore, his testimony on the model is not helpful to the trier of fact because it is a meaningless assertion on DOE liability and amounts to merely "choosing up sides." Fed. R. Evid. 701 advisory committee notes (1972). Moreover, SFI is not relying on the Entergy spent fuel model in this case to prove damages.

ARGUMENT

I. THE COURT HAS THE POWER AND THE DUTY TO GRANT MOTIONS TO LIMIT THE SCOPE OF TRIAL IN APPROPRIATE CIRCUMSTANCES

This Court has acknowledged that "[a] motion *in limine* is a recognized method under [RCFC 16] and Fed. R. Civ. P. 16 for obtaining a pretrial order simplifying issues for trial." White Mountain Apache Tribe of Az. v. United States, 10 Cl. Ct. 115, 116 (1986); see Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983); Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir. 1986). In fact, the Court has a duty to exercise its power to exclude testimony or evidence in appropriate cases:

> There is no question under [RCFC] 16, that this court, as a trial court, has the power to issue pretrial orders simplifying issues for trial. Not only does this court have such power, it has a duty to exercise it in appropriate cases. This power allows the court, *inter alia*, to define the issues, facts, and theories actually in contention and to weed out extraneous issues. Too, this court also has the authority to issue pretrial rulings concerning the admissibility at trial of proposed testimony and documentary evidence.

Baskett, 2 Cl. Ct. at 359 (emphasis added).

II. MR. FRANKLIN LACKS PERSONAL KNOWLEDGE TO TESTIFY REGARDING DOE'S OBLIGATIONS TO ACCEPT SPENT FUEL FROM GRAND GULF

Federal Rule of Evidence 602 requires that, before a witness testifies to a matter, sufficient evidence be introduced "to support a finding that the witness has personal knowledge of the matter." Lay witnesses may not testify to matters that they have not observed or had no opportunity to observe. Kemp v. Balboa, 23 F.3d 211, 213 (8th Cir. 1994). Moreover, if a witness is not designated as an expert witness, he may only testify on matters within his personal

knowledge. Daly v. Far Eastern Shipping Co. PLC., 238 F. Supp. 2d 1231, 1237-1238 (W.D. Wis. 2003).

Although SFI has proposed that Mr. Franklin will testify regarding "DOE's obligations to accept SNF from Grand Gulf," he lacks the personal knowledge to do so. DOE's obligations to accept SNF from the facilities of contract holders emanate from the Standard Contract and Nuclear Waste Policy Act ("NWPA"). As explained below, Mr. Franklin is a recent newcomer to issues related to SNF, was not involved with the development of either the Standard Contract or the NWPA, and is not sufficiently knowledgeable regarding the Standard Contract and DOE's civilian radioactive waste management program to testify regarding DOE's obligations to accept spent fuel.

Mr. Franklin is currently a Manger, Project Management for Entergy Services Inc., and has been in his current position since 2002. A. 3[1] (Deposition of Mr. Charles B. Franklin, April 19, 2006, 22). Prior to 2002, Mr. Franklin had no responsibilities related to SNF. A. 4-6, 7, 9, 42-43, 46, 49 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 36-38, 40, 43; Deposition of Mr. Charles B. Franklin, April 20, 2006, 16-17, 20, 25). Moreover, much of Mr. Franklin's knowledge relate to spent fuel issues is from his work for counsel in preparation for this litigation. A. 7-8, 10-11, 44-45, 48, 50-51 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 40-41, 61-62; Deposition of Mr. Charles B. Franklin, April 20, 2006, 18-19, 21, 24, 26-27). Indeed, both Mr. Franklin and counsel, through objections, have asserted at depositions that testimony regarding DOE's obligations are legal questions to which he is not competent to testify. A. 34-35, 66-67, 73-74 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 272-273;

[1] "A. 3" is a reference to the attached appendix.

Deposition of Mr. Charles B. Franklin, April 20, 2006, 266-267; System Fuels, Inc., and Entergy Arkansas, Inc. v. United States, No. 03-2623 (Fed. Cl.) deposition testimony of Mr. Charles B. Franklin, August 2, 2006, 77-78).

Although Mr. Franklin has read the Standard Contract, he had no involvement in the drafting or formulation of the Standard Contract or the NWPA, and he is not familiar with the administrative record, which includes SFI's comments, regarding the draft Standard Contract. A. 62-63, 80-81 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 63-64; System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) deposition testimony of Mr. Charles B. Franklin, August 2, 2006, 125-126). Mr. Franklin's knowledge regarding SNF is based upon his review of post-2000 DOE program documents (as well as the 1995 Annual Capacity Report and a 1993 document that he cannot identify), which he has done principally for purposes of this litigation, but he has never performed an historical search of DOE program documents to further educate himself. A. 50-51, 53, 64, 79-80 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 26-27, 30, 134; System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) deposition testimony of Mr. Charles B. Franklin, August 2, 2006, 24-125).

