**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on September 25, 2006)

| | |
|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, Plaintiff, v. **THE UNITED STATES,** Defendant. | No. 03-2624C (Judge Braden) |

**SYSTEM FUELS, INC.'S RESPONSE TO THE DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION IN LIMINE TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)**

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD & CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)

Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

September 25, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

DISCUSSION .......... 2

I. SFI MAY USE ADMISSIONS OF PARTY OPPONENTS REGARDLESS OF THEIR UNAVAILABILITY OR APPEARANCE AT TRIAL .......... 2

II. THE TESTIMONY OF THE WITNESSES IN SFI'S NOTICE IS ADMISSIBLE PURSUANT TO FED. R. EVID. 801(d)(2) .......... 4

A. The Government Does Not Dispute That Certain Witnesses Were DOE Employees And These Designations Are Admissible As Substantive Evidence .......... 4

B. The Testimony of Michael Lawrence And Robert Morgan Is Admissible Pursuant To FED. R. EVID. 801(d)(2)(C) .......... 6

C. The Testimony of Billy Cole Is Admissible Under FED. R. EVID. 801(d)(2)(D) Because Contractors Can Be Agents .......... 8

III. THE GOVERNMENT'S FOUNDATION OBJECTION REGARDING DOCUMENTS IS WITHOUT MERIT AND WAIVED, TO THE EXTENT THE GOVERNMENT FAILED TO MAKE THE OBJECTION DURING THE DEPOSITION .......... 9

IV. THE GOVERNMENT'S COUNTER-DESIGNATIONS SHOULD BE EXCLUDED TO THE EXTENT THEY GO BEYOND THE RULE OF COMPLETENESS .......... 10

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## Cases

*Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (1997) ...... 2

*Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 97 (2004) ...... 2, 3

*In re Pagnotti*, 269 B.R. 326, 331 (Bankr. M.D. Penn. 2001) ...... 10

*Kolb v. County of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985) ...... 3

*Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157, 164 (2004) ...... 3

*PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 473 (2006) ...... 2

*Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1256 (Fed. Cir. 2000) ...... 8

*Tennessee Valley Authority v. United States* (July 12, 2005) ...... 6

*United States v. Glover*, 101 F.3d 1183, 1189 (7th Cir. 1996) ...... 11

*United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984) ...... 10

*Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 483 (1990) ...... 3

*Westinghouse Elec. Co. v. United States*, No. 93-445C *et. al.*, 1997 WL 1068204, at *2 (Fed. Cl. June 4, 1997) ...... 8

*Yankee Atomic Elec. Co. v. United States*, No. 98-126C, 2004 WL 2450874, at *11 (Fed. Cl. Sept. 17, 2004) ...... 8

*Yankee Atomic Elec. Co. v. United States*, No. 98-126C, slip op. (Fed. Cl. Sept. 21, 2004) ...... 5

## Rules and Regulations

FED. R. CIV. P. 32 ...... *passim*

FED. R. EVID. 106 ...... 10, 11

FED. R. EVID. 801 ...... *passim*

FED. R. EVID. 802 ...... 2

RCFC 26 ...... 10

RCFC 32 .......... 1, 3, 7, 9

**Other Authorities**

7 WEINSTEIN'S FEDERAL EVIDENCE .......... 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on September 25, 2006)

| | |
|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | |
| Plaintiff, | No. 03-2624C (Judge Braden) |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |

**SYSTEM FUELS, INC.'S RESPONSE TO THE DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S "NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION IN LIMINE TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)**

Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for System Energy Resources, Inc. ("SERI") and South Mississippi Electric Power Association ("SMEPA"), respectfully submits this response to Defendant United States' (the "Government's") motion to strike and, in the alternative, motion *in limine* to preclude SFI's reliance upon deposition and trial transcript designations ("Gov't Motion"). All of SFI's designations (except one)[1] are

[1] SFI withdraws its designations for the testimony of Dr. John Bartlett. Having reviewed this testimony, SFI agrees that Dr. Bartlett (the former head of DOE's waste management program) had been called as an expert witness against the Government by another plaintiff and, therefore, FED. R. EVID. 801(d)(2) does not apply. However, the Government has listed Dr. Bartlett on the Government's witness list to discuss similar topics to that covered by the testimony designated by SFI. Therefore, SFI reserves the right to re-submit Dr. Bartlett's testimony based on FED. R. EVID. 801(d)(2) (or any other permissible evidentiary rule) should he testify at trial. SFI also reserves the right to depose Dr. Bartlett.

admissions of a party-opponent under FED. R. EVID. 801(d)(2), are allowed as substantive evidence, and, therefore, the Government's motion should be denied.

