# In the United States Court of Federal Claims

No. 98-126 C

(Filed September 21, 2004)

********************************

YANKEE ATOMIC *
ELECTRIC COMPANY, *
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
Defendant. *

********************************

**ORDER**[1/]

This matter is before the court on plaintiffs' Motion for Leave to File Designated Deposition Testimony as Substantive Evidence Pursuant to RCFC 32(a)(2); Motion for Leave to File Designated Deposition Testimony as Substantive Evidence and Rebuttal Evidence Pursuant to RCFC 32 and Federal Rules of Evidence 801(d)(2)(D); and Motion for Leave to File a Corrected Copy of its July 7, 2004 Motion for Leave to File Designated Deposition Testimony as Substantive Evidence. Defendant filed a Response to Plaintiff's Motions to Introduce Deposition Testimony and, to the Extent that Plaintiff's Motion is Granted, Submission of Defendant's Counter-Designations and Objections. Plaintiffs filed a Reply.

Plaintiffs seek to introduce as substantive evidence certain deposition testimony from several individuals including a witness designated by the defendant under Rule 30(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), and high-level officials in the Office of Civilian Radioactive Waste Management ("OCRWM") at the Department of Energy ("DOE") during the relevant periods of inquiry. Asserted admissibility of deposition transcripts falls under several categories, including: (1) testimony of an individual designated by defendant admissible under RCFC 30(b)(6); (2) testimony by high-level government officials who were officers, directors, or managing agents admissible "for any purpose" under RCFC 32(a)(2); and testimony

---

[1/] This shall also be deemed applicable in *Connecticut Yankee v. United States*, No. 98-154 and *Maine Yankee v. United States*, No. 98-474.

admissible under RCFC 32 as well as Rule 801(d)(2)(D) of the Federal Rules of Evidence ("Fed. R. Evid."). These categories will be examined in turn.

**<u>Designated witness:</u>**

Susan Klein was designated as a Rule 30(b)(6)[2/] witness concerning DOE's obligation to accept greater-than-class-C ("GTCC") waste, the Standard Contract's provision for priority for shut-down reactors, and other topics.[3/] At the time of her deposition, numerous portions of which plaintiffs seek to introduce as substantive evidence, Ms. Klein was a senior policy adviser to the Director and Deputy Director of OCRWM at DOE. Pls.' Mot. Ex. 2.

Defendant objects to at least some of the targeted deposition testimony of Ms. Klein as going beyond the scope of her RCFC 30(b)(6) designation, objections raised repeatedly during her deposition defendant states.

---

[2/] The applicable subsection of RCFC 30(b)(6) provides:

> A party may in the party's notice. . . name as the deponent a . . . governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the persons will testify.

[3/] The designated matters were:

3. DOE's responses to DCS (delivery commitment schedules) submitted by the utility plaintiffs, including DOE's decision to stop approving such DCS forms.

5. DOE's consideration of its obligation to accept Greater-Than-Class-C waste.

7. The date that DOE currently believes that it will begin accepting fuel under the Standard Contract and the acceptance rate that DOE is planning to use once acceptance begins.

9. The role and purpose of the provision on priority for shutdown reactors in the performance of the Standard Contract.

Pls.' Mot. Ex. 5, p. 5, parenthetical supplied.

Plaintiffs reply that most of Ms. Klein's testimony was not subject to objection as to scope. To the extent that her testimony went beyond that scope, as a senior policy advisor, her testimony in that regard is independently admissible as a party admission under Fed. R. Evid. 801(d)(2)(D), a matter discussed hereinafter. To the extent questioning went beyond the scope of the Rule 30(b)(6) designation, or is not otherwise admissible under this Order, the court will subsequently address appropriate objections, including objections lodged at the deposition, in the context of any proposed finding, or objection to a proposed finding, citing those portions of Ms. Klein's testimony for record support.

