Rec'd 4-16-02 ADI

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) 01-551C |
| OMAHA PUBLIC POWER DISTRICT | ) |
| NEBRASKA PUBLIC POWER DISTRICT | ) Judge Sypolt |
| TENNESSEE VALLEY AUTHORITY | ) (Discovery Judge) |
| PSEG NUCLEAR LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSES TO UTILITY**
**PLAINTIFFS' JOINT SUPPLEMENTAL INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), and the Court's order for coordinated discovery, filed on September 26, 2001, defendant, the United States, provides the following responses to the plaintiffs' joint supplemental interrogatories, dated March 8, 2002.

GENERAL OBJECTIONS

1. Defendant objects to each and every interrogatory to the extent that it calls for the disclosure of material or information that is subject to any claim of privilege or protection, including without limitation, the attorney-client privilege, the work-product doctrine, or any

**DEFENDANT'S RESPONSES**

**INTERROGATORY NO. 77**:

Identify the DOE personnel who drafted, developed, or participated in meetings regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983).

**RESPONSE**:

Defendant objects to this interrogatory as overly broad and burdensome. Defendant is unable to identify all DOE personnel who may have drafted, developed, or participated in meetings regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983). Pursuant to Rule 33(c), RCFC, defendant responds that the answer(s) to this interrogatory may be obtained from the documents previously made available to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Defendant also objects to this interrogatory because the term "participated in" is not defined, rendering the interrogatory vague and ambiguous.

Without waiving these objections, defendant states that the following individuals, to varying degrees, were involved with and may have knowledge of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983):

Robert Rosselli, Michael Lawrence, Robert Morgan, James Fiore, Eliot Winnick (deceased), James Cavanaugh.

**INTERROGATORY NO. 78**:

Identify the DOE personnel who reviewed the comments the agency received in response to the notice of proposed rulemaking Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983).

**RESPONSE**:

Defendant objects to this interrogatory as overly broad and burdensome. Defendant is unable to identify all DOE personnel who may have reviewed the comments the agency received in response to the notice of proposed rulemaking Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983). Defendant also objects that the interrogatory is vague and ambiguous, as the interrogatory does not define the time period of the "review" by DOE personnel (i.e., review prior to issuance of the final rule vs. review at during some subsequent time period).

Without waiving these objections, defendant states that the following individuals may have reviewed the comments the agency received in response to the notice of proposed rulemaking Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the notice of proposed rulemaking at 48 Fed. Reg. 5458 (Fed. 4, 1983):

Robert Rosselli, Michael Lawrènce, Robert Morgan, James Fiore, Eliot Winnick (deceased), James Cavanaugh.

**<u>INTERROGATORY NO. 79</u>**:

Identify the DOE personnel who were involved in DOE's decision to "intentionally [] not adopt any" suggestions made by commenters on the proposed Standard Contract that DOE "insert into the Standard Contract a minimum rate of SNF and/or HLW acceptance by which DOE would be bound to perform." Defendant's Motion for Partial Summary Judgment Regarding the Rate of Spent Nuclear Fuel Acceptance at 5.

**<u>RESPONSE</u>**:

Defendant objects to this interrogatory because the term "involved in" is not defined, rendering the interrogatory vague.

Without waiving this objection, defendant states that the following individuals may have knowledge of DOE's decision to intentionally not adopt any suggestions made by commenters on the proposed Standard Contract that DOE insert into the Standard Contract a minimum rate of SNF and/or HLW acceptance by which DOE would be bound to perform:

Robert Rosselli, Michael Lawrence, Robert Morgan.

**INTERROGATORY NO. 80**:

Identify the DOE personnel who drafted, developed, or participated in meetings between 1981 and 1983 regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the final rule at 48 Fed. Reg. 16,590 (Apr. 18, 1983).

**RESPONSE:**

Defendant objects to this interrogatory as overly broad and burdensome. Defendant is unable to identify all DOE personnel who may have drafted, developed, or participated in meetings between 1981 and 1983 regarding the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the final rule at 48 Fed. Reg. 16,590 (Apr. 18, 1983). Pursuant to Rule 33(c), RCFC, defendant responds that the answer(s) to this interrogatory may be obtained from the documents previously made available to plaintiffs, and that the burden of ascertaining the answer(s) is substantially the same for the plaintiffs as it is for defendant. Defendant also objects to this interrogatory because the term "participated in" is not defined, rendering the interrogatory vague.

Without waiving these objections, defendant states that the following individuals, to varying degrees, were involved with and may have knowledge of the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste contained within the final rule at 48 Fed. Reg. 16,590 (Apr. 18, 1983):

Robert Rosselli, Michael Lawrence, Robert Morgan, James Fiore, Eliot Winnick (deceased), James Cavanaugh.

**INTERROGATORY NO. 81**:

Does DOE contend that, at the time it executed the Standard Contract with the Purchasers, DOE did not intend to accept SNF and/or HLW starting in 1998 at a rate sufficient for Purchasers not to "have to add any further storage facilities either on site or at another location[?]" Robert Morgan, Acting Director of Civilian Radioactive Waste Management, U.S. Department of Energy, Program Overview, in Proceedings of the 1983 Civilian Radioactive Waste Management Information Meeting, February 1984. State all facts that support your answer.

**RESPONSE**:

Defendant objects to this interrogatory because the term "intend" is not defined, rendering the interrogatory vague. Defendant also objects to this interrogatory because it fails to distinguish between program goals and contractual obligations. Further, defendant objects that what DOE may have intended is irrelevant. The language of the Standard Contract speaks for itself as to the obligations of the parties.

Without waiving these objections, defendant states that, assuming that the legal, political and technical hurdles identified in the 1985 Mission Plan could be overcome and assuming that the repository had begun operations, DOE had a programmatic goal to begin acceptance of SNF in 1998 at a rate that, in the aggregate, would obviate the need for additional at-reactor storage. Any of DOE's "desires" or programmatic goals that are not contained in the Standard Contract itself were not intended to be contractually binding or to create any enforcement obligations upon DOE. As Mr. Morgan explained at his deposition, DOE did not have a contractual "intent" to accept SNF and/or HLW at a rate sufficient for Purchasers not to have to add any further storage facilities, either on-site or at another location. These facts are also supported by the

language of the Standard Contract and the administrative record of rulemaking for the Standard Contract.