IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEMS FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | ) | |
| Plaintiff, | ) | No. 03-2624C |
| | ) | (Judge Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
TO PRECLUDE THE RE-OPENING OF THE DEPOSITION OF MR. ROBERT MORGAN

Pursuant to Rule 26(c) of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court enter a protective order to preclude the re-opening the deposition of Mr. Robert Morgan. Plaintiff, System Fuels, Inc. ("SFI-MS"), has noticed Mr. Morgan's deposition for October 4, 2006.[1] Because counsel for SFI-MS, Mr. Alex Tomaszczuk, has already deposed Mr. Morgan extensively about his knowledge of the matters about which he will testify, the Government seeks to preclude the re-opening of this deposition absent an explanation by SFI-MS as to what new information necessitates this deposition, as required by RCFC 30(a)(2)(B).

---

[1] Because Mr. Morgan, as a third party, must be subpoenaed to appear at a continued deposition to be held within 100 miles of his home in Monument, Colorado, plaintiff's counsel has verbally "withdrawn" the notice for a deposition to occur in Washington D.C. on October 4, 2006. However, SFI-MS still intends to pursue this deposition of Mr. Morgan and will serve Mr. Morgan with a subpoena in the near future. Accordingly, this motion is ripe for decision.

## BACKGROUND

Mr. Morgan was the director of the Nuclear Waste Policy Act Office, the precursor to the Office of Civilian Radioactive Waste Management ("OCRWM"), from January 1983 to January 1984. A. 6-7.[2] During that time, he was responsible for the review of comments on the draft Standard Contract, responding to those comments in the promulgation of the Standard Contract in the Federal Register and the development of the December 1983 draft of the Mission Plan, which was published in final form in June 1985. A. 8. After he left OCRWM, Mr. Morgan had no involvement or responsibility for commercial spent nuclear fuel matters for the Department of Energy ("DOE"). A. 6. Mr. Morgan retired from the Federal Government in 1988. A. 4.

Mr. Morgan was deposed about his responsibilities as Director between January 1983 and January 1984 during three days of deposition conducted in 2002. A. 1-31. Counsel for SFI-MS, Mr. Tomaszczuk, participated in these depositions and questioned Mr. Morgan himself. A. 12-27. Since those depositions, Mr. Morgan has testified at trial in three different spent nuclear fuel ("SNF") trials pending at the Court of Federal Claims – Yankee Atomic Electric Co. v. United States, No. 98-126C (Merow, S.J.), Tennessee Valley Authority v. United States, No. 01-115C (Lettow, J.), and Pacific Gas & Electric Co. v. United States, No. 04-74C (Hewitt, J.).[3] In short, Mr. Morgan has testified repeatedly about his efforts related to the promulgation of the Standard Contract and the issuance of the December 1983 draft Mission Plan and he has had no involvement with the Standard Contract since 1984.

---

[2] "A. __" refers to the appendix to this motion.

[3] The Government designated testimony for Mr. Morgan in the trial conducted in Southern Nuclear Operating Co., et.al. v. United States, No. 98-614C (Merow, S.J.).

By letter dated July 20, 2006, counsel for SFI-MS notified the Government that he sought to "update" the depositions of four individuals -- Messrs. Morgan, Kouts, Pollog, and Zabransky – in three cases scheduled to go to trial before March 2007 (this case, Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.), and System Fuels, Inc. v. United States, No. 03-2623C (Lettow, J.)). A. 32. Counsel also stated a need to ask these individuals about "their knowledge as to each of these specific cases." Id. Government counsel responded to this letter, by letter dated August 9, 2006, and asked counsel for SFI-MS to identify what new areas of inquiry necessitated the re-opening of the depositions of these individuals. A. 34. On August 31, 2006, counsel noticed the depositions of these four individuals to occur on October 3 and 4, 2006, in Washington D.C.[4]

At the pre-trial conference conducted on September 12, 2006, counsel for SFI-MS raised the issue regarding these depositions, asserting only a need to "update" the depositions of individuals who are on the Government's witness list. Transcript of Pre-Trial Conference, Sept. 12, 2006, 13:12-15. While counsel stated a need to depose Messrs. Kouts, Pollog and Zabransky, current program personnel, about events that had occurred since depositions taken in 2002, counsel for SFI-MS did not explain what new information or new events had occurred to make the re-opening of Mr. Morgan's deposition necessary. In response to counsel's concerns, the Court stated an expectation that the Government would make these individuals "available on a limited basis" and that counsel for SFI-MS would not seek to repeat the depositions that have already been taken. Transcript, 27:21-25.

