**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on October 17, 2006)

| | | |
|---|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | ) | |
| Plaintiff, | ) | No. 03-2624C<br>(Judge Braden) |
| v. | ) | |
| **THE UNITED STATES,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO PRECLUDE THE RE-OPENING OF THE DEPOSITION OF MR. ROBERT MORGAN**

Plaintiff System Fuels, Inc., on its own behalf and as agent for System Energy Resources, Inc. and South Mississippi Electric Power Association, respectfully files this response to Defendant's (the "Government") October 3, 2006 motion for a protective order to preclude the "re-opening" of the deposition of Mr. Robert Morgan ("Gov't Motion"). The Government's motion appears to rely on two false premises: 1) the fact that Mr. Morgan was deposed by the undersigned counsel several years ago limits Plaintiff's right to depose Mr. Morgan now; and 2) the Government's right to use of Mr. Morgan's past deposition and trial testimony are identical to Plaintiff's rights regarding the same. Because these two premises are unsupported by the rules of this Court, the rules of evidence, and well-settled case law, the Government has failed to meet its burden to establish the good cause that is necessary for a protective order. Thus, the instant motion should be denied.

## I. STANDARD OF REVIEW

RCFC 26(c) requires the Government, as the moving party, to show "good cause" as to why Mr. Morgan may not be deposed in this case. Good cause is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (parties failed to sustain burden of demonstrating specific injury from public dissemination of privileged documents). However, good cause is not established merely by showing that discovery may involve inconvenience and expense. Lehnert v. Ferris Faculty Ass'n-MEA-NEA, 556 F. Supp. 316, 318 (W.D. Mich. 1983) (extent of discovery burden party must bear is measured by nature, importance, and complexity of inquiry involved in case).

## II. THE SIGNIFICANCE OF MR. MORGAN'S PAST DEPOSITIONS IN COORDINATED DISCOVERY PROCEEDINGS IS OVERSTATED AND SHOULD NOT BAR A NARROWLY-TAILORED DEPOSITION OF MR. MORGAN IN THIS DAMAGES CASE

The fact that the undersigned counsel deposed Mr. Morgan during the coordinated discovery proceedings in 2002 is hardly dispositive of whether a protective order should be entered to preclude a narrowly-tailored deposition of Mr. Morgan now in this damages case. First and foremost, SFI's case had not yet been filed at the time Mr. Morgan was deposed in the coordinated discovery proceedings, and it is fundamentally unfair to deprive SFI of the opportunity to depose a key fact witness for the Government in this case. Because the Government has designated Mr. Morgan as a trial witness in this case, and because he has *never* been deposed in this case, there is no basis for deeming Mr. Morgan as having been deposed in this case under RCFC 30(a)(2)(B) as the Government suggests. Second, the scope of the deposition of Mr. Morgan in 2002 by the plaintiff utilities involved in the coordinated discovery proceedings is not the same as the scope of the deposition sought now in the damages phase of this

case. Certainly, as indicated in the proposed designations that SFI has submitted to the Court, there are several excerpts from Mr. Morgan's past deposition and trial testimony that SFI has determined may be relevant in this case. The Government mistakenly concludes, however, that the approach through which the undersigned counsel (and counsel for other plaintiff utilities) deposed Mr. Morgan several years ago should somehow "bind" or limit the way that SFI – which in 2002 had not yet initiated its breach of contract action against the Government in this Court – litigates its action. SFI's theory of its case, even on issues regarding the acceptance rate, need not be identical to how other plaintiff utilities have previously litigated the issue (regardless of whether or not they are represented by the same counsel).[1]

Just as importantly, there is no inconsistency between SFI's proposed deposition of Mr. Morgan and its representation in an April 2004 status report that if the Government has not altered its position on the acceptance rate, "then any discovery in this case on acceptance rate issues . . . would likely yield information that is largely duplicative of what the various parties produced in the coordinated discovery proceedings between 2001 and 2002." Indeed, rather than re-depose Mr. Morgan from scratch, SFI submits that designating Mr. Morgan's past testimony is an appropriate and much more efficient use of the parties' resources in this case.[2] However, SFI has never suggested (nor conceded) that the coordinated discovery proceedings would act as a

[1] Notably, the plaintiff utilities represented by the undersigned counsel for SFI believed that the acceptance rate issue could be resolved as a matter of law and cross-moved in response to the Government's initial motions for summary judgment in their cases. In SFI's case, however, to the extent it needs to be resolved at all, the acceptance rate appears to be a factual issue. For this reason alone, SFI's deposition of Mr. Morgan is necessary and appropriate. To the extent that Mr. Morgan testified on factual matters in prior SNF trials, neither SFI nor its counsel were a party those cases and should be permitted (as appropriate under RCFC 26(b)(1)) to explore those matters in a deposition prior to the Government's case-in-chief in January 2007.

