**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on November 6, 2006)

| | |
|---|---|
| **SYSTEM FUELS, INC.,** on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

**SUPPLEMENTAL TESTIMONY OF FRANK B. RIVES**
**ON AGENCY AND RATES ISSUES**

Per the Court's direction at the September 2006 damages trial in this case, Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for System Energy Resources, Inc. ("SERI"), and South Mississippi Electric Power Association ("SMEPA"), respectfully files the prepared direct testimony of Frank B. Rives, as follows:

Q. PLEASE STATE YOUR NAME AND BUSINESS ADDRESS.

A. My name is Frank B. Rives. My business address is 1340 Echelon Parkway, Jackson MS 39213.

Q. BY WHOM ARE YOU EMPLOYED AND IN WHAT POSITION?

A. I am employed by Entergy Services, Inc. ("ESI") as Director, Nuclear Fuels. I report to the Chief Executive Officer of the Nuclear organization, Gary Taylor. In the capacity of Director, Nuclear Fuels, I am responsible for procurement of fuel and fuel-related services, including the administration of Entergy's contracts with the Department of Energy ("DOE") for disposal of spent nuclear fuel.

Q. ARE YOU THE SAME FRANK B. RIVES WHO TESTIFIED IN THE PLAINTIFFS' CASE IN CHIEF IN THIS MATTER?

A. Yes, I am.

Q. WHAT IS THE PURPOSE OF YOUR SUPPLEMENTAL TESTIMONY?

A. I will address the relationship of the named plaintiffs in this case, agency and service agreements in place between the plaintiffs and certain Entergy service companies, and how the costs claimed as damages in this case have been collected on accounting books for those plaintiffs. I will also address the Court's inquiries regarding the recovery of damages costs from ratepayers.

Q. PLEASE IDENTIFY THE PLAINTIFFS IN THIS CASE.

A. This case is captioned as System Fuels, Inc. ("SFI") on its own behalf and as agent for System Energy Resources, Inc. ("SERI") and South Mississippi Electric Power Association ("SMEPA").

Q. WHAT IS SFI?

A. SFI is an Entergy Corporation subsidiary, owned by four of Entergy Corporation's utility subsidiaries. SFI is owned by Entergy Arkansas, Inc. (35 percent share), Entergy Louisiana Holdings, Inc. (33 percent share), Entergy New Orleans, Inc. (13 percent share), and Entergy Mississippi, Inc. (19 percent share). SFI was created to fulfill the purpose of, among other things, "[p]urchasing, selling, contracting for the storage, transportation and processing of, and otherwise dealing with [fuels for electric generating plants], materials which can be converted into such fuels, and their by-product materials." SFI Articles of Incorporation, January 4, 1972, Plaintiffs' Exhibit 500, para. 4. The stated purpose of dealing with fuel by-product materials includes the ultimate disposition of spent nuclear fuel. SERI entered into an agreement with SFI in 1978 whereby SFI would provide nuclear fuels and fuel services for SERI. Nuclear Fuel and Fuel Services Purchase Agreement, dated June 15, 1978, Plaintiffs' Exhibit 501.

Q. WHAT IS SERI?

A. SERI is a wholly-owned subsidiary of Entergy Corporation. SERI owns or leases a 90 percent undivided share of the Grand Gulf Nuclear Station ("Grand Gulf"). It sells its share of Grand Gulf power output to four of Entergy Corporation's utility subsidiaries, at wholesale, under a Federal Energy Regulatory Commission- ("FERC") approved power sales agreement having no set term and intended to be for the life of Grand Gulf. SERI Rate

Schedule FERC No. 2, Unit Power Sales Agreement, Plaintiffs' Exhibit 502. As a wholesale power generator, SERI's operations of Grand Gulf are regulated by the FERC. Because Grand Gulf is in Mississippi, the Mississippi Public Service Commission ("MPSC") also has some certificate authority over construction at the plant, although the MPSC does not regulate rates charged for Grand Gulf power.

Q. WHAT IS SMEPA?

A. SMEPA is a rural electric cooperative that generates, transmits and sells wholesale power to eleven member distribution cooperatives. SMEPA owns a ten percent undivided share of Grand Gulf.

Q. WHAT ENTITY CONTRACTED WITH THE DEPARTMENT OF ENERGY FOR DISPOSAL OF GRAND GULF'S SPENT FUEL?

A. SFI entered into the Standard Contract with the Department of Energy ("DOE") on June 30, 1983 "acting on behalf of itself; and Middle South Energy, Inc. (MSEI) . . .; and South Mississippi Electric Power Association (SMEPA)." Grand Gulf Standard Contract, page 1, Plaintiffs' Exhibit 188.

Q. WHAT IS MIDDLE SOUTH ENERGY, INC., THAT WAS NAMED IN THE STANDARD CONTRACT?

A. Middle South Energy, Inc. ("MSE") was the former name of the company now called SERI. The name was changed by a resolution of the MSE Board of Directors, dated July 22, 1986, which resolution amended the by-laws of MSE to change the name of the corporation to SERI. MSE Board Minutes, dated July 22, 1986, at page 3, Plaintiffs' Exhibit 503.

Q. HOW DID SMEPA ACQUIRE ITS TEN PERCENT OWNERSHIP SHARE OF GRAND GULF?

A. Pursuant to a May 1, 1980 agreement between MSE (now SERI) and SMEPA, SMEPA agreed to pay its share of the construction cost of Grand Gulf such that it would obtain a ten percent ownership share in the plant. Joint Construction, Acquisition and Ownership Agreement, May 1, 1980, in particular at sections 2.02 and 2.03, Plaintiffs' Exhibit 504.

