No. 03-2624C
(Judge Braden)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

SYSTEM FUELS, INC., on its own behalf and as agent for
SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI
ELECTRIC POWER ASSOCIATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S MOTION TO APPLY THE PROPER BURDEN OF PROOF IN THIS ACTION ALLEGING EXPECTANCY DAMAGES CAUSED BY THE DELAY IN ACCEPTING SPENT NUCLEAR FUEL BY THE DEPARTMENT OF ENERGY

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, 8th Floor
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., SW
Washington, D.C. 20585

December 20, 2006

**TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. PLAINTIFF BEARS THE BURDEN OF ESTABLISHING ALL ELEMENTS OF ITS CLAIM, INCLUDING LIABILITY, CAUSATION, FORESEEABILITY, AND REASONABLE CERTAINTY . . . . . . . . . . . . . . . . . 2

A. Contract Damages Place The Injured Party In As Good A Position, But Not Better, Than He Would Have Been Absent The Breach . . . . . . . . . . 2

B. SFI Has Elected To Seek Recovery Of Expectation Damages And, Under That Remedy, Must Demonstrate The Costs That It Would Have Incurred Had DOE Performed The Standard Contract . . . . . . . . . . . 4

C. SFI's Characterization Of Its Damages As "Mitigation Costs" Is Legally Incorrect, And Does Not Relieve It Of The Burden Of Establishing That Its Costs Were Incurred As A Result Of The Breach And Would Not Have Been Incurred In The "But For" World . . . . . . . . . . . . . . . . . . . . . . 6

D. Plaintiff's Actions Confirm Its Recognition Of Its Burden To Prove The "But For" World . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

E. SFI Has The Burden Of Demonstrating That Its Claimed Damages Were Foreseeable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

F. SFI Must Prove Its Damages With Reasonable Certainty . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

### CASES

Alaska Pulp Corp. v. United States,
59 Fed. Cl. 400 (2004) . . . . . . . . . . 2

American Capital Corp. v. United States,
2006 WL 3055912 (Fed. Cir. Oct. 30, 2006) . . . . . . . . . . 5

Barrow Utils. & Elec. Co. v. United States,
20 Cl. Ct. 113, 121 (1990) . . . . . . . . . . 14

Bluebonnet Sav. Bank, FSB v. United States,
67 Fed. Cl. 231 (2005) . . . . . . . . . . 4, 8

Bluebonnet Sav. Bank, FSB v. United States,
339 F.3d 1341 (Fed. Cir. 2003) . . . . . . . . . . 3, 9

Bohac v. Department of Agric.,
239 F.3d 1334 (Fed. Cir. 2001) . . . . . . . . . . 13

California Federal Bank v. United States,
395 F.3d 1363 (Fed. Cir. 2005) . . . . . . . . . . 3

Coast Fed. Bank, FSB v. United States,
48 Fed. Cl. 402 (2000) . . . . . . . . . . 5

Consumers Energy Co. v. United States,
65 Fed. Cl. 364, 373 (2005) . . . . . . . . . . 3

DPJ Co. v. FDIC,
30 F.3d 247 (1st Cir. 1994)) . . . . . . . . . . 3

Fawick Corp. v. United States,
149 Ct. Cl. 623, 637 (1960) . . . . . . . . . . 3

Fleet Nat'l Bank v. Anchor Media Television, Inc.,
45 F.3d 546, 560-62 (1st Cir. 1995) . . . . . . . . . . 10

Glendale Fed. Bank, FSB v. United States,
239 F.3d 1374 (Fed. Cir. 2001) . . . . . . . . . . 9

Home Savings of America, FSB v. United States,
339 F.3d 1341, 1352-53 (Fed. Cir. 2005) . . . . . . . . . . 7

Indiana Michigan Power Co. v. United States,
422 F.3d 1369 (Fed. Cir. 2005) . . . . . . . . . . passim

