IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | ) | |
| Plaintiff, | ) | No. 03-2624C |
| | ) | (Judge Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO CONDUCT JOINT TRIAL
PROCEEDINGS FOR THE TESTIMONY OF THREE GOVERNMENT WITNESSES

Pursuant to Rules 42(a) and 42.1 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that that the Court consolidate this case (hereinafter referred to as "SFI-Mississippi") with Systems Fuels Inc. & Entergy Arkansas, Inc. v. United States, No. 03-2623C (Fed. Cl.) ("SFI-Arkansas"),[1] for the limited purpose of taking the trial testimony of three of the Government's fact witnesses. Plaintiff's counsel, Mr. Alex Tomaszczuk, has represented that plaintiff opposes this motion.

SUMMARY OF THE ARGUMENT

Both cases, SFI-Mississippi and SFI-Arkansas, have been brought by the same plaintiff, System Fuels, Inc. ("SFI"), seeking to obtain damages for the delay by the Department of Energy ("DOE") in beginning acceptance of spent nuclear fuel ("SNF") pursuant to the Standard Contract, 10 C.F.R. § 961.11. These cases are two of the 55 cases pending before the Court in which the plaintiffs allege a partial breach of the Standard Contract by DOE.

---

[1] This same motion is being filed simultaneously in SFI-Arkansas.

The Government proposes that the Court convene a joint hearing with Judge Lettow, who is presiding over SFI-Arkansas, to hear the trial testimony of the three Government witnesses. The three fact witnesses are Messrs. Kouts, Pollog, and Zabransky, Department of Energy employees who have testified in every spent nuclear fuel trial since trial was conducted in Indiana Michigan Power Co. v. United States, No. 98-486C. Because the testimony of these three witnesses about the same factual issues will be the same in both cases, the Government requests that the Court convene a joint hearing to take the testimony of these three witnesses to promote the efficiency of these trial proceedings and avoid unnecessary cost and delay to the plaintiffs as well as the Government. Because the plaintiff in the two cases is the same and is represented by the same counsel, there is no prejudice to the plaintiff.

## BACKGROUND

Trial is scheduled to reconvene in SFI-Mississippi on Tuesday, January 16, 2007, for the taking of evidence in the Government's case-in-chief. Trial is scheduled to commence in SFI-Arkansas on February 12, 2006. The parties have filed their witness lists and exhibit lists in SFI-Arkansas and plaintiff has filed its memorandum of contentions of fact and law. Defendant's memorandum of contentions of fact and law is due currently on January 19, 2007. The pre-trial conference for SFI-Arkansas is scheduled for February 5, 2007.

SFI is a subsidiary of Entergy Corporation and is owned in different percentages by Entergy Arkansas Inc., Entergy Louisiana, Inc., Entergy New Orleans, Inc., and Entergy Mississippi, Inc. A. 3 (Supplemental Testimony of Frank B. Rives On Agency And Rate Issues, at 3, filed in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), on Nov. 6, 2006).[2] As

---

[2] "A. __" refers to the appendix to this motion.

noted in the single notice of indirectly-related cases filed by SFI when it filed the complaints in both cases, SFI filed the complaint in SFI-Mississippi on its own behalf and as an agent for System Energy Resources, Inc., and South Mississippi Electric Power Association, and SFI filed the complaint in SFI-Arkansas on its own behalf and as an agent for Entergy Arkansas, Inc. A. 4.[3] SFI's complaints alleged the same causes of action -- partial breach of contract, breach of the duty of good faith and fair dealing, and taking without just compensation -- in both cases.[4] Compare A. 9-19 and 20-30. Finally, SFI is represented by the same counsel in both cases, Mr. Alex Tomaszczuk, Pillsbury Winthrop Shaw Pittman, LLP.

SFI's presentation of evidence at trial in SFI-Mississippi and expected presentation of evidence at trial in SFI-Arkansas further demonstrates the commonality between the two cases. In its case-in-chief in SFI-Mississippi, SFI called nine fact witnesses (Messrs. Eaton, Franklin, McGaha, Rives, Rodgers, and Warren and Ms. Bryars, Ms. Canova, and Ms. Saragusa) and two expert witnesses (Ms. Supko and Mr. Metcalfe) to testify. SFI has identified seven of the nine fact witness that appeared at trial in SFI-Mississippi and both of the expert witnesses on the witness list recently filed in SFI-Arkansas. A. 41-50. Moreover, SFI's description of the testimony of these witnesses on its witness list in SFI-Arkansas matches the description for those witnesses on the witness list filed in SFI-Mississippi. Compare A. 31-40 and 41-50. Finally,

---

[3] The Court in SFI-Arkansas ordered that SFI and Entergy Arkansas be allowed to amend SFI's original complaint so that Entergy Arkansas could join the case as a plaintiff for the purposes of proving the takings claims that SFI alleged. System Fuels, Inc. v. United States, 65 Fed. Cl. 163, 177 (2005). SFI filed this amended complaint on May 13, 2005.

