IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM FUELS, INC., on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, | ) | |
| Plaintiff, | ) | No. 03-2624C |
| | ) | (Judge Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO DESIGNATE
PRIOR TRIAL TESTIMONY OF MR. ROBERT L. MORGAN

Defendant, the United States, respectfully requests that it be allowed to designate the trial testimony of Mr. Robert L. Morgan from the recent trial conducted in Northern States Power Co. v. United States, Fed. Cl. No. 98-484C. Allowing the designation of this testimony would preclude the need to have Mr. Morgan, who retired from Federal service almost 20 years ago, appear to testify in another spent nuclear fuel ("SNF") case. Plaintiff, System Fuels, Inc. ("SFI"), is not prejudiced by the designation of this testimony because its counsel, Mr. Alex Tomaszczuk, Pillsbury Winthrop Shaw Pittman LLC, cross-examined Mr. Morgan during his testimony in Northern States, and the Government's designation of testimony includes the full-text of that cross-examination. Counsel for SFI, Mr. Alex Tomaszczuk, has represented that SFI does not oppose this designation of testimony. The transcript of the testimony that the Government seeks to designate is attached to this motion.

BACKGROUND

Mr. Morgan was the director of the Nuclear Waste Policy Act Office, the precursor to the Office of Civilian Radioactive Waste Management ("OCRWM") within the Department of

Energy ("DOE"), from January 1983 to January 1984. Tr. 3779:15-19.[1] During that time, he was responsible for the review of comments on the draft Standard Contract, the response to those comments in the promulgation of the Standard Contract in the Federal Register, and the development of the December 1983 draft of the Mission Plan, which was published in final form in June 1985. Tr. 3781:8-13; 3825:9-3827-24. After he left OCRWM, Mr. Morgan had no involvement in or responsibility for commercial spent nuclear fuel matters for DOE. Tr. 3864:18-22. Mr. Morgan retired from the Federal Government in 1988. Tr. 3777:4-7.

Mr. Morgan was deposed about his responsibilities as Director between January 1983 and January 1984 during three days of deposition conducted in 2002. Counsel for SFI, Mr. Tomaszczuk, participated in these depositions upon behalf of several other SNF plaintiffs and questioned Mr. Morgan himself. After those depositions, Mr. Morgan testified in three different SNF trials before the Court – Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.) (Merow, S.J.); Tennessee Valley Authority v. United States, No. 01-115C (Fed. Cl.) (Lettow, J.); and Pacific Gas & Electric Co. v. United States, Nos. 04-74C & 04-75C (Fed. Cl.) (Hewitt, J.).[2]

In July 2006, counsel for SFI requested the opportunity to "update" his deposition of Mr. Morgan and the Government's other fact witnesses who had testified in previous SNF trials before the Court. In response to the Government's motion for a protective order seeking to preclude this deposition of Mr. Morgan, the Court ordered that SFI's counsel be allowed a three-

---

[1] "Tr. __" refers to the transcript of Mr. Morgan's testimony, which is attached to this motion.

[2] The Government designated trial testimony for Mr. Morgan in the trial conducted in Southern Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl.)(Merow, S.J.).

hour deposition in Monument, Colorado (where Mr. Morgan lives), if the Government intended to call Mr. Morgan at trial in this matter. Subsequently, the Government decided to call Mr. Morgan at trial in Northern States, and the Court in that case ordered that plaintiff's counsel, Mr. Tomaszczuk, be allowed to re-depose Mr. Morgan in Washington, D.C., on the eve of Mr. Morgan's testimony in that case.[3] Mr. Tomaszczuk deposed Mr. Morgan on November 15, 2006, in a single deposition that the parties agreed would be captioned as taken in this case, Northern States, and System Fuels, Inc. v. United States, No. 03-2623C (Fed. Cl.) ("SFI-Arkansas"), which is currently pending before Judge Lettow. During this deposition, Mr. Tomaszczuk asked questions related to this case, to Northern States, and to SFI-Arkansas.

Mr. Morgan testified in Northern States on November 16, 2006, and was cross-examined by Mr. Tomaszczuk, who is also counsel for Northern States Power Company. Accordingly, counsel for SFI has had a full and fair opportunity to cross-examine Mr. Morgan during the trial in Northern States and the Government's designation of Mr. Morgan includes that cross-examination.

## ARGUMENT

This Court's rules are designed to ensure the "just, speedy, and inexpensive" determination of every action. RCFC 1. Similarly, RCFC 32(a) permits the use of deposition testimony, in lieu of live testimony, when a witness "is at a greater distance than 100 miles from the place of hearing" unless other factors not present here should preclude that use, RCFC 32(a)(3)(E), or when, "upon application and notice, . . . such exceptional circumstances exist as

[3] Northern States Power Company had been a party to the previous deposition of Mr. Morgan in 2002.

to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

In this instance, we seek permission to submit Mr. Morgan's trial testimony from another SNF case as his testimony in this case. Mr. Morgan, who retired from Federal service almost 20 years ago, has repeatedly been required to testify in depositions and at trial in various SNF cases, even though his testimony has related to precisely the same issue in every case: that is, the development of the Standard Contract and the degree to which the parties were able to agree upon a rate of SNF acceptance applicable to that contract. Although RCFC 32 applies specifically to deposition testimony, the rationale behind that rule applies equally to the trial testimony in other SNF cases in the circumstances here, where all of the plaintiffs in the 66 SNF cases that were originally pending before this Court have had similar motives and where the cases all involve the same issues, including the development of the same standardized contract, the interpretation of the same contract terms, and the same alleged non-performance by DOE. Particularly where, as here, the plaintiff does not oppose our request to allow Mr. Morgan relief from the need repeatedly to testify in various trials regarding the same topics and the same underlying facts, where the same plaintiff's counsel represents the plaintiffs in both this case and the case in which the designated trial testimony from Mr. Morgan was taken, where the witness in question retired from Federal service almost 20 years ago, and where the witness has already been required to testify repeatedly regarding the same topics upon which he would testify here, the Court should exercise its discretion to permit us to rely upon Mr. Morgan's recent trial testimony in Northern States in this case instead of requiring Mr. Morgan to testify yet again in another SNF case.

The burden to Mr. Morgan of having to travel to Washington D.C. to testify in yet another trial is great. The Government originally requested that the Court consolidate the SNF cases, in part to permit for coordinated discovery and to permit former Federal employees, like Mr. Morgan, to testify once, and only once, regarding matters that are relevant in all of the SNF cases. The SNF plaintiffs successfully opposed the Government's request, and, as a result, Mr. Morgan, who was involved in the formation of the Standard Contract at issue in this case, has now testified in the trial of the four cases. Given Mr. Morgan's age, the fact that he retired from Federal service almost 20 years ago, and the fact that counsel for SFI has had a full and fair opportunity to cross-examine Mr. Morgan about the testimony that the Government has designated, the Court should allow the Government to designate Mr. Morgan's testimony from the recent trial in Northern States, rather than make Mr. Morgan appear in person to testify again.

CONCLUSION

For the foregoing reasons, the Government requests that it be allowed to designate the entirety of Mr. Morgan's testimony in Northern States as substantive evidence in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT E. DAMELIN
STEPHEN FINN
MARIAN E. SULLIVAN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-0347
Fax: (202) 307-2503

January 5, 2007

Attorneys for Defendant