**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on January 9, 2007)

| | |
|---|---|
| **SYSTEM FUELS, INC.**, on its own behalf and as agent for SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES**,<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT**

Plaintiff System Fuels, Inc. ("SFI"), on its own behalf and as agent for System Energy Resources, Inc. ("System Energy") and South Mississippi Electric Power Association ("SMEPA"), respectfully requests leave from the Court to file an amended and supplemental complaint (attached hereto at Exhibit A). SFI's primary change to its pleadings is the joinder of System Energy and SMEPA as plaintiffs to this case. As detailed below, SFI should be permitted to file a second amended and supplemental complaint because it is in accord with RCFC 15(a) and supported by good cause.[1] Counsel for the Plaintiff has discussed this matter with counsel for the Defendant (the "Government") several times over the last several days; at the present time, counsel for the Government has advised that the Government has not yet been able to finalize its position on the joinder of System Energy and SMEPA as plaintiffs in this case.

[1] Because SFI already filed an amended and supplemental complaint in this case in March 2006, it may amend such a pleading again "only by leave of court or by written consent of the adverse party . . . ." RCFC 15(a).

Nonetheless, in the interests of justice and to facilitate the "speedy and inexpensive determination" of this action,[2] this motion for leave should be granted.

**DISCUSSION**

RCFC 15(a) provides, in pertinent part, that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has noted that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive of the movant, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

SFI has acted in good faith in seeking this amendment, and is acting promptly to address concerns that the Government has never raised by written motion or response but raised only orally at the January 4, 2007 status conference held in this case. For a number of different reasons, no prejudice will accrue to the Government if SFI is permitted to amend its pleadings to join System Energy and SMEPA as plaintiffs. First, SFI's Second Amended Complaint and Supplemental Complaint plainly relates to the same causes of action originally pleaded, as the allegations contained therein are virtually identical to those from prior pleadings in this case. Second, the Second Amended and Supplemental Complaint does not change the amount of damages at issue in this action, nor any of the underlying evidentiary support for those damages. Third, to the extent that the Government intends to argue in this case that System Energy and/or SMEPA are the real parties in interest in this case, RCFC 17(a) is guided by a general principle that "courts should be lenient" in the joinder of such parties. First Hartford Corp. Pension

---

[2] See RCFC 1.

Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999). For reasons demonstrated during its case-in-chief in September 2006 and in its November 2006 supplemental filing on agency issues, SFI maintains that it may properly recover costs that have been incurred as a result of the Government's continuing partial breach of contract in this case. However, given that counsel for the Government has suggested – albeit in a vague and oblique manner – that SFI may not be the proper plaintiff in this case, and expressed a concern to the Court during the January 4, 2007 status conference about the possibility of subsequent damages actions by parties that are not SFI (i.e., System Energy or SMEPA) for costs that SFI has sought in this case, the joinder of System Energy and SMEPA as plaintiffs to the instant action would promote the purposes underlying RCFC 17(a).[3] Fourth, to the extent that the Government asserts any statute of limitations defense in post-trial briefing, RCFC 15(c) nullifies any such concerns. The Government has been on notice, at least since the time that Plaintiff served its damages expert report in this case (if not earlier), of the possibility of a claim by the owners of the Grand Gulf Nuclear Station to the extent such a claim was not subsumed by the pending claim of SFI (the party to the Standard Contract with the Government). See System Fuels, Inc. v. United States, 65 Fed. Cl. 163, 170-71 (2005) (permitting the joinder of Entergy Arkansas, an entity similarly situated as System Energy and SMEPA, to a damages action initially brought by SFI). Finally, SFI's amendment of its pleadings to join System Energy and SMEPA as plaintiffs promotes the interests of judicial economy and efficiency, because such joinder squarely addresses issues

[3] Based on the discussions of counsel, the undersigned counsel for the Plaintiff understands that the Government does not intend to argue that affiliate entities of SFI such as Entergy Operations, Inc. ("EOI") or Entergy Services, Inc. ("ESI"), or some other entities, are instead the real parties of interest in this case. However, SFI reserves the right to file further amended pleadings joining EOI, ESI and/or other entities as plaintiffs, to the extent necessary.

raised by the Court at the January 4, 2007 status conference regarding the proper plaintiff(s) in this case.

**CONCLUSION**

Because the amendment of the most recently filed complaint in this case merely joins two parties that, as a practical matter, have been involved in this litigation from its inception, and because such joinder does not cause any prejudice to the Government, SFI respectfully requests leave from the Court to file its Second Amended Complaint and Supplemental Complaint.

Dated: January 9, 2007

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
System Fuels, Inc., on its own behalf and
as agent for System Energy Resources, Inc.
and South Mississippi Electric Power Association

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)