IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM FUELS, INC.,<br>SYSTEM ENERGY RESOURCES,<br>INC. and SOUTH MISSISSIPPI ELECTRIC<br>POWER ASSOCIATION, | ) | |
| Plaintiffs, | ) | No. 03-2624C<br>(Judge Braden) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**
**<u>AND SUPPLEMENTAL COMPLAINT</u>**

For its answer to the second amended complaint and supplemental complaint that plaintiffs, System Fuels, Inc. ("SFI"), System Energy Resources, Inc. ("System Energy") and South Mississippi Electric Power Association ("SMEPA"), filed in Docket No. 03-2624, on January 16, 2007, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 1. Denies the allegations contained in the third sentence of paragraph 1 for lack of information or knowledge sufficient to form a belief as to their truth; avers that neither System Energy Resources, Inc. ("SERI") nor South Mississippi Electric Power Association ("SMEPA")

was a party to the Standard Contract and that fees are due only from contract holders. Admits the allegations contained in the fourth sentence of paragraph 1 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE recently announced its plans to submit a License Application for the repository to the Nuclear Regulatory Commission ("NRC") by June 30, 2008, and to initiate repository operations in 2017 (see Statement of Edward F. Sproat, III, Director for the Office of Civilian Radioactive Waste Management, U.S. Department of Energy, Before the Subcommittee Clean Air, Climate Change, and Nuclear Safety, Committee on Environment and Public Works, United States Senate, September 14, 2006); the remaining allegations contained in the fourth sentence of paragraph 1 are plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the fifth sentence of paragraph 1 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in the first and second sentences of paragraph 2 for lack of knowledge of information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 2 to the extent supported by the license cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 3; avers that the Nuclear Regulatory Commission lists the date of issuance of the license for Unit 1 of the Grand Gulf Nuclear Station as a date other than 1983. Admits the allegations contained in the fourth sentence of paragraph 2. Admits the allegations

contained in the fifth sentence of paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 2. Admits the allegations contained in the first sentence of the footnote to paragraph 2 to the extent supported by the contract cited, Contract No. 83NE44395, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of the footnote to paragraph 2. Denies the allegations contained in the second sentence of the footnote to paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first sentence of paragraph 5 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth; avers that neither SERI nor SMEPA was a party to the Standard Contract and that fees are due only from contract holders.

10. The allegations contained in the first and second sentences of paragraph 10 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 10 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the Mission Plan Amendment cited, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 to the extent supported by the final interpretation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the petitions for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the petition for a writ of mandamus and court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegations contained in the first sentence of paragraph 19. Admits the allegation contained in the second sentence of paragraph 19 that DOE has not yet begun the disposal of SNF under the standard contract published at 10 C.F.R. § 961.11; otherwise denies the allegations contained in the second sentence of paragraph 19. Admits the allegations

contained in the third and fourth sentences of paragraph 19 to the extent supported by the Statement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 19.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies.

22. Defendant's responses to paragraphs 1 through 21 of the complaint are incorporated by reference.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. Denies.

26. Defendant's responses to paragraphs 1 through 25 of the complaint are incorporated by reference.

27. The allegations contained in paragraph 27 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiffs'

characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law and plaintiffs' characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth; avers that neither SERI nor SMEPA was a party to the Standard Contract and that fees are due only from contract holders.

31. Denies.

32. Denies.

33. Denies.

34. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 33, or to any relief whatsoever.

35. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

36. To the extent that the contract was not definitized through the submission and acceptance of delivery commitment schedules, the contract is too indefinite to enforce.

37. To the extent that the defense is not barred by the United States Court of Appeals for the District of Columbia Circuit's writ of mandamus in Northern States Power Co. v. United States Department of Energy, 128 F.3d 754 (D.C. Cir. 1997), plaintiffs' damages would be affected by the "unavoidable delays" clause of the standard contract.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 616-0347
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
JOHN EKMAN
STEPHEN FINN
Trial Attorneys
Department of Justice

January 30, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 30th day of January, 2007, a copy of foregoing "DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sharon A. Snyder