Moreover, Mr. Franklin lacks knowledge of specific provisions of the Standard Contract and DOE's civilian radioactive waste management program. When assessing DOE's obligations to accept spent fuel, Mr. Franklin said he does not look to the Standard Contract. A. 56, 61 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 46, 61). Mr. Franklin does not know how the schedule for acceptance is determined under the Standard Contract. A. 76, 82-83 (System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) deposition testimony of Mr. Charles B. Franklin, August 2, 2006, 118, 131-132). When asked to identify different rates of

acceptance used in DOE program documents he claims to have read, Mr. Franklin was unable to do so. A. 32, 41-42 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 237; Deposition of Mr. Charles B. Franklin, April 20, 2006, 15-16).

Finally, Mr. Franklin cannot offer a lay opinion under Federal Rule of Evidence 701 regarding DOE's obligations to accept SNF because he lacks the requisite personal knowledge to demonstrate that his opinions are rationally based on his perceptions. Fed. R. Evid. 701(a). Mr. Franklin "feels" that a 3000 MTU steady-state acceptance rate is "reasonable." A. 53 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 30). He's also aware that the 3000 MTU acceptance rate is the one propounded by SFI in this litigation. A. 49-50 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 25-26). However, his feeling is based upon the fact that the post-breach 2004 annual capacity report that he reviewed contains a 3000 MTU acceptance rate and is an "official" DOE document, but he does not know the basis for the 3000 MTU rate and does not cite to either the Standard Contract or the NWPA to support his feeling. A. 49-50, 53, 60 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 25-26, 30, 58). Indeed, Mr. Franklin goes so far as to create a novel interpretation of the Standard Contract, without support and inconsistent with the interpretation offered by SFI in its Pre-Trial Memorandum of Law, that DOE's obligation is to accept all SNF within six to seven years of the shutdown of the reactor. A. 77-78 (System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) deposition testimony of Mr. Charles B. Franklin, August 2, 2006, 121-122).

Mr. Franklin is simply not qualified to offer testimony regarding DOE's obligations to accept SNF under the Standard Contract or the NWPA. As demonstrated, he lacks the requisite personal knowledge under FRE 602. Additionally, any lay opinion testimony under FRE 701

regarding the rate of acceptance of SNF should be excluded because SFI can not demonstrate that it is rationally based upon Mr. Franklin's perceptions.

## III. MR. FRANKLIN'S TESTIMONY REGARDING ENTERGY'S SPENT FUEL MODEL SHOULD BE EXCLUDED BECAUSE IT IS CUMULATIVE AND A WASTE OF THE COURT'S TIME

In its witness list, SFI propounds testimony of Mr. Franklin regarding Entergy's spent fuel acceptance rate model. A lay witness is generally limited to testimony regarding matters within his personal knowledge. Fed. R. Evid. 602. However, a lay witness may offer opinion testimony if the "opinions or inferences" are "rationally based on the perception of the witness," "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue," and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Notwithstanding the requirement of FRE 701 that lay opinion testimony not be based on scientific, technical, or other specialized knowledge, a witness with "particularized knowledge" may be allowed to offer lay opinions where inference of knowledge can be drawn from job experience. Fed. R. Evid. 701 Advisory Committee Notes (2000); United States v. Rea, 958 F.2d 1206, 1215-16, (2d Cir. 1992). Lay opinion testimony is permitted because the requirement of FRE 701(a) that the factual predicate of the testimony be within the witness's perception reflects the limitation in FRE 602 that a witness have personal knowledge of a matter in order to testify. Teen-Ed, Inc. v. Kimball Internationl, Inc., 620 F.2d 399 (3d Cir. 1980). However, where the opinion testimony contains extrapolations and judgments extend beyond inference of knowledge of the lay witness, the testimony is then subject to FRE 703 and the reliability and relevance requirements for expert witnesses. Fed. R. Evid. 701 Advisory Committee Notes (2000); Cuyahoga Metropolitan Housing Authority v. United States, 60 Fed.

Cl. 481, 484 (2004). Finally, "[l]ay opinion testimony is admissible only to help the . . . court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or event." United States v. Espino, 317 F.3d 788, 797 (8th Cir. 2003).

SFI has not notified the Government that Mr. Franklin will offer expert opinion testimony. However, in its RCFC 26(a) disclosures, SFI indicated that Mr. Franklin may have scientific, technical, or other specialized knowledge related to spent fuel management, and SFI indicated in its witness list that Mr. Franklin would testify regarding Entergy's spent fuel model. Mr. Franklin's model is an Excel spreadsheet that contains information on past and future SNF discharges, plant shutdowns, refuelings, and other related SNF data that permits the input of assumptions to model possible acceptance rates and needs for additional SNF storage. A. 26-27, 29-30, 55-57 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 227, 229, 232-233; Deposition of Mr. Charles B. Franklin, April 20, 2006, at 46-48).