## **DISCUSSION**

### I. SFI MAY USE ADMISSIONS OF PARTY OPPONENTS REGARDLESS OF THEIR UNAVAILABILITY OR APPEARANCE AT TRIAL

SFI seeks to admit statements of a party-opponent – the Government (*i.e.* the United States) - as non-hearsay pursuant to FED. R. EVID. 801(d)(2)(C) & (D). Pursuant to FED. R. EVID. 801(d)(2)(D), SFI may use its designations as admissions of a party-opponent if a designation (1) is offered against a party-opponent, (2) the person's statement concerns a matter within the scope of the person's agency or employment, and (3) the statements were made during the existence of that person's relationship with the United States. *See Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 97 (2004). Generally, SFI "need not establish that [a witness's statement] was 'authorized' within the meaning of the rule" because "an agent may make vicarious admissions for his principal whether or not he is specifically authorized to speak on that subject." *PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 473 (2006).

Pursuant to FED. R. EVID. 801(d)(2)(C), SFI may also use statements of a party opponent if the designation is (1) offered against a party-opponent and (2) the statement by the person is "authorized by the party to make a statement concerning the subject . . . ." *See* FED. R. EVID. 801(d)(2)(C); *see also Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (1997). "Authority to make a statement can be bestowed upon virtually anyone, either expressly or implicitly." 7 WEINSTEIN'S FEDERAL EVIDENCE § 801.32[1], at 801-68.1 (2d Ed. 2006).

Contrary to the Government's attempt to blur the standard for introducing admissions of a party-opponent, Gov't Motion at 13-15, SFI does not have to show the unavailability of any

witness or "good cause" to introduce admissions of a party-opponent under FED. R. EVID. 801(d)(2). *See Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157, 164 (2004) (noting that a party "need not demonstrate that any of the declarants whose deposition testimony it seeks to admit at trial pursuant to FED. R. EVID. 801(d)(2)(D) will be unavailable as witnesses at trial"); *Globe Savings Bank*, 61 Fed. Cl. at 94 ("[T]he government is mistaken that Rule 801(d)(2) requires a showing of the unavailability of the declarant."); *cf also Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 483 (1990) (noting that FED. R. CIV. P. 32(a)(2) – similar to RCFC 32(a)(2) – "permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial") (quotation omitted), *reconsideration denied by* 20 Cl. Ct. 158 (1990). In this regard, in *Long Island Savings* Judge Lettow rejected the need to show unavailability and the rationale in *Kolb v. County of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985), cited by the Government here for that proposition. *Long Island Savings*, 63 Fed. Cl. at 163 ("Although the court in *Kolb* correctly observed that admission of deposition testimony as evidence under FED. R. CIV. P. 32(a) is dependent upon meeting the requirements of the rules of evidence, the court incorrectly assumed that the reverse is also true.") (footnote omitted). Also contrary to the Government's assertions or preferences, the "common law's preference for live testimony has no bearing on the use of party admissions as evidence." *Long Island Savings*, 63 Fed. Cl. at 163. Thus, there is no requirement to show unavailability of a witness to designate testimony of a party-opponent; nor does a witness's "preferred" live testimony prevent the introduction of party-admissions.

SFI also takes exception to the Government's assertion that SFI's designations are "wholesale" or otherwise "massive," such that they should not be allowed pursuant to RCFC 1. Gov't Motion at 15. SFI has marked specific portions of these depositions as permissible

admissions of a party-opponent. Incidentally, the sum total of deposition designations fit comfortably into one notebook of material (far less than the numerous trial exhibits offered by both parties), which SFI has provided to the Court and the Government.

## II. THE TESTIMONY OF THE WITNESSES IN SFI'S NOTICE IS ADMISSIBLE PURSUANT TO FED. R. EVID. 801(d)(2)

### A. The Government Does Not Dispute That Certain Witnesses Were DOE Employees And These Designations Are Admissible As Substantive Evidence

The Government does not contest that the following nine witnesses were DOE employees at the time of their deposition or trial testimony: Mr. Lake Barrett; Mr. Alan Brownstein; Ms. Susan Klein; Mr. Christopher Kouts; Mr. Ronald Milner; Mr. Thomas Pollog; Ms. Nancy Slater (Thompson); Mr. Victor Trebules; Mr. David Zabransky. Each of these DOE employees was deposed about their knowledge and work with DOE's Office of Civilian Radioactive Waste Management ("OCRWM") regarding issues within the scope of their duties for DOE's OCRWM.