**<u>Officer, director, or managing agent:</u>**

Introduction of portions of the deposition of Lake Barrett, former Deputy Director of OCRWM, and Ronald Milner, former Chief Operating Officer is also sought. Plaintiffs assert that OCRWM is the arm of DOE charged with carrying out the functions of the Secretary under the Nuclear Waste Policy Act, 42 U.S.C. § 10224[4/] and 42 U.S.C. § 10131(b)(2). As Deputy Director and Chief Operating Officer, Mr. Barrett and Mr. Milner were the second and third ranking officers at OCRWM. Pls' Mot. Ex. 6. Mr. Barrett had been the Acting Director or Deputy Director of OCRWM since 1993 and had "ultimate responsibility" for OCRWM's annual capacity reports (" ACRs") and delivery commitment schedules, matters relevant to theories advanced in this litigation according to plaintiffs. Mr. Milner was responsible for managing the operational aspects of OCRWM, such as personnel, contracts, publications (including the Total System Life Cycle Cost of the Civilian Radioactive Waste Management Program), and fee adequacy reports. Based on the foregoing, plaintiffs submit that the deposition testimony of Mr. Barrett and Mr. Milner is admissible "for any purpose" under RCFC 32(a)(2)[5/] because these individuals were

---

[4/] Under 42 U.S.C. § 10224(a), OCRWM was established within DOE; the Director of OCRWM is responsible for carrying out the functions of the Secretary.

[5/] In relevant part the Rule provides:

> **(a) Use of Depositions**. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or

(continued...)

"at the time of taking the deposition . . . an officer, director, or managing agent" of a defendant.

Defendant did not dispute plaintiffs' characterization of the representative authority of these two witnesses. Accordingly, admission as directors, officers or managing agents of DOE is appropriate. RCFC 32(a)(2); *Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 97-98 (2004). *See also* Fed. R. Evid. 801(d)(2)(C) and (D) (admission as party admissions) discussed *infra*.

**<u>RCFC 32 and Fed. R. Evid. 801(d)(2)(D):</u>**

Plaintiffs also request the designation of additional deposition testimony as party admissions under RCFC 32 and Fed. R. Evid. 801(d)(2)(D), including certain depositions in rebuttal. RCFC 32(a)(1) provides that "[a]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence."

As substantive evidence, plaintiffs proffer deposition testimony from Robert Campbell, who at the time of his deposition was a program manager employed at DOE's Office of Environmental Management, with responsibility for GTCC waste issues; also Alan Brownstein, who at the time of his deposition was a DOE senior policy advisor to Lake Barrett, then Deputy Director of OCRWM. Mr. Brownstein began his employment as a nuclear industry specialist in the Spent Fuel Program where he was responsible for various schedule issues such as creating the ACRs. He later served as the branch chief and then division leader. During 1985 -1995 he was responsible for dealing with the utility industry and implementing the terms of the

---

[5/](...continued)
who had reasonable notice thereof, in accordance with any of the following provisions:

> . . .
>
> (2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

RCFC 32(a)(2).

Standard Contract. He was identified by defendant as one of the eight most knowledgeable individuals at DOE on various schedule issues.

Plaintiffs also seek to admit deposition testimony of Nancy Slater-Thompson who joined DOE's Spent Fuel Program in August of 1991, and was employed in its Regulatory Coordination Division at the time of her depositions. From 1991 until 1995, she participated in the preparation of ACRs and annual priority rankings ("APRs") and was involved in the Standard Contract's provisions for exchanges and priority for shutdown reactors. She also responded to questions internally and externally regarding the terms and conditions of the contracts. She was identified by defendant as one of the eight most knowledgeable individuals at DOE on exchanges of allocations, the acceptance rate and other schedule-related issues.

Plaintiffs also request the designation of additional deposition excerpts from Ronald Milner and Lake Barrett. Finally, plaintiffs seek to admit deposition testimony of Victor Trebules who had worked for DOE (formerly the Atomic Energy Commission) since 1972, and was working for DOE at the date of his deposition. He was responsible for coordinating the preparation of DOE's 1985 Mission Plan and his proffered deposition testimony concerns his work in preparing the Mission Plan. As possible rebuttal evidence, plaintiffs also submit deposition segments from Brownstein, Milner and Slater-Thompson.

Admission of these depositions is premised on their characterization as admissions by agents or servants of the government, testifying as to matters within the scope of their employment or agency. As such, they are non-hearsay party admissions under Fed. R. Evid. 801(d)(1)(2)(d) which provides in pertinent part:

> **(d) Statements which are not hearsay.** A statement is not hearsay if–
> . . .
> (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . . .

"[I]f 'the deponent is an agent, his statement falls into category (D) and we need not determine whether or not he was 'authorized' to speak.'" *Hughes v. United States*, No. 90-878C, slip op. at 3 (Fed. Cl. April 26, 2004), *citing Glendale Fed. Bank, F.S.B. v. United States*, 39 Fed. Cl. 422, 424 (1997).