---

[4] Fact and expert discovery ended on August 31, 2006. Amended Scheduling Order, issued Aug. 16, 2006.

Based upon this guidance from the Court, by letter dated September 26, 2006, the Government agreed to make Messrs. Kouts, Pollog, and Zabransky available for deposition on October 11 and 12, 2006, for depositions lasting no more than two hours on topics not covered in previous depositions. A. 39. However, we could not agree to re-open Mr. Morgan's deposition in light of the Court's guidance that the depositions were not to cover topics previously covered, because there is no new information about which Mr. Morgan could possibly be asked since his involvement with the program ended in 1984. Accordingly, we asked counsel for SFI-MS to withdraw the notice of deposition. Id.

In a teleconference on September 28, 2006, counsel for SFI-MS agreed to withdraw the notice for Mr. Morgan, but only to remedy the flaws in service.[5] However, counsel stated the intention to pursue Mr. Morgan's deposition in this case, the other System Fuels case and Northern States. Government counsel advised counsel for SFI-MS that we would seek a protective order from the Court regarding the need to continue Mr. Morgan's deposition.

[5] As noted in the Government's letter dated September 26, 2006, because Mr. Morgan is a third-party, his attendance can only be compelled with the service of a subpoena for a deposition within 100 miles of Mr. Morgan's residence in Monument, Colorado. Because Mr. Morgan has not yet been served with this subpoena, SFI-MS's attempt to depose Mr. Morgan is clearly untimely.

## ARGUMENT

### I. SFI-MS CANNOT SHOW GOOD CAUSE AS TO WHY IT SHOULD BE ALLOWED TO RE-OPEN MR. MORGAN'S DEPOSITION

Mr. Morgan has already been deposed by counsel for SFI-MS in depositions that were conducted in 2002. Although SFI-MS itself was not a party to the coordinated discovery proceedings in which these depositions were taken, SFI-MS has already availed itself of the depositions of Mr. Morgan and others conducted in these proceedings in its extensive designation of deposition testimony in this case. Therefore, the Court should consider the depositions as taken in this case and require SFI-MS to meet the requirements of RCFC 30(a)(2)(B), prior to allowing Mr. Morgan's deposition to be re-opened. Because SFI-MS cannot show good cause as to why it should be allowed to re-open Mr. Morgan's deposition, the Court should enter a protective order to preclude this deposition.

We understand that, of the three cases in which SFI-MS's counsel seeks to "update" the depositions of the witnesses the Government plans to call at trial, only the plaintiff in Northern States was officially a party to the coordinated discovery proceedings. Nevertheless, the transcripts of those proceedings are available in the two System Fuels cases, and SFI-MS has already availed itself of those transcripts in its designation of numerous pages of depositions taken during those proceedings. See Notice of Deposition And Trial Testimony Designations, filed Aug. 18, 2006. Because all of the spent nuclear fuel cases concern the same subject matter – the alleged partial breach of the Standard Contract – and plaintiffs represented by the same counsel have already conducted extensive depositions of Mr. Morgan and other individuals, the Court should determine that Mr. Morgan has already been deposed in this case. RCFC 32(a)(4)("when an action has been brought in any court of the United States or of any stated and

other action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor"); Paramount Payphones, Inc. v. Branch, 256 B.R. 341, 342-43 (M.D. Fla. 2000). Alternatively, if the Court decides that SFI-MS has not already "taken" Mr. Morgan's deposition because SFI-MS was not party to the coordinated discovery proceedings, we request that the Court deem the transcripts of Mr. Morgan's previous depositions as well as all of the other depositions taken in the coordinated discovery unavailable for use by SFI-MS for designations or any other purpose at trial.[6]