[2] Plaintiff understands that the Government has stated its opposition to the designation of Mr. Morgan's prior testimony that is "separate and apart" from its opposition to the alleged "re-opening" of Mr. Morgan's deposition. For reasons explained in Section III *infra*, however, the Government's objections are unfounded.

complete substitute for its discovery of the Government's trial witnesses in this case. While Government counsel has represented that no new information has developed with respect to Mr. Morgan since his initial depositions in 2002, Mr. Morgan himself is the best source to confirm that representation. And in that regard, while RCFC 30(a)(1) permits SFI to depose Mr. Morgan without leave of court, SFI prefers to work cooperatively with Government counsel and the Court on resolving this discovery matter. As the undersigned counsel for SFI already represented to the Court, its depositions of DOE witnesses would be conducted in a narrowly-tailored and efficient manner. Consistent with this representation, SFI's depositions of Messrs. Christopher Kouts, David Zabransky, and Thomas Pollog on October 11 and 12, 2006 were each completed within a two-and-a-half hour period (including breaks). SFI has no interest in asking Mr. Morgan questions that have already been answered. Nonetheless, SFI is entitled to ask questions on matters that it deems relevant to this case (and were not previously covered or covered incompletely in coordinated discovery). Finally, given the Government's representations about Mr. Morgan's expected testimony at trial, there is no question that his deposition would "lead to the discovery of admissible evidence." RCFC 26(b)(1).

## III. PLAINTIFF MAY USE MR. MORGAN'S PRIOR TESTIMONY AT TRIAL IN WAYS THAT THE GOVERNMENT MAY NOT

SFI offers the testimony of Mr. Robert Morgan based on the Government's authorization of a person to make statements on a particular issue. See FED. R. EVID. 801(d)(2)(C). In this regard, the Government identified in interrogatories that (1) Mr. Morgan was among the "DOE personnel" that participated in creating the Standard Contract for Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste and (2) quote Mr. Morgan's deposition transcript regarding the Government's asserted position in this litigation. See Plaintiff's Response To Defendant's Motion To Strike Plaintiff's "Notice Of Deposition And Trial Testimony Designations" And, In



400467650v1

The Alternative, Motion In Limine To Preclude Reliance Upon Those Designations Substantive Evidence Pursuant to RCFC 32(a) And Federal Rule Of Evidence 801(d)(2) at Exhibit D (Sept. 25, 2006). SFI seeks to introduce testimony regarding Mr. Morgan's participation in the creation of the Standard Contract. As noted above, Mr. Morgan is listed to testify in this case regarding topics covered by his admissions. Therefore, because the Government identified Mr. Morgan as having participated in the Standard Contract's creation, quoted Mr. Morgan's deposition in its interrogatories, and listed Mr. Morgan to testify regarding the same topics for which he has made relevant admissions, SFI's designations should be admissible pursuant to FED. R. EVID. 801(d)(2)(C).

Notwithstanding the Government's general objection to SFI's use of designations (and of Mr. Morgan, in particular), the Government agrees that SFI may introduce testimony from Mr. Morgan, but requests that it be allowed to introduce Mr. Morgan's testimony from two prior trials to allow Mr. Morgan to avoid testifying in this trial. Gov't Motion at 9. The Government's request is unfounded. SFI has marked certain testimony from Mr. Morgan based on FED. R. EVID. 801(d)(2) – admissions of a party-opponent – which rule has neither a requirement that opposing counsel be present for an admission, nor one allowing for the marking of counter-designations (as the Government has extensively done here). On the contrary, the Government seeks to have Mr. Morgan's testimony admitted under RCFC 32(a), which rule specifically allows use of a "deposition" only "against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof . . . ." The Government has counter-designated testimony for Mr. Morgan from two trials in Tennessee Valley Auth. v. United States, No. 01-249C (Lettow, J.) and Yankee Atomic Elec. Co. v. United States, No. 98-126 (Merow, S.J.). First, on its face, RCFC 32(a) relates to the use of "deposition" testimony, not trial testimony as the Government apparently seeks to designate in the instant case. Second, SFI was not a party to

either of these trials and, thus, had no opportunity to have counsel present and represented with the opportunity for cross-examination as required by RCFC 32(a). Furthermore, Mr. Morgan is the only witness on the Government's list that could potentially authenticate the substantial number of documents on the Government's exhibit list, which documents were apparently submitted to him when DOE developed the Standard Contract. Thus, SFI opposes allowing the Government to submit Mr. Morgan's testimony from the Tennessee Valley Authority and Yankee Atomic trials in lieu of live testimony.

Lastly, the Government overstates the burden of "re-opening" Mr. Morgan's deposition. The need for Mr. Morgan "yet again, to travel to Washington, D.C., to testify regarding contract formation issues" (and any associated burden) is attributable to the Government, which listed Mr. Morgan as someone it expects to present on direct examination for 1-2 hours. Defendant's Final Witness List at 2 (Sept. 1, 2006). Because it appears that mere convenience is one of the main purposes underlying the Government's efforts to substitute Mr. Morgan's prior trial testimony for his live testimony in this case, "good cause" does not exist for the issuance of a protective order precluding the deposition of Mr. Morgan. See Lehnert, 556 F. Supp. at 318. And concerning convenience, the undersigned counsel is fully prepared to travel to Monument, Colorado – where Mr. Morgan apparently now resides – and to serve him with a subpoena if counsel for the Government is not prepared to accept service of a deposition notice on Mr. Morgan's behalf. Any such deposition can also be scheduled at a time convenient to Mr. Morgan and counsel for the parties.

## CONCLUSION

For the foregoing reasons, the Government has failed to establish the "good cause" necessary for a protective order. The Government's motion should be denied and Plaintiff should be permitted to depose Mr. Robert Morgan on what should be a discrete and narrowly-tailored set of matters. The Government request to substitute Mr. Morgan's prior trial testimony in lieu of live testimony should also be denied.

Dated: October 17, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD & CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)