Q. WHAT ENTITY HAS ULTIMATELY INCURRED THE DAMAGES COSTS CLAIMED IN THIS LAWSUIT?

A. The costs, for labor, materials and contractors, have been incurred in the first instance by Entergy service companies, that bill SERI monthly for those costs. SERI then bills SMEPA for its ten percent share of those costs. As Lisa Dabello Saragusa testified at the trial on September 20, 2006, the damages costs that have been claimed in this case have been taken from SERI's books. Trial Transcript at 1037 (Sept. 20, 2006).

Q. WHAT ENTERGY SERVICE COMPANIES HAVE INCURRED COSTS FOR THE DAMAGES THAT HAVE BEEN BILLED TO SERI?

A. Entergy Services, Inc. ("ESI") and Entergy Operations, Inc. ("EOI") have been responsible for staffing, management and implementation of the dry fuel storage project at Grand Gulf, including the hiring and payment of contractors and the acquisition and payment for materials. ESI and EOI are service companies and subsidiaries of Entergy Corporation that were organized under the Public Utility Holding Company Act, and charge for the services and materials they provide at cost.

Q. WHAT IS SERI'S AUTHORITY WITH RESPECT TO THE GRAND GULF DRY FUEL STORAGE PROJECT?

A. In an agreement dated May 1, 1980, SMEPA irrevocably appointed MSE (now SERI) as its agent to act on its behalf to manage, control, maintain, repair and operate Grand Gulf, in all respects as if MSE were the sole owner of Grand Gulf. Grand Gulf Nuclear Station Operating Agreement between MSE and SMEPA, dated May 1, 1980, at pages 6 and 9, Plaintiffs' Exhibit 505. That agreement expressly provided that MSE would acquire and manage nuclear fuel, including waste disposal matters. Id. at 12. The agreement also provided that MSE (now SERI) would be responsible for making payment to third parties for the costs of operation of Grand Gulf, id. at 14, SMEPA would pay MSE (now SERI) its ten percent share of the cost of operation, id. at 15, and MSE had the authority to appoint agents for the purpose of discharging any of its obligations respecting Grand Gulf, id. at 6.

Q. DID MSE (NOW SERI) APPOINT AGENTS TO OPERATE AND MANAGE GRAND GULF?

A. Yes, it did. In pursuance of its authority to appoint subagents to fulfill its responsibilities with respect to operation of Grand Gulf, SERI entered into an agreement with EOI to "take all actions necessary to make Capital Improvements to GGNS [Grand Gulf]" . . . and "Operate GGNS in accordance with Good Utility Practice." Grand Gulf Nuclear Station Operating Agreement, dated June 6, 1990, at page 7, Plaintiffs' Exhibit 506. That operating agreement also gave EOI the right to enter contacts as agent for SERI and SMEPA. Id. at section 2.3, page 10-11. In exchange, SERI agreed to pay EOI its costs for operations and

capital improvements. Id. at 19. SERI executed this operating agreement for itself and as agent for SMEPA. Id. at 30.

MSE (now SERI) also entered into an agreement with Middle South Services, Inc. (now called ESI) in 1974 for certain corporate services, such as federal regulatory interfacing, tax services, insurance matters, and other services. Service Agreement dated July 16, 1974, Plaintiffs' Exhibit 507.

Q. DID EOI ENGAGE ANY ENTERGY SUBSIDIARIES TO ASSIST IN GRAND GULF OPERATIONS?

A. Yes, it did. EOI contracted directly with ESI to provide it certain services, at cost, used to support the nuclear plants EOI operates. Service Agreement Between ESI and EOI, dated June 6, 1990, Plaintiffs' Exhibit 508.

Q. IN PRACTICE, HOW DO THESE VARIOUS AGREEMENTS YOU HAVE DESCRIBED WORK AT GRAND GULF?

A. EOI is the licensed operator of Grand Gulf. Most of the personnel working at Grand Gulf are EOI employees. Some of the employees are ESI employees. There are no SERI employees at Grand Gulf. EOI and ESI employees at Grand Gulf provide services in furtherance of the dry fuel storage project, and have engaged various contractors (some of which were described by Plaintiffs' witness Mr. Edwin Rogers at the trial) to provide other goods and services required for the project. EOI or ESI pay for all the goods and services at their cost, then bill SERI, which in turn bills SMEPA for its ten percent share. In some instances, ESI may bill EOI first, which in turn bills SERI. In all cases, EOI, ESI and SERI bill for materials and services at cost.

Q. HOW DOES SERI RECOVER ITS COSTS FROM RATEPAYERS?

A. As I mentioned above, SERI sells its share of the output of Grand Gulf to four utility subsidiaries of Entergy Corporation, Arkansas Power & Light Co. (now Entergy Arkansas, Inc.), Louisiana Power and Light Company (now Entergy Louisiana, LLC), Mississippi Power & Light Company (now Entergy Mississippi, Inc.), and New Orleans Public Service, Inc. (now Entergy New Orleans, Inc.). SERI Rate Schedule FERC No. 2, Unit Power Sales Agreement, Plaintiffs' Exhibit 502. Those utility subsidiaries pass the costs of Grand Gulf power on to their customers in their service territories, or otherwise sell their share of the output.

Q. DOES THIS CONCLUDE YOUR TESTIMONY AT THIS TIME?

A. Yes, it does

Dated: November 6, 2006

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf
and as agent for System Energy Resources, Inc
and South Mississippi Electric Power Association

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)