Landmark Land Co. v. Federal Deposit Insur. Corp.,
256 F.3d 1365 (Fed. Cir. 2001) . . . . . . . . . . 13

Massachusetts Bay Transp. Auth. v. United States,
129 F.3d 1226, 1232 (Fed. Cir. 1997) . . . . . . . . . . 3

Modern Leasing, Inc. v. Falcon Man. Of California, Inc.,
888 F.2d 59, 62 (8th Cir. 1989) . . . . . . . . . . 7

Myerle v. United States,
33 Ct. Cl. 1 (1897) . . . . . . . . . . 3

Northern Helex Co. v. United States,
207 Ct. Cl. 862, 524 F.2d 707 (1975) . . . . . . . . . . 13

Pacific Gas & Elec. v. United States,
73 Fed. Cl. 333 (2006) . . . . . . . . . . 3, 5, 6

Ramsey v. United States,
121 Ct. Cl. 101 F. Supp. 353 (1951) . . . . . . . . . . 3

Roseburg Lumber Co. v. Madigan,
978 F.2d 660 (Fed. Cir. 1992) . . . . . . . . . . 14

Sacramento Mun. Util. v. United States,
70 Fed. Cl. 332 (2006) . . . . . . . . . . 14

San Carlos Irrigation & Drainage Dist. v. United States,
877 F.2d 957 (Fed. Cir. 1989) . . . . . . . . . . 2

San Carlos Irrigation & Drainage Dist. v. United States,
111 F.3d 1557 (Fed. Cir. 1997) . . . . . . . . . . 3

Tennessee Valley Authority v. United States,
69 Fed. Cl. 515 (2006) . . . . . . . . . . 10, 11

Wells Fargo Bank v. United States,

88 F.3d 1012 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

White v. Delta Constr. Int'l, Inc.,
285 F.3d 1040 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**OTHER AUTHORITIES**

Restatement of Contracts § 344 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Restatement (Second) of Contracts, § 344 a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Restatement (Second) of Contracts, § 347 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Restatement (Second) of Contracts, § 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Restatement (Second) of Contracts, § 351, cmt. a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Restatement (Second) of Contracts § 352 cmt. a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Restatement (Second) of Contracts, § 373, cmt. a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 Arthur L. Corbin, Corbin on Contracts § 1005 (Interim ed. 1993) . . . . . . . . . . . . . . . . . . . . . . 5

11 Arthur L. Corbin, Corbin on Contracts § 55.3 (rev. ed. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 5

22 Am. Jur. 2d Damages § 698 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 03-2624C<br>(Judge Braden) |

DEFENDANT'S MOTION TO APPLY THE PROPER BURDEN OF PROOF IN THIS ACTION ALLEGING EXPECTANCY DAMAGES CAUSED BY THE DELAY IN ACCEPTING SPENT NUCLEAR FUEL BY THE DEPARTMENT OF ENERGY

Pursuant to the Court's direction during the first week of trial in System Fuels, Inc. v. United States, defendant, the United States, submits this motion requesting that the Court determine, before the second week of trial commences, the proper burden of proof to be applied regarding the expectation damages sought by plaintiff here. The second week of trial is scheduled to begin on Tuesday, January 16, 2006. To prepare for its case-in-chief, the Government requests an expedited ruling on the motion because the Court's ruling on the proper burden of proof will guide the presentation of the Government's case.

SUMMARY OF ARGUMENT

As we explain in detail below, plaintiff's claim for expectancy damages in this matter means that plaintiff bears the burden of proof of establishing that the damages it seeks are a direct result of the Government's delay in accepting spent fuel from Grand Gulf under the Standard Contract. In other words, plaintiff, System Fuels, Inc. ("SFI"), is obligated to establish that, "but for" the Government's breach, the plaintiff would not have incurred the damages that it

seeks. A predicate to this request is that plaintiff must establish 1) DOE's obligation under the Standard Contract, and 2) how DOE would have performed. In short, plaintiff must establish a credible "but for" world scenario against which to measure its alleged damages. Without such an analysis against which to measure damages, plaintiff's claim is simply meaningless.