[4] The Court in SFI-Mississippi granted the Government's motion for summary judgment regarding SFI's allegations of regarding the breach of good faith and fair dealing. System Fuels, Inc. v. United States, 66 Fed. Cl. 722, 735 (2005).

SFI has filed notice in both cases that it intends to rely upon the same designations of deposition testimony. Compare A. 51-57 and 58-64.

Given the commonality between the two cases and all of the spent nuclear fuel cases pending before the Court, the Government's presentation of factual testimony regarding DOE's implementation of the Standard Contract and the development of the schedule of performance will be the same in both cases. During our case-in-chief in both cases, we plan to present the testimony of three fact witnesses -- Messrs. Kouts, Pollog and Zabransky[5] -- regarding DOE's implementation of the Standard Contract and the development of the rate of acceptance through the mechanism set forth in the Standard Contract. The substance of these witnesses' testimony, as described upon the Government's witness lists, is the same in both cases. The testimony of these three witnesses will be substantially the same as the testimony that these witnesses have provided in five other SNF trials. In fact, both judges who will hear these witnesses' testimony in the two SFI cases have previously heard testimony from them in two other SNF cases: Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.) (Braden, J.), and Tennessee Valley Authority v. United States, No. 01-115C (Fed. Cl.) (Lettow, J.). Messrs. Kouts, Pollog, and Zabransky most recently testified in Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.), a case in which the plaintiff was also represented by Mr. Tomaszczuk. In that trial, these three witnesses were on the stand for a total of more than 16 hours.

[5] By motion filed today, the Government seeks to designate the trial testimony of Mr. Robert Morgan, the Government's fourth fact witness relevant to these issues, rather than requiring Mr. Morgan, a retired DOE employee who has already been required to testify in several SNF separate cases, to appear yet again to testify.

ARGUMENT

I. THE COURT SHOULD CONSOLIDATE THIS CASE WITH *SFI-ARKANSAS* FOR THE LIMITED PURPOSE OF TAKING THE TESTIMONY OF THE GOVERNMENT'S THREE FACT WITNESSES COMMON TO BOTH CASES

The Government respectfully requests that the Court consolidate SFI-Mississippi and SFI-Arkansas for the limited purpose of taking the testimony of Messrs. Kouts, Pollog, and Zabransky. These individuals will testify regarding the implementation of the Standard Contract to respond, in part, to plaintiffs' contentions regarding the rate of acceptance. Because the plaintiff is the same, has made the same arguments regarding DOE's obligations pursuant to the Standard Contract and is represented by the same counsel in both cases, SFI will not be prejudiced by the consolidation of the cases for this limited purpose. Instead, the consolidation of these cases for this limited purpose will save time and money for both the plaintiff and defendant.

RCFC 42(a) provides that, when actions before this Court involve common questions of fact or law, the Court may order a joint trial of any or all matters at issue in the actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In deciding whether to consolidate a case, the Court must determine whether there a common question of fact or law in both cases and then "weigh the interest of judicial economy against the potential for delay, confusion, and prejudice that may result from consolidation." Lucent Technologies, Inc. v. United States, 69 Fed. Cl. 512, 513 (2006); see Cienega Gardens v. United States, 62 Fed. Cl. 28, 31 (2004). "The Court has broad discretion to determine whether

consolidation is appropriate." Cienega, 62 Fed. Cl. at 32. Finally, "the Court should take the positions of the parties into account in its analysis but need not accord the parties' views dispositive weight." Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 802 (2004) (citing Cienega, 62 Fed. Cl. at 32).

The Court has consolidated other spent nuclear fuel cases for various purposes. In Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.), and Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Fed. Cl.), the Court consolidated the cases for the purpose of determining factual issues related to contract formation and contract implementation as well as any offset that may be due the Government from one of the plaintiff's diminution-in-value claims. Boston Edison Co. v. United States, 67 Fed. Cl. 63, 67 (2005). In Vermont Yankee Nuclear Power Corp. v. United States, No. 02-898C (Fed. Cl.), and Entergy Nuclear Vermont Yankee, LLC v. United States, No. 03-2663C (Fed. Cl.), the Court consolidated the cases for the determination of pending legal motions arising from the same Standard Contract and to preclude duplicative discovery and presentation of testimony or exhibits at trial. Consolidation Order, at 2 (Aug. 16, 2006). But see Entergy Nuclear Indian Point 2, 62 Fed. Cl. at 803 (declining to consolidate two SNF cases, citing "divergent procedural posture of the two cases").[6]