SFI is seeking to introduce three different models to support its damages claim. Two of those models are being offered by SFI's proposed expert witnesses, Mr. Kenneth Metcalfe and Ms. Eileen Supko. The third is Entergy's model, about which SFI proposes that Mr. Franklin will testify. In the course of this litigation, substantial inputs to Mr. Metcalfe's model and Ms. Supko's model came from Mr. Franklin and are also captured in the Entergy model. A. 12-13, 14-15, 18-24, 25 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 152-153, 166-167, 195-201, 213). Mr. Franklin has also testified that there is no substantial difference between his model and those of Mr. Metcalfe and Ms. Supko. A. 27-28, 33, 54, 55-56, 58 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 229-230, 238; Deposition of Mr. Charles B. Franklin,

April 20, 2006, 40 46-47, 54). In fact, he reviewed the results of Mr. Metcalfe's model and determined that Mr. Metcalfe's and Mr. Franklin's models came to the same conclusions. A. 16-17 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 185-186). According to Mr. Franklin, the discrepancies between his model and Mr. Metcalfe's were "minor" and were mostly because of to input errors. A. 55 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 41).

The proposed testimony of Mr. Franklin on the Entergy spent fuel model is cumulative and a waste of the Court's time. Evidence may be excluded if its probative value is substantially outweighed by the needless presentation of cumulative evidence. Fed. R. Evid. 403; C.H. Guernsey v. United States, 65 Fed. Cl. 582, 593 n.13 (2005); Tritek Technologies, Inc. v. United States, 67 Fed. Cl. 727, 729 (2005); Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005); Goodwin v. MTD Prods., Inc., 232 F.3d 600, 609-610 (7th Cir. 2000). Similarly, evidence may be excluded for being a waste of the Court's time. Tritek Techs., 67 Fed. Cl. At 729; In re Paoli R.R. Yard PCB Litig., 113 F.3d 444, 454-458 (3d Cir. 1997); Stathos v. Bowden, 728 F.2d 15, 19 (1st Cir. 1984).

SFI offers no reason that the Court should receive testimony regarding three models that essentially perform the same tasks. All three models are Excel spreadsheets with what appear to be minor differences. Moreover, all of these models attempt to prove a "but for" world created from "twin objectives" that cannot be found in the Standard Contract. According to Mr. Franklin, the Entergy spent fuel model performs the same functions as Mr. Metcalfe's and Ms. Supko's models, and Ms. Supko's model is, according to Mr. Franklin, "the model of record that's being used in this litigation." A. 52 (Deposition of Mr. Charles B. Franklin, April 20, 2006, 28). Any attempt by Mr. Franklin to extrapolate from the model to conclusions about

DOE's obligations under the Standard Contract cannot be heard absent Mr. Franklin meeting the requirements for testimony as an expert witness under FRE 702, especially if he attempts to offer an unsupported and meaningless lay opinion regarding the "reasonableness" of a rate of acceptance. As noted above, Mr. Franklin does not possess the requisite expertise to testify regarding the Standard Contract and, therefore, cannot extrapolate from his model to any larger conclusions regarding DOE's obligations.

In addition, even if Mr. Franklin had properly and timely been identified as an expert witness, Mr. Franklin cannot meet the requirements of FRE 702, which defines the requirements for the admission of expert testimony. He lacks any accepted methodology to support his model. Moreover, by Mr. Franklin's own admission, the Entergy spent fuel model contains inaccuracies. A. 83-84 (System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) deposition testimony of Mr. Charles B. Franklin, August 2, 2006, 183-184). Therefore, his methodology cannot satisfy the reliability requirement under FRE 702, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).

To the extent that Mr. Franklin's testimony on Entergy's spent fuel model is admitted, Mr. Metcalfe's and Ms. Supko's testimony on models that perform the same function should be considered cumulative and unnecessary. Mr. Metcalfe and Ms. Supko are offering expert opinion testimony on the same underlying basis as Mr. Franklin, using models that are not substantially different than Mr. Franklin's model. A. 33 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 238). There is no benefit to the Court hearing the opinions of two experts and one lay witness on essentially the same litigation-driven models. The only purpose behind Ms. Supko's model is for its use to support expert witness testimony that calls into question the

specialization of her knowledge and the basis upon which she qualifies as an expert witness. In the end, all three witnesses--Mr. Franklin, Ms. Supko, and Mr. Metcalfe--are merely testifying regarding the operation of an Excel spreadsheet, widely publicly used, based upon inputs the vast majority of which come from public documents, RW-859 data, see A. 31-32 (Deposition of Mr. Charles B. Franklin, April 19, 2006, 236-237), and litigation-inspired assumptions to opine for the Court that, if DOE accepted more fuel earlier rather than less fuel later, the utilities would require less additional spent fuel storage. No reason exists to permit SFI to fill the record with duplicative and cumulative litigation-created evidence.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court enter an order excluding the testimony of Mr. Charles B. Franklin at the forthcoming trial concerning DOE's obligations to accept spent nuclear fuel from Grand Gulf and concerning Entergy's spent fuel acceptance rate models.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder by Stephen Finn
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

STEPHEN FINN
SCOTT R. DAMELIN
JOHN C. EKMAN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

September 6, 2006

Attorneys for Defendant