The Government complains, however, that SFI has failed to identify sufficient testimony to show that the following five witnesses testified within the scope of their employment: Mr. Brownstein, Ms. Klein, Mr. Kouts, Ms. Slater, and Mr. Trebules. In particular, the Government complains that SFI has failed to include sufficient testimony establishing the responsibility of Mr. Brownstein and Ms. Slater regarding topics covered in SFI's designated testimony for these two individuals. However, the Government identified both of these individuals as among the most knowledgeable at DOE regarding the acceptance rate and other related schedule issues. *See* Defendant's Responses to Utility Plaintiff's Joint First Set of Interrogatories Nos. 36, 43, 45, 50 (identifying Mr. Brownstein, and Ms. Slater (a/k/a Ms. Slater-Thompson), among others, as among the "most knowledgeable" DOE employees on various acceptance rate issues) (attached

hereto as Exhibit A). On this basis, among others, Judge Merow allowed similar deposition testimony in evidence from Mr. Brownstein and Ms. Slater in another SNF trial under FED. R. EVID. 801(d)(2). *See Yankee Atomic Elec. Co. v. United States*, No. 98-126C, slip op. at 4-5 (Fed. Cl.) (Merow, S.J.) (attached hereto as Exhibit B). Thus, the testimony of Mr. Brownstein and Ms. Slater is admissible pursuant to FED. R. EVID. 801(d)(2)(D).

The Government provides no examples of why Ms. Klein's testimony should be excluded, but Ms. Klein was identified as knowledgeable regarding schedule issues in the interrogatories and the Government designated her as a RCFC 30(b)(6) witness regarding, among other topics, "the acceptance rate DOE is planning to use once acceptance [of SNF] begins." *See* Defendant's Responses to Utility Plaintiff's Joint First Set of Interrogatories No. 50; *see also Yankee Atomic*, slip. op. at 2 n.3. Likewise, her deposition testimony was allowed in *Yankee Atomic*, slip op. at 2-3. Thus, because the deposition testimony falls well within Ms. Klein's scope of employment with DOE, this testimony should be admissible.

The Government also provides no example of why the designations are inadequate for Mr. Trebules. For example, SFI has designated sections of the testimony summarizing Mr. Trebules's history of working at DOE, notwithstanding the Government's contention that SFI has not designated testimony establishing that his testimony is within the scope of his employment. *See* Deposition of Victor Trebules at 17-18 (Apr. 17, 2002). Additionally, the testimony designated involves Mr. Trebules's discussion of DOE's Mission Plan. *See, e.g. id.* at 52-53, 97-99. The Government identified Mr. Trebules as being the "person who was primarily responsible for the creation of the 1985 Mission Plan . . . ." Defendant's Responses to Utility Plaintiff's Joint First Set of Interrogatories No. 7 (attached hereto as Exhibit C). Thus, Mr. Trebules's testimony is admissible as substantive evidence.

Mr. Kouts's testimony is within the scope of his employment and generally falls under the category of information that the Government intends to call him for in this case. In this regard, the designated testimony relates to the acceptance of SNF at a repository and a monitored retrievable storage facility. *See* Trial Transcript of *Tennessee Valley Authority v. United States* at 1567-68 (July 12, 2005) (Testimony of Christopher Kouts). The Government states in its Witness List that Mr. Kouts will be expected to testify, among other topics, "regarding DOE's plans to accept spent nuclear waste in a repository and a Monitored Retrievable Storage facility . . . ." Defendant's Witness List at 2. The Government can hardly argue that Mr. Kouts's designations are not admissible, where it expects Mr. Kouts to testify in this case regarding identical matters.

**B. The Testimony of Michael Lawrence And Robert Morgan Is Admissible Pursuant To FED. R. EVID. 801(d)(2)(C)**

SFI offers the testimony of Mr. Michael Lawrence and Mr. Robert Morgan based on the Government's authorization of a person to make statements on a particular issue. *See* FED. R. EVID. 801(d)(2)(C). In this regard, the Government identified in interrogatories that Mr. Lawrence and Mr. Morgan were "DOE personnel" that participated in creating the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste ("Standard Contract") and even quote Mr. Morgan's deposition transcript regarding the Government's asserted position in this litigation. *See* Defendant's Responses to Utility Plaintiffs' Joint Supplemental Interrogatories Nos. 77, 78, 79, 80, 81 (attached hereto as Exhibit D). SFI seeks to introduce testimony regarding Mr. Lawrence's and Mr. Morgan's participation in the creation of the Standard Contract. Furthermore, Mr. Morgan is listed to testify in this case regarding topics covered by his admissions. *See* Defendant's Final Witness List at 3. Therefore, because the Government identified these former-DOE personnel as having participated in the Standard

Contract's creation, quoted Mr. Morgan's deposition in its interrogatories, and listed Mr. Morgan to testify regarding the same topics for which he has made relevant admissions, SFI's designations should be admissible pursuant to FED. R. EVID. 801(d)(2)(C).