Plaintiffs assert that the proffered deposition transcripts of these government employees and officials are admissible under Fed. R. Evid. 801(d)(2)(D) because the statements are: (1) offered against defendant (an objective subsumed by the nature of plaintiffs' request); (2) concern matters within the scope of the deponent's employment with defendant (the witnesses all worked for the government and were questioned about that work); and (3) were made while the deponent was employed by defendant, even if the deponent was employed in a different capacity at the time of the deposition. By way of illustration, plaintiffs cite *Globe Savings Bank*, *supra* where the court applied Rule 801(d)(2)(D) to admit the deposition of a former employee of the Federal Savings and Loan Insurance Corporation ("FSLIC") who was with another federal agency at the time of his deposition.

> It is immaterial that at the time of Mr. Reidhill's deposition FSLIC no longer existed and that he was head of the Policy Research Section of the FDIC. The Rule expressly concerns the declarant's relationship with the party-opponent, which in this case is the United States, not a particular agency.

61 Fed. Cl. at 97, extensive citations omitted. Plaintiffs then list seriatim, the various governmental officials who were deposed and their respective positions, urging the admissibility of the proffered deposition transcripts under these precepts.

Defendant asserts plaintiffs have not overcome the preference for live testimony or met their burden to "show cause" under RCFC App. A ¶ 15(b). That provision of RCFC Appendix A, Case Management Procedure, provides in pertinent part that:

> Any party intending to present substantive evidence by way of deposition testimony, **other than as provided by Federal Rule of Evidence 801(d)**, shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portions of the transcript(s) the party intends to use at trial. See RCFC

> 32(a)(2) & (3). If the motion is granted, only those portions of the transcript may be filed.

RCFC, App. A, ¶ 15(b), emphasis added.

First of all, Rule 801(d)(which includes the admission by party-opponent as non-hearsay applied by the court here) is specifically excepted from the "cause" requirement for admission of a deposition excerpt. Secondly, plaintiffs point out, Appendix G, the predecessor to Appendix A, governs these proceeding. This is not entirely accurate. Specifically, in lieu of Appendix G, the court instituted specific pretrial exchanges to assist in obtaining a just, speedy and inexpensive determination of the issues in this litigation. *See Order*, Nov. 4, 1989. Deposition designations are not among the topics addressed in the Order.

However, addressing defendant's objections, citing preference for live testimony and the fact that all of the witnesses except one are located in Washington, DC,[6/] defendant objects to plaintiffs' planned reliance on deposition testimony. Defendant relies upon numerous case and treatise authority, as well as the provision in RCFC 32 that the court may allow the introduction of deposition testimony unless "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court . . .*" RCFC 32(a)(3)(E)(ii)(emphasis supplied). Authorities cited include 8A Wright, Miller, & Marcus, *Federal Practice and Procedure* § 2142 at 158 (2d ed. 1994)(discussing Rule 32 of the Federal Rules of Civil Procedure) and Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972)("testimony given on the stand in person is preferred over hearsay," and "tradition, founded in experience, uniformly favors production of the witness if he is available," because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination.").

Defendant also objects to the great number of deposition designations plaintiffs made that came on the eve of trial, thus diverting attention from trial preparation in a prejudicial manner. Each deposition segment had to be reviewed and counter-designations of the same deposition noted where later testimony more fully explained that proffered. Alternatively, defendant proffers its own list of counter-designations

---

[6/]One of the deponents resides in Nevada but would have been subject to the court's national jurisdiction.

should plaintiffs' designations be allowed. Finally, defendant requests that objections contained in the deposition snippets be ruled upon in any consideration thereof.

The cost savings plaintiffs assert result from the use of deposition excerpts are illusory defendant also argues, as the court will have to read all the material and rule on the objections cited therein. See RCFC 32(d)(3)(A)("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time.").

Defendant also objects to plaintiffs' designation of rebuttal depositions, asserting that rebuttal evidence is limited to matters that were not clearly anticipated or could not have been foreseen. Specifically, plaintiffs should not be allowed to designate as rebuttal evidence the depositions of Mr. Brownstein, Mr. Milner and Ms. Slater-Thompson. According to defendant, these deposition transcripts concern the DCS process, a matter that plaintiffs could have presented in their case-in-chief but did not. Noting that defendant's arguments in this regard could not have been unforeseen, it is argued that plaintiffs should not be given a second chance by augmenting its affirmative case-in-chief. Because plaintiffs were aware of these issues, defendant asserts the evidence should have been admitted in plaintiffs' case-in-chief and rebuttal admission is asserted to be not appropriate.