Pursuant to RCFC 30(a)(2)(B), "[a] party must obtain leave of the Court, which shall be granted to the extent consistent with the principles stated in RCFC 26(b)(2), . . . if (B) the person to be examined already has been deposed in the case." In applying the principles of Rule 26(b)(2) of the Federal Rules of Civil Procedure, upon which the Rules of the Court of Federal Claims are based, courts will examine whether "(1) the discovery sought is cumulative or can be obtained more conveniently from some other source; (2) the party seeking the discovery has already had a full opportunity to obtain the information; and (3) the burden and expense of the proposed discovery outweigh its likely benefit." Keck v. Union Bank of Switzerland, No. 94-civ-4912, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997)(citing RCFC 26(b)(2); Hurley v. JARC Builders, Inc., 164 F.R.D. 39, 40 (E.D. Pa. 1995)). Courts often grant leave to re-open

---

[6] As explained in "Defendant's Motion To Strike Plaintiff's 'Notice of Deposition And Trial Testimony Designations' and, in the Alternative, Motion In Limine To Preclude Reliance Upon Those Designations As Substantive Evidence Pursuant To RCFC 32(a) and Federal Rule Of Evidence 801(d)(2)," filed September 8, 2006, SFI-MS cannot seek the admission of Mr. Morgan's previous testimony as "admissions of a party opponent," pursuant to FRE 801(d)(2), because Mr. Morgan was not employed by the Federal Government at the time of that testimony.

depositions only upon a showing that there is new information that was not available at the time of the original deposition. See, e.g., Miller v. Federal Express Corp., 186 F.R.D. 376, 389 (W.D. Tenn. 1999) ("Although the re-opening of depositions is disfavored as a general rule, existing case law, as well as common sense, supports allowing redeposal where a party fails to disclose relevant information in its Rule 26(a) disclosure which it later reveals only after an intervening deposition has occurred."). Moreover, when supplemental depositions are allowed, the requesting party is only allowed a supplemental deposition that is very limited in scope. See, e.g., Jade Trading, LLC v. United States, 64 Fed. Cl. 85, 87 (2005); Dixon v. Certainteed Corp., 164 F.R.D. 685, 692 (D. Kan. 1996).

SFI-MS has made no attempt to demonstrate that there is new information that was not available at the time of Mr. Morgan's first depositions about which it needs to ask Mr. Morgan. Indeed, there cannot be any new information since Mr. Morgan left the program in 1984 and has not had any responsibility or involvement with OCRWM since that time. Counsel for SFI-MS has already had ample opportunity to question Mr. Morgan about his knowledge and his involvement in events prior to January 1984. In addition, Mr. Morgan's expected testimony at trial – the Government's promulgation of the Standard Contract and the development of the December 1983 draft Mission Plan -- was clearly known at the time of the Mr. Morgan's previous depositions because the Government had filed its summary judgment motion regarding the rate of acceptance at the time of these depositions. SFI-MS recognized this fact in an early status report it filed, wherein it stated that "[i]f the Government has not altered its position regarding the acceptance rate and Greater-Than-Class-C waste issues that was proffered in the partially dispositive motions that it filed in [2001] . . ., then any discovery in this case on

acceptance rate issues may potentially be a waste of time and resources – as it would likely yield information that is largely duplicative of what the various parties produced in the coordinated discovery proceedings between 2001 and 2002." Plaintiff's Status Report, at 3 (Apr. 23, 2004). Moreover, review of Mr. Morgan's previous trial testimony will reveal that Mr. Morgan does not testify about individual utility claims or other utility-specific topics, given that his involvement in the program ended in 1984. Thus, questioning Mr. Morgan about his general knowledge of the SFI-MS's claims will not lead to "the discovery of admissible evidence."

Instead of identifying new information that was not available at the time of Mr. Morgan's previous depositions, counsel for SFI-MS has merely stated a need to "update" the existing depositions of Mr. Morgan. However, this desire to "update" the depositions because counsel has not seen the witness for a period of time does not satisfy the requirement to show good cause for the re-opening of a deposition. The Government is unaware of any rule of discovery that provides a party's right "update" depositions solely due to the passage of time between the deposition and the conduct of trial.