## ARGUMENT

### I. PLAINTIFF BEARS THE BURDEN OF ESTABLISHING ALL ELEMENTS OF ITS CLAIM, INCLUDING LIABILITY, CAUSATION, FORESEEABILITY, AND REASONABLE CERTAINTY

#### A. Contract Damages Place The Injured Party In As Good A Position, But Not Better, Than He Would Have Been Absent The Breach

It is axiomatic, that "[t]o recover for breach of contract, a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989). As the United States Court of Appeals for the Federal Circuit recently recognized, the mere fact of the partial breach of the Standard Contract by the Department of Energy ("DOE") does not "perforce" make all of a utility's costs "to store its SNF recompensable: [a plaintiff] must prove foreseeability, causation, and reasonableness," Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1376 (Fed. Cir. 2005), and it must prove these three elements "by a preponderance of the evidence." Alaska Pulp Corp. v. United States, 59 Fed. Cl. 400, 413-14 (2004).

"One of the basic principles of contract damages is that 'damages for breach of contract shall place the wronged party in as good a position as it would have been in, had the breaching party fully performed its obligation.'" Bluebonnet Sav. Bank, F.S.B. v. United States, 339 F.3d

1341, 1344-45 (Fed. Cir. 2003) (quoting Massachusetts Bay Transp. Auth. v. United States, 129 F.3d 1226, 1232 (Fed. Cir. 1997)); accord Pacific Gas & Elec. Co. v. United States, 73 Fed. Cl. 333, 378 (2006); Consumers Energy Co. v. United States, 65 Fed. Cl. 364, 373 (2005) (quoting Bluebonnet Sav. Bank FSB, 339 F.3d at 1345). "Thus, the non-breaching party should not be placed in a better position through the award of damages than if there had been no breach." Bluebonnet Sav. Bank, 339 F.3d at 1344-45 (citing White v. Delta Constr. Int'l, Inc., 285 F.3d 1040, 1043 (Fed. Cir. 2002)). "[T]he non-breaching party 'should on no account get more than would have accrued if the contract had been performed.'" White, 285 F.3d at 1043 (quoting DPJ Co. v. FDIC, 30 F.3d 247, 250 (1st Cir. 1994)).

A plaintiff must introduce clear proof that it was injured as a direct result of the defendant's breach. Myerle v. United States, 33 Ct. Cl. 1, 27 (1897) ("there must not be two steps between cause and damage."); California Fed. Bank v. United States, 395 F.3d 1263, 1267-68 (Fed. Cir. 2005) (rejecting the "substantial factor" test). "For a damage to be direct there must appear no intervening incident . . . ; the cause must produce the effect inevitably and naturally, not possibly nor even probably." Ramsey v. United States, 101 F. Supp. 353, 357 (Ct. Cl. 1951). Similarly, the loss must be one which the non-breaching party can show that, "but for" the breach of contract, would not have been suffered. Fawick Corp. v. United States, 149 Ct. Cl. 623, 637 (1960); see San Carlos Irrigation & Drainage Dist. v. United States, 111 F.3d 1557, 1563 (Fed. Cir. 1997) ("[a] plaintiff must show that but for the breach, the damages alleged would not have been suffered") (emphasis added).

B. SFI Has Elected To Seek Recovery of Expectation Damages And, Under That Remedy, Must Demonstrate The Costs That It Would Have Incurred Had DOE Performed The Standard Contract