The Governments seeks to consolidate these cases for the limited purpose of taking testimony on the common factual issues regarding the development of the rate and schedule of acceptance. The testimony of Messrs. Kouts, Pollog, and Zabransky will concern various

[6] Although not formally consolidated, the cases of Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.), were heard together in a common trial proceeding so that the Government's witnesses in those cases were only required to testify once.

aspects of DOE's implementation of the Standard Contract, which resulted in the issuance of the 1991 Annual Capacity Report. The witnesses will testify regarding the development of this document and the role that it played in the establishment of a schedule of acceptance pursuant to the mechanism contained in the Standard Contract. This testimony is offered to assist in answering one of the fundamental questions presented by both cases – namely, the Government's obligation regarding the rate of SNF acceptance owed to the Standard Contract holders, generally, and to the plaintiff in these two cases specifically. Through this motion, the Government simply seeks to preclude the need to present the same testimony of the same three witnesses twice. Given the commonalities between the two cases, the Court should grant this request for limited consolidation.

In pursuing its claims of partial breach of contract in both cases, SFI has raised the issue of the rate and schedule of performance against which to measure the damages and relied upon substantially the same evidence in presenting the cases. In the trial in SFI-Mississippi, SFI called Mr. Frank Rives to testify, in part, regarding "Entergy's understanding of DOE's obligations and performance under the Standard Contract." A. 33. According to the witness list recently submitted in SFI-Arkansas, SFI again plans to call Mr. Rives to testify, in part, regarding, "Entergy's understanding of DOE's obligations and performance under the Standard Contract." A. 47. Similarly, SFI relies upon the same expert opinion of Ms. Eileen Supko, regarding what would be a "reasonable" rate of performance for the Court to accept, in both cases. Compare A. 39-40 and 50. SFI clearly has adopted the same position regarding DOE's obligations and the rate of SNF acceptance that the Court should find when measuring the damages arising from the partial breach of contract alleged in both cases. Finally, SFI

apparently intends to rely upon the same designations of deposition testimony from Government witnesses. A. 51-57 and 58-64.

Given this commonality between SFI's position in both cases, the Government properly plans to present the same evidence in both cases. Rather than having to present this testimony twice, the Government asks that the Court convene a joint hearing with Judge Lettow so that the Government may present the testimony just once, pursuant to RCFC 42(a). The transcript of this joint session will be captioned in both cases, for use by both parties in both cases. There is no possibility for confusion arising from consolidation for this limited purpose.

SFI will also not be prejudiced from the limited consolidation of these cases for this purpose. As noted above, SFI is represented by the same counsel in both cases. Moreover, this same counsel recently cross-examined these same witnesses at trial in Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.) (Nov. 13-15 and 17-20, 2006). In fact, SFI will benefit from the limited consolidation of these cases because it will eliminate the need to repeat wholly duplicative testimony in the trial of SFI-Arkansas, eliminating at least two days of trial time and several hours of attorney preparation.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court consolidate this case with SFI-Arkansas for the limited purpose of taking the trial testimony of the Government's three fact witnesses.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT E. DAMELIN
STEPHEN FINN
MARIAN E. SULLIVAN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

January 5, 2007

Attorneys for Defendant

# APPENDIX

INDEX TO THE APPENDIX

Document | Page

Excerpts of Supplemental Testimony Of Frank B. Rives on Agency and Rates Issues, in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), filed Nov. 6, 2006 . . . . . . . . . . . . . . . . . . 1

Notice of Indirectly-Related Cases, Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), filed Nov. 5, 2003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Complaint in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), filed Nov. 5, 2003 . 9

Complaint in System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.), filed Nov. 5, 2003 20

Plaintiff's Witness List in System Fuels, Inc. v. United States, No. 03-2624C (Fed. Cl.), filed Aug. 18, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Plaintiff's Witness List in System Fuels, Inc. & Entergy Arkansas, Inc. v. United States, No. 03-2623C (Fed. Cl.), filed Dec. 22, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Notice of Deposition & Trial Testimony Designations in Systems Fuels, Inc. v. United States, No. 03-2624C, filed August 18, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

Notice of Deposition & Trial Testimony Designations in Systems Fuels, Inc. & Entergy Arkansas, Inc. v. United States, No. 03-2623C, filed Dec. 22, 2006 . . . . . . . . . . . . . . . . . . . . . 58