Notwithstanding the Government's general objection to SFI's use of designations (and of Mr. Morgan, in particular), the Government agrees that SFI may introduce testimony from Mr. Morgan, but requests that it be allowed to introduce Mr. Morgan's testimony from two prior trials to allow Mr. Morgan to avoid testifying in this trial. Gov't Motion at 17-18.

SFI strongly opposes the Government's request. SFI has marked certain testimony from Mr. Morgan based on FED. R. EVID. 801(d)(2) – admissions of a party-opponent – which rule has neither a requirement that opposing counsel be present for an admission, nor one allowing for the marking of counter-designations (as the Government has extensively done here).

On the contrary, the Government seeks to have Mr. Morgan's testimony admitted under RCFC 32(a), which rule specifically allows use of a "deposition" only "against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof . . . ." The Government has counter-designated testimony for Mr. Morgan from two trials in *Tennessee Valley Authority* and *Yankee Atomic*. First, on its face, RCFC 32(a) relates to the use of "deposition" testimony, not trial testimony as the Government apparently seeks to designate in the instant case. Second, SFI was not a party to either of these trials and, thus, had no opportunity to have counsel present and represented with the opportunity for cross-examination as required by RCFC 32(a). Furthermore, Mr. Morgan is the only witness on the Government's list that could potentially authenticate the substantial number of documents on the Government's exhibit list, which documents were apparently submitted to him when DOE developed the

Standard Contract. Thus, SFI opposes allowing the Government to submit Mr. Morgan's testimony from the *Tennessee Valley Authority* and *Yankee Atomic* trials.

### C. The Testimony of Billy Cole Is Admissible Under FED. R. EVID. 801(d)(2)(D) Because Contractors Can Be Agents

The Government has opposed the use of Mr. Billy Cole's deposition testimony because he worked for a Management & Operations contractor to DOE, rather than as a direct employee of DOE. However, FED. R. EVID. 801(d)(2)(D) requires only that there exist an agency or servant relationship between the party-opponent and the declarant; it does not require an employee-employer relationship. In this regard, "an agency relationship can be created by contract . . . ." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1256 (Fed. Cir. 2000).

As Judge Merow has noted, the "unique" role of Management & Operations contractors to DOE's mission makes it difficult to distinguish between an employee and a contractor, including in the area of spent fuel removal. *Yankee Atomic Elec. Co. v. United States*, No. 98-126C, 2004 WL 2450874, at *11 (Fed. Cl. Sept. 17, 2004) ("These contractors were retained under unique circumstances to perform DOE's function, provided critical and essential data and input to DOE, and operate and manage the national laboratories for and on behalf of DOE. In a very real sense, these contractors performed DOE's statutory mission, or at a minimum provided the technical input to perform the same."); *see also Westinghouse Elec. Co. v. United States*, No. 93-445C *et. al.*, 1997 WL 1068204, at *2 (Fed. Cl. June 4, 1997) ("Unlike a typical Government contract through which the Government obtains products and services to assist it in carrying out its mission, DOE uses the M & O contract to conduct its mission."). In this regard, Article IV.B.3 of the Standard Contract provides, "DOE may fulfill any of its obligations, or take any action, under this contract either directly or through contractors." Thus, because of the unique

contractual relationship, there was an agency relationship between DOE and the contractor (JAI Corporation) for whom Mr. Cole worked. Therefore, his testimony should be admissible pursuant to FED. R. EVID. 801(d)(2)(D).

## III. THE GOVERNMENT'S FOUNDATION OBJECTION REGARDING DOCUMENTS IS WITHOUT MERIT AND WAIVED, TO THE EXTENT THE GOVERNMENT FAILED TO MAKE THE OBJECTION DURING THE DEPOSITION

The Government belatedly seeks to lodge foundation and best evidence objections. To the extent the Government failed to make these objections during the depositions, these objections are waived.