In reply, plaintiffs note that defendant's objection to the use of deposition designations was vetted with the court and essentially rejected at the Pre-Trial Conference, resulting in a schedule for the submission of designations.

Defendant's reliance on the preference for live testimony was recently rejected in *Globe Savings*, where the court stated that availability of a witness to present live testimony was irrelevant to the admissibility of party-opponent admissions:

> [t]he general rule that the witness must be shown unavailable for testifying in court does not apply to a party's use of his *party-opponent's deposition* . . . – for the simple reason that every statement of an opponent may be used against him as an *admission* without calling him . . .; the opponent's sworn statement, though called a deposition, is no less an admission than any other statement of his.

61 Fed. Cl. at 95, citing 5 *Wigmore on Evidence* § 1415, at 243 (alteration and emphasis in original). Deposition testimony of employees/agents of defendant as to the nature and extent of that work falls squarely within this Rule. *See Hughes v. United States*, *supra* at 2-3 (admitting depositions of employees of the Office of Thrift Supervision under Rule 801(d)(2)(D)); *Columbia First Bank, F.S.B. v. United States*, 58 Fed. Cl. 333, 341 (2003), and *Ryan-Walsh, Inc. v. United States*, 39 Fed. Cl. 305, 306 (1997).

These witnesses were represented at their depositions; defendant has submitted its counter-designations. Concerning burden, the designations were submitted pursuant to the court's scheduling order. Consideration of the transcripts as augmented by counter-designations and resolution of the objections contained therein would not necessarily lengthen court consideration or increase the burden of resolution. To the extent findings are proposed or disputed based on any deposition testimony for which objections were made, those objections will receive appropriate consideration.

Plaintiffs' response to defendant's rebuttal evidence objections is to note that this disclosure was made in advance of trial. Indeed trial commenced on July 12, 2004, and plaintiffs' motion was filed on July 7, 2004, and modified on July 12, 2004. Disclosure was not untimely. Defendant was on notice of the designations and could have responded either by calling the witness during defendant's case or filing counter-designations (which was done here). Moreover, while the court has previously declined to adopt defendant's argument with respect to the ACR and DCS process,[7/] defendant presented this argument in its case-in-chief. Accordingly, the rebuttal use of the designated deposition testimony of Alan Brownstein and Nancy Slater-Thompson, designated as two of eight most knowledgeable persons in DOE regarding DCSs, will be allowed.

As for defendant's counter-designations, plaintiffs assert they are overbroad and exceed the scope of Fed. R. Evid. 106 which allows for additional testimony for completeness. In one instance, defendant counter-designated twenty pages of deposition testimony. Too much, plaintiff laments.

---

[7/] *See* Order of June 26, 2003, adopting in relevant part *Commonwealth Edison Co. v. United States*, 56 Fed. Cl. 652, 663 (2003)(stating that the "Standard Contract, including specifically the ACR and DCS process, does not contain or create a SNF acceptance rate").

Fed. R. Evid. 106 provides that “[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought, in fairness, to be considered contemporaneously with it.” The need and extent for each counter-designation (and in some instances plaintiffs’ additional reactive counter-counter-designations), and objections in the deposition transcript, are best addressed, if necessary, at such time as specific finding(s) are proposed based on the proffered testimony at issue.

Accordingly, for the reasons stated above, it is **ORDERED** that:

(1) Plaintiffs’ Motion for Leave to File Designated Deposition Testimony as Substantive Evidence Pursuant to RCFC 32(a)(2), filed June 28, 2004, is **GRANTED**, to the extent discussed above;

(2) Plaintiffs’ Motion for Leave to File a Corrected Copy of its July 7, 2004 Motion for Leave to File Designated Deposition Testimony as Substantive Evidence, is **GRANTED,** and the corrected Motion is **deemed filed;**

(3) Plaintiffs’ Corrected Motion for Leave to File Designated Deposition Testimony as Substantive Evidence, filed July 14, 2004, is **GRANTED**, to the extent discussed above; and

(4) Defendant’s Counter-Designations contained within defendant’s Response to Plaintiffs’ Motions to Introduce Deposition Testimony, filed on July 29, 2004, are **GRANTED,** to the extent discussed above.

s/ James F. Merow
James F. Merow
Senior Judge