At the pre-trial conference, counsel for SFI-MS also indicated that he needed to re-open four depositions because the Government had opposed the designation of deposition testimony for Mr. Morgan as well as others. Transcript, 13:12-15. The Government's opposition to the designation of deposition testimony is separate and apart from our opposition to the re-opening of Mr. Morgan's deposition. The Government's opposition to the designation testimony for Mr. Morgan is based upon the fact that Mr. Morgan was not a Government employee at the time of his deposition, therefore, his deposition testimony cannot be admitted as the admission of a party

opponent, pursuant to Fed. R. Evid. 801(d)(2). Any further deposition testimony from Mr. Morgan would be subject to the same objection.

However, as we noted in our opposition to the deposition designations for Mr. Morgan, we will not oppose SFI-MS seeking the admission of Mr. Morgan's testimony pursuant to RCFC 32(a), provided, however, that we be allowed to also designate Mr. Morgan's testimony. Although SFI cannot properly introduce Mr. Morgan's past testimony pursuant to FRE 801(d)(2)(D) because he was not a Federal employee at the time of that testimony, the Court should permit both parties to introduce portions of Mr. Morgan's past testimony, and to rely upon that past testimony as substantive evidence, pursuant to RCFC 32(a) to preclude the need for Mr. Morgan, yet again, to travel to Washington, D.C., to testify regarding contract formation issues about which he has already repeatedly testified in several trials before this Court. Given the SNF plaintiffs' opposition to allowing for a consolidated hearing or trial to resolve rate issues, and their insistence that they wanted individual trials in which the Government would be required to relitigate on a continual basis the same contract formation issues, the Court should invoke RCFC 32(a)(3) to allow both the Government and SFI to designate portions of Mr. Morgan's testimony in lieu of live testimony. Moreover, designation by both parties would preclude the need for Mr. Morgan's continued deposition.

Finally, the burden to Mr. Morgan of re-opening his deposition is great. As noted above, the Government originally requested that the Court consolidate the SNF cases, in part to permit for coordinated discovery and to permit former Federal employees, like Mr. Morgan, to testify once, and only once, regarding matters that are relevant in all of the SNF cases. The Court did not grant the Government's request, and, as a result, Mr. Morgan, who was involved in the

formation of the Standard Contract at issue in this case, has now testified in the trial of the three cases. Given Mr. Morgan's age, the fact that he retired from Federal service approximately 18 years ago, and the fact that counsel for SFI-MS has failed to identify any new information that makes the continuation of Mr. Morgan's deposition necessary, the Court should preclude this continued deposition because the burden to Mr. Morgan clearly outweighs SFI-MS's need for the additional deposition testimony.

## II. SFI-MS's ATTEMPT TO RE-OPEN THE DEPOSITION OF MR. MORGAN IS UNTIMELY

Although counsel for SFI-MS sought to schedule Mr. Morgan's deposition before the close of discovery, by letter dated July 20, 2006, counsel did not serve a notice for Mr. Morgan's deposition until August 31, 2006, the day that discovery in this case closed. SFI-MS's lack of diligence in pursuing this issue should weigh in the Court's consideration of the matter. DAG Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 107 (D.D.C. 2005) (Court grants motion for protective order to preclude discovery upon finding that party seeking discovery were not diligent in efforts to obtain discovery in time permitted). SFI-MS's has failed to diligently pursue its supposed need to re-open the deposition of Mr. Morgan. On this basis alone, the Court should enter the requested protective order.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court enter a protective order precluding the re-opening of the deposition of Mr. Robert Morgan.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

ALAN J. LO RE
Senior Trial Counsel

SCOTT DAMELIN
STEPHEN FINN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

October 3, 2006

Attorneys for Defendant

# APPENDIX

# INDEX TO THE APPENDIX

Document Page

Excerpts of Deposition of Mr. Robert Morgan, conducted March 21-22 and June 25, 2002 . . . . 1

Letter from Mr. Alex Tomaszczuk, Pillsbury Winthrop, to Ms. Sharon Snyder, U.S. Department of Justice, dated July 20, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Letter from Ms. Marian Sullivan, U.S. Department of Justice, to Mr. Alex Tomaszczuk, dated August 9, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Letter from Ms. Marian Sullivan to Mr. Alex Tomaszczuk, dated September 26, 2006 . . . . . . 39