As we argued during the first portion of trial in this matter, SFI specifically chose expectation damages as its remedy here.[1] See Plaintiff's Pre-Trial Memorandum of Law, filed August 18, 2006 ("Plaintiff's Pre-trial Memo"), at 1, 2, 3. In other words, plaintiff seeks to be placed in the position that it allegedly would have occupied had the contract been performed.[2] Indeed, SFI cited to section 347 of the Restatement (Second) of Contracts in its brief. Id. As that treatise makes clear, plaintiff's expectation interest is measured by determining the loss in the value of the breaching party's performance, plus any other incidental or consequential loss, if any, caused by the breach, **"less any cost or other loss that he has avoided by not having to perform."** Restatement (Second) of Contracts § 347 (emphasis added). Thus, "[t]o derive the proper amount for the damages award, the costs resulting from the breach must be reduced by the costs, if any, that the plaintiff's would have experienced absent the breach." Bluebonnet Sav. Bank, F.S.B., 339 F.3d at 1345. "Because plaintiffs in this case are seeking expectancy damages, it is incumbent upon them to establish a plausible 'but-for' world."[3] Bluebonnet Sav.

[1] The Restatement (Second) of Contracts states that the "judicial remedies" under those rules serve to protect the expectation interest, reliance interest, or restitution interest of a promissee. Restatement (Second) of Contracts § 344.

[2] SFI could have chosen to seek restitution damages on a theory of total breach of the Standard Contract, but has chosen not to do so. See Restatement (Second) of Contracts § 373 cmt. a ("If, however, the breach is by non-performance, restitution is available only if the breach gives rise to a claim for damages for total breach and not merely to a claim for damages for partial breach."). In short, plaintiff seeks full performance of the Standard Contract and, as such, is bound by the standard of proof for such damages.

[3] As the Court recognized, the burden of proof for a party seeking expectation damages is different from the burden of a party seeking reliance damages. In the context of reliance

Bank, FSB v. United States, 67 Fed. Cl. 231, 238-39 (2005), aff'd , 466 F.3d 1349 (Fed. Cir. 2006); see also Pacific Gas & Electric, 33 Fed. Cl. at 386 (plaintiff must establish "what might have been" with reasonable certainty had the contract been performed); Coast Fed. Bank, FSB v. United States, 48 Fed. Cl. 402, 403 n.25 (2000) (plaintiffs bear burden of propounding realistic "but for" scenario). "Compensation for the plaintiff's losses is to be made with reference to the conditions existing at the time when performance is due and the contract is broken." PG&E, 33 Fed. Cl. at 385-85 n.44 (quoting 11 Arthur L. Corbin, Corbin on Contracts § 1005 (Interim ed. 1993)).[4]

As the Court is aware, the PG&E case was another spent nuclear fuel case in which plaintiff sought damages on a similar basis as those sought by plaintiff here. Plaintiff there also sought expectation damages, but attempted to couch them as mitigation damages. The Court's decision recognizes the controlling nature of the Federal Circuit's decision in Indiana Michigan

---

damages, "the injured party has the right to damages based on his reliance interest, including expenditures made in preparation for performance or in performance, less any loss that the party in breach can prove with reasonable certainty the injured party would have suffered had the contract been performed." Restatement (Second) of Contracts § 349 (emphasis added). Thus, under a reliance theory of recovery, the party in breach is required to prove that certain costs would have been incurred had the contract been performed and that those costs should be offset against the damages claimed by the plaintiff. See, e.g., American Capital Corp. v. United States, Nos. 05-5150, 05-5152, 05-5159, 2006 WL 3055912 at * 5-6 (Fed. Cir. Oct. 30, 2006). Here, however, plaintiff does not seek reliance damages, but, instead, seeks the benefit of its bargain through expectation damages. When the party is seeking expectation damages, it falls upon the injured party, the plaintiff here, to show what might have been had the contract been performed.

[4] Professor Corbin explained that "[t]he position that one would have occupied if history had been different is purely hypothetical. And yet that is the problem the trial court [is] required to solve." 11 Arthur L. Corbin, Corbin on Contracts § 55.3 (rev. ed. 2005).

and the general principle that, when seeking expectancy damages a plaintiff must establish a plausible "but for" world. PG&E, 33 Fed. Cl. at 378.