In particular, the Government asserts that SFI's designations are "replete" with testimony concerning documents that are unidentified, but provides only one example in its motion. Gov't Motion at 16-17. The Government's foundation or best evidence objection is either in the testimony designated or it is waived, because these objections could have led the questioner to cure the problem claimed in the objection. *See* RCFC 32(d)(3)(B) ("[E]rrors of any kind that might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition."). The one example provided by the Government in its motion is misleading because the objections as stated in the transcript were "asked and answered" and "vague," not the "foundation" or "best evidence" objections that the Government now belatedly seeks to invoke. *See* Deposition Testimony of Lake Barrett at 197 (Apr. 22, 2006). The Government failed to preserve its foundation and best evidence objections by failing to seasonably make them at the deposition (at least this portion of it) and, therefore, these objections are waived. To the extent the Government has added new objections in contravention of RCFC 32(d)(3) in response to other portions of transcript pages designated by

SFI, these objections should be denied as waived for failure to raise them during the deposition testimony.[2]

## IV. THE GOVERNMENT'S COUNTER-DESIGNATIONS SHOULD BE EXCLUDED TO THE EXTENT THEY GO BEYOND THE RULE OF COMPLETENESS

SFI objects to these counter-designations to the extent these designations go beyond FED. R. EVID. 106, which codifies the common law principle of "completeness." *See* FED. R. EVID. 106, Advisory Committee Note ("The rule is an expression of the rule of completeness."). In many circumstances, the Government has counter-designated testimony far beyond that needed to explain and place in context the admissions designated by SFI.

FED. R. EVID. 106 states, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness be considered contemporaneously with it." *See also* RCFC 26(a)(4). "The Rule does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted." *United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984); *see also In re Pagnotti*, 269 B.R. 326, 331 (Bankr. M.D. Penn. 2001) ("[I]t is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them.") (quotation omitted). Thus, FED. R. EVID. 106 does not invite the wholesale designation of large unrelated blocks of new testimony, "indeed, the proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it

[2] Contrary to the Government's concerns, SFI has endeavored to include most (if not all) material documents relevant to the designated deposition testimony as trial exhibits. To the extent the Court finds a gap in what SFI has provided, SFI may supplement the testimony pursuant to FED. R. EVID. 106.

clarifies or explains the portion offered by the opponent." *United States v. Glover*, 101 F.3d 1183, 1190 (7th Cir. 1996).

Generally, where the Government truly has a "completeness" objection pursuant to FED. R. EVID. 106 regarding SFI's designated transcript excerpts, it usually indicates this alleged incompleteness by indicating the discrete additional lines from a transcript that should be added. The Government has done this by indicating the exact lines necessary for completeness in the charts where it states its objection to SFI's designated testimony. *See* Gov't Motion, Attachment A – Defendant's Objections to Designations by System Fuels, and Defendant's Counter-Designations. However, the Government has also "counter-designated" substantial testimony that extends well beyond the need to complete a particular statement or portion of a transcript. First, all of these so-called "counter-designations" go far beyond the need to complete the context of SFI's designations. Because they do so, they are inadmissible hearsay. FED. R. EVID. 801. Second, the Government often designates testimony for deposition and trial dates for which SFI has designated none.[3] Ultimately, the Government's lengthy counter-designations contravene the "completeness" purpose of FED. R. EVID. 106 and should be disallowed.

Finally, to the extent the Court allows any of the Government's counter-designations, SFI requests leave from the Court to object more specifically to these counter-designations during the post-trial briefing in this case.

---

[3] For example, the Government has counter-designated testimony from the following transcripts for which SFI has designated no testimony: Lake Barrett's May 8, 2002 deposition transcript; Alan Brownstein's May 23, 2002 deposition transcript; Billy Cole's May 13, 2002 deposition transcript; Susan Klein's April 25, 2002 deposition transcript; Ronald Milner's May 3, 2002 deposition transcript; Robert Morgan's August 2-3, 2004 testimony in the *Yankee Atomic* trial and July 14, 2005 testimony in the *Tennessee Valley Authority* trial; Thomas Pollog's April 12, 2002 deposition transcript; Nancy Slater (Thompson)'s April 21, 1999 deposition transcript; and Victor Trebules's April 18, 2002 deposition transcript in *Yankee Atomic*.

## CONCLUSION

For the foregoing reasons, SFI respectfully requests the Court allow SFI's trial and deposition designations pursuant to FED. R. EVID. 801(d)(2), disallow the Government's counter-designations, and deny any out-of-time objections made by the Government regarding foundation, best evidence, or other matters the Government failed to raise seasonably during the taking of a deposition.

Dated: September 25, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

OF COUNSEL:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)