C. SFI's Characterization Of Its Damages As "Mitigation Costs" Is Legally Incorrect And Does Not Relieve SFI Of The Burden Of Establishing That Its Costs Were Incurred As A Result Of The Breach And Would Not Have Been Incurred In The "But For" World

While SFI seeks expectation damages here, it refers throughout its pre-trial brief to "mitigation costs" and "mitigation expenses," as though expectation damages are interchangeable with mitigation efforts. See, e.g., Plaintiff's Pre-Trial Memo at 2, 5, 11-13. As we will demonstrate, they are not.

SFI seeks to shift the burden of proof here to the Government by trying to characterize its expectation damages as "mitigation costs" and argues that, as the breaching party, the Government "bears the burden of showing that SFI's mitigation efforts as the non-breaching party were unreasonable." These assertions obscure both the nature of the damages that SFI seeks and the settled principle that, as plaintiff, SFI bears the burden of establishing that damages were incurred and caused by the breach at issue and of establishing a plausible "but for" world in which such damages would not have been incurred.

The doctrine of mitigation, also called the doctrine of avoidable consequences, prevents a party from recovering damages "for loss that he could have avoided by reasonable efforts." Indiana Michigan, 422 F.3d at 1375. Courts consider failure to mitigate to be an affirmative defense which may apply when a plaintiff fails to take appropriate steps to mitigate, or avoid, certain costs:

> Failure to mitigate damages is not among the affirmative defenses enumerated in the rule, but the Eighth Circuit has joined 'the

> overwhelming majority of federal courts' in concluding that lack of mitigation is a Rule 8 affirmative defense.

Modern Leasing, Inc. v. Falcon Man. Of California, Inc., 888 F.2d 59, 62 (8th Cir. 1989); see generally 22 Am. Jur. 2d Damages § 698 (2006).

"Mitigation is appropriate where a reasonable person, in light of the known facts and circumstances, would have taken steps to avoid damage." Indiana Michigan, 422 F.3d at 1375. The doctrine only requires a plaintiff "to make fair and reasonable efforts under the circumstances, and the government has the burden of proving that [the plaintiffs'] efforts were anything other than fair and reasonable." Home Savings of America, FSB v. United States, 339 F.3d 1341, 1352-53 (Fed. Cir. 2005). Here, the result of plaintiff's characterization of its damages as "mitigation costs" is an improper attempt to place upon the Government the burden of proving that SFI's dry storage decision and incurred costs were unreasonable. During the first portion of trial in this case, counsel for plaintiff cited the holding by the Federal Circuit in Indiana Michigan as precedent for the proposition that plaintiff was somehow excused from proving its but-for world. Tr. 531:18-532:6 (Tomaszczuk). However, a plain reading of Indiana Michigan shows the fallacy of plaintiff's argument. In Indiana Michigan, the Federal Circuit recognizes the distinction between mitigation and causation and expressly requires that all SNF plaintiffs seeking expectation damages establish a but-for world. Indiana Michigan, 422 F.3d at 1376.

The Federal Circuit established a three-pronged test in Indiana Michigan in considering the "mitigation costs" that the utility in that case sought – including the reracking and expansion of its spent fuel pool – and in concluding that the plaintiff had failed to meet its evidentiary burden regarding causation with respect to damages. Indiana Michigan, 422 F.3d at 1376 ("The

presence of a duty to mitigate does not perforce make the pre-breach costs incurred by Indiana Michigan to store its SNF recompensable; appellant must prove foreseeability, causation, and reasonableness. It failed to make such a showing."). Most significantly, the Federal Circuit determined that the plaintiff's "decision to perform a full, instead of a partial, rerack in 1995 was purely a business judgment which it would have had to pursue irrespective of DOE's partial breach." Id. at 1376. The plaintiff in Indiana Michigan thus failed to establish the requisite degree of causation for its "mitigation costs" because it failed to establish that these costs would not have been incurred in the "but for" world. Regardless of whether the damages were labeled as "mitigation costs," only a showing that they would not have been incurred in the "but for" world would have discharged the plaintiff's evidentiary burden, and only then shifted the burden to the defendant to show that the expense was not reasonable.

The principle upon which the Federal Circuit relied in Indiana Michigan and upon which the Court relied in PG&E is not unique to SNF cases or to cases involving the "mitigation costs" that NSP seeks. Indeed, any plaintiff who seeks to be placed in the position that it would have occupied had the contract been performed[5] bears the burden of establishing a "plausible but-for world," Bluebonnet Savings Bank, FSB v. United States, 67 Fed. Cl. at 238, and of demonstrating "what might have been." Glendale Fed. Bank, FSB v. United States, 239 F.3d 1374, 1380 (Fed. Cir. 2001). As a matter of well-established contract law, the failure of a

---

[5] This characterization is typically referred to as the party's "expectation interest." See Restatement (Second) of Contracts § 344(a) (1981). Although SFI refers repeatedly to "mitigation damages" in its pretrial brief, it is the damage to SFI's expectation interest (as opposed to its reliance or restitution interest) for which SFI seeks recovery.

plaintiff to prove that certain costs would not have been incurred in the "but for" world precludes a finding that the incurrence of costs was "caused" by the breach.

In fact, as the United States Court of Appeals for the First Circuit recognized in rejecting an argument substantially similar to SFI's argument in this case, the fact that an entity entitles its damages as "mitigation damages" does not somehow eliminate the requirement that the entity prove, "as an element of its case, the extent to which it was *damaged* by the . . . breach:"

> Anchor argues . . . that, in order to prove its damages, all it had to do was quantify Narragansett's ill-gotten revenue. In its view, once it had quantified such revenue, it became Narragansett's and Pfeiffer's burden to prove the extent to which the revenue was replaceable (as part of their burden of proving failure to mitigate damages).
>
> This argument is unconvincing. The law does not contemplate that a party victimized by . . . breach of contract prove, without reference to the rest of the record, the narrow effects of the fraud or breach; <u>it requires that party to prove, *as an element of its case*, the extent to which it was *damaged* by the fraud or breach. In the face of the uncontroverted evidence showing that KOVR still would have generated most of the revenues it obtained by running local commercials when it should have been running the ABC newsbrief, it is apparent that Anchor, by proving only the amount of revenue traceable to the improper practice, failed to provide the jury with a basis upon which to premise a reasoned *damages* finding</u>. Thus, Anchor failed to prove an element of its case.
>
> <u>**While ingenious, it is incorrect to suggest that Narragansett and Pfeiffer bore the burden of proving the extent to which the ill-gotten income was replaceable as part of their duty to prove failure to mitigate damages. The doctrine of mitigation of damages imposes on a party injured by either a breach of contract or a tort the duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages**</u>. *Black's Law Dictionary* 1002 (6th ed. 1990). <u>**The doctrine thus *presupposes*, as a threshold matter, the existence of a causal nexus between the damages sought and the breach or tort, looking at whether and to what extent an intervening cause (i.e., a plaintiff's own negligence) may have contributed to**</u>

> **these damages. Here, the question is not whether and to what extent Anchor's own conduct contributed to its damages; it is, rather, the threshold question of whether the damages Anchor sought were caused by the conduct of which Anchor complained. Accordingly, the doctrine of mitigation of damages is completely inapposite**.

Fleet Nat'l Bank v. Anchor Media Television, Inc., 45 F.3d 546, 560-62 (1st Cir. 1995) (italics in original; underlining and bold added).

In short, with respect to whether a cost actually bears a direct causal connection to the breach of the Standard Contract, SFI maintains the burden on this issue and, as a result, maintains the burden of establishing a plausible "but for" world in which that cost would not have been incurred.

In its pre-trial brief, and at times during the first week of trial, SFI relied upon Tennessee Valley Authority v. United States, 69 Fed. Cl. 515 (2006), to bolster its arguments concerning the Government's burden of proof. With all due respect, Judge Lettow's decision in TVA is inconsistent with the Federal Circuit's holding in Indiana Michigan and, therefore, is not persuasive. In TVA, Judge Lettow concluded that, because the plaintiff had taken steps to mitigate its damages in response to the partial breach, the expenses that it incurred as a result of its mitigation efforts were "recoverable to the extent they [we]re reasonable" and that the Government "ha[d] not met its burden of showing that TVA [would have had to incur] the costs at issue for dry storage] even if DOE had performed under the contract." TVA, 69 Fed. Cl. at 523, 533 (emphasis added). However, the Court's allocation of the burden of proof to the Government with respect to the cause of these costs in the first instance conflicts with the holding in Indiana Michigan that the utility had failed to establish causation because it failed to establish that its "mitigation costs" would not have been incurred in the "but for" world. As the

Federal Circuit expressly stated, the mere fact that SFI had labeled its costs as "mitigation costs" does not mean that they were caused by the breach (and would not have been incurred in the "but for" world). See Indiana Michigan, 422 F.3d at 1376. Rather, the plaintiff in a spent fuel case, like the plaintiff in Indiana Michigan and like any plaintiff in this Court, that seeks to be placed in the position it would have occupied but for the breach alleged must establish, by demonstrating the existence of a plausible "but for" world, that any injury it claims to have suffered would not also have befallen it in the event of full performance by the Government. To the extent that TVA suggests otherwise, it is incorrect.

D. Plaintiff's Actions Confirm Its Recognition Of Its Burden To Prove The "But For" World

Despite representations of plaintiff's counsel to the contrary, plaintiff repeatedly recognized during the first week of trial its burden of establishing a "but for" world. For example, plaintiff repeatedly asserted that the Department of Energy ("DOE") would have begun accepting spent fuel from the industry at a rate of 3000 Metric Tons Uranium ("MTU") per year after a short ramp-up, and specifically from Grand Gulf beginning in 2005. Plaintiff's Pre-trial Memo at 19; Supko Written Direct Testimony at ¶ 69. Plaintiff presented this evidence because it knows that, if the Court adopts the Government's rate of acceptance for the first ten years of the program, as articulated in the 1991 Annual Capacity Report ("ACR") which the Standard Contract expressly states will be the mechanism by which DOE will inform Standard Contract holders how it will begin performance, SFI will have no recoverable damages here because plaintiff simply did not have any allocations for the removal of SNF under the 1991 ACR.[6]

[6] During our case-in-chief, the Government will establish that the 1991 ACR identified the rate of acceptance at which DOE would have been obligated to perform at either a repository

Despite its obvious recognition that it must prove a “but for” world regarding rate, plaintiff curiously sidesteps its burden regarding other aspects of its claim. Plaintiff’s recognition of its burden of determining what costs it would have expended had DOE accepted SNF from Grand Gulf beginning in 2005, and that those avoided costs must be accounted for in its damages analysis, is exemplified by the trial testimony of Bryan Warren, the project manager of the Dry Fuel Storage project at Grand Gulf. Mr. Warren testified regarding the 39 design and implementation tasks that were necessary for the preparation of the dry fuel storage project at Grand Gulf. One of the tasks he discussed was Task 20 --- Equipment Operational Sequence Design. Mr. Warren admitted during his trial testimony that procedures, programs, and training would have been prepared to handle a cask brought by DOE had DOE started accepting spent nuclear fuel from Grand Gulf in 2005. Tr. 685:19-686:2 (Warren). However, plaintiff did not account for the cost of that task in the but-for world. In our case-in-chief, the Government will present the testimony of Warren Brewer, a nuclear engineer by education and training, who will agree with Mr. Warren that Task 20 would have been accomplished at Grand Gulf had DOE begun accepting SNF from Grand Gulf in 2005. Thus, Task 20 would have been completed in the “but for” world and SFI would have expended the costs associated with Task 20. If SFI is to be put in as good a position, but not better, than it would have been absent the breach, SFI must subtract the costs for Task 20 from its current claim. While SFI tried to argue that, because some of the costs associated with Task 20 are excluded from its current claim, no additional costs should be offset from its claim, however, that is not the correct application of law to the facts

---

or a monitored retrievable storage (“MRS”) facility, assuming that DOE had started accepting SNF from the industry in January 1998.

here. As the Court held in PG&E, plaintiff must establish what would have been had the contract been performed. Because Task 20 would have been performed under SFI's 3,000 MTU assumption, the costs for that task must be subtracted from SFI's current claim. Otherwise, SFI will be put in a better position than it would have been had the contract been performed.

### E. SFI Has The Burden Of Demonstrating That Its Claimed Damages Were Foreseeable

SFI also must establish that its damages were foreseeable. Indiana Michigan, 422 F.3d at 1376. Foreseeability is measured based upon what the parties contemplated at the time of contract formation, rather than from the date of breach. See Northern Helex, 207 Ct. Cl. 682, 524 F.2d at 714; Bohac v. Department of Agric., 239 F.3d 1334, 1340 (Fed. Cir. 2001). As part of the foreseeability determination, SFI must demonstrate that both the magnitude and type of damages were foreseeable at the time of contract formation. See Landmark Land Co. v. Federal Deposit Insur. Corp., 256 F.3d 1365, 1378 (Fed. Cir. 2001) (affirming trial court's denial of damages because the magnitude of damages was not foreseeable). "The mere circumstance that some loss was foreseeable, or even that some loss of the same general kind was foreseeable, will not suffice if the loss that actually occurred was not foreseeable." Restatement (Second) of Contracts, § 351, cmt. a (cited in Landmark Land, 256 F.3d at 1378).

As we explained in our pre-trial brief, the cost of the cask and dual-purpose cannister system provided by Holtec International for the Grand Gulf dry fuel storage project is not included in plaintiff's costs through August 31, 2005. Those costs will presumably be sought in a subsequent case. As this Court has previously recognized, the cost of dual-purpose dry storage was not foreseeable to the Government and, therefore, should not be recoverable by plaintiff. Sacramento Mun. Util. Dist. v. United States, 70 Fed. Cl. 332, 373-74 (2006).

### F. SFI Must Prove Its Damages With Reasonable Certainty

Finally, SFI has the burden to establish "reasonable certainty" as to each item within its damages claims. Wells Fargo Bank v. United States, 88 F.3d 1012, 1023 (Fed. Cir. 1996); see Restatement (Second) of Contracts § 352 cmt. a ("[a] party cannot recover damages for breach of a contract for loss beyond the amount that the evidence permits to be established with reasonable certainty"). To support its claim, SFI must provide appropriate documentary or other support from its records to establish its damages claims. See Roseburg Lumber Co. v. United States, 978 F.2d 660, 667 (Fed. Cir. 1992) (plaintiff must provide adequate support for claimed costs). A contractor's failure to present any documentary support for its assertions that it incurred costs, precluding the Government from verifying that the costs were incurred and the reasons for their incurrence, precludes any recovery of those costs. Barrow Utils. & Elec. Co. v. United States, 20 Cl. Ct. 113, 121 (1990). Without proper records, SFI cannot meet its burden of establishing reasonable certainty.

## CONCLUSION

For the reasons outlined above, the Government respectfully requests that the Court enter an order granting defendant's motion and identifying the proper burden of proof for expectancy damages as that set out by the Government above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
JOHN EKMAN
STEPHEN FINN
Trial Attorneys
Department of Justice

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

December 20, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of December, 2006, a copy of foregoing "DEFENDANT'S TO APPLY THE PROPER BURDEN OF PROOF IN THIS ACTION ALLEGING EXPECTANCY DAMAGES CAUSED BY THE DELAY IN ACCEPTING SPENT NUCLEAR FUEL BY THE DEPARTMENT OF ENERGY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder