No. 03-2624
(Judge Braden)

IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS

SYSTEM FUELS, INC., SYSTEM ENERGY RESOURCES, INC. and
SOUTHERN MISSISSIPPI ELECTRIC POWER ASSOCIATION,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' "NOTICE OF SUPPLEMENTAL TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
Trial Attorney
Civil Division
Department of Justice

May 1, 2007

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. SFI'S POST-TRIAL FILING OF SUPPLEMENTAL DESIGNATIONS IS HIGHLY PREJUDICIAL TO THE GOVERNMENT . . . . . . . . . . . . . . . . . . . . . 5

II. SFI'S DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. SFI HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

A. SFI Has Identified No Basis Upon Which To Avoid Its Burden Of Establishing The Admissibility Of Each Of Its Proposed Designations . . 8

IV. SFI HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

A. SFI Has Failed To Establish Good Cause For Using Designations *In Lieu* Of Live Testimony At Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony . . . . . . . . . . . . . . . . . . . . . . . . . 10

V. NOTWITHSTANDING THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

### CASES

PAGE(S)

Aliotta v. National R.R. Passenger Corp.,
315 F.3d 756 (3d Cir. 2003) . . . . . . . . . . 7

American Steel Works v. Hurley Construction Co.,
46 F.R.D. 465 (D. Minn. 1969) . . . . . . . . . . 11

Angelo v. Armstrong World Industrial,
11 F.3d 957 (10th Cir. 1993) . . . . . . . . . . 10

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . . . . . . . 11

Carden v. Westinghouse Elec. Co.,
850 F.2d 996 (8th Cir. 1998) . . . . . . . . . . 8

Delaware v. Van Arsdall,
475 U.S. 673 (1986) . . . . . . . . . . 12

Evans v. Port Auth. of N.Y. & N.J.,
192 F. Supp. 2d 247 (S.D.N.Y. 2002) . . . . . . . . . . 7

Globe Savings Bank v. United States,
61 Fed. Cl. 91 (2004) . . . . . . . . . . 8, 9, 12

Grimna v. Makousky,
76 F.3d 151 (7th Cir. 1966) . . . . . . . . . . 11

Harris v. Itzhaki,
183 F.3d 1043 (9th Cir. 1999) . . . . . . . . . . 7

Kolb v. County of Suffolk,
109 F.R.D. 125 (E.D.N.Y. 1985) . . . . . . . . . . 10, 11

Long Island Savings Bank v. United States,
63 Fed. Cl. 157 (2004) . . . . . . . . . . 8, 9

Sea-Land Serv., Inc. v. Lozen Int'l, Inc.,
285 F.3d 808 (9th Cir. 2001) . . . . . . . . . . 7, 8

**TABLE OF AUTHORITIES (continued)**

**CASES**


**PAGE(S)**

Selby v. Pepsico, Inc., 784 F. Supp. 750 (N.D. Cal. 1991) . . . . . 8

United States v. Blum, 62 F.3d 63 (2d Cir. 1995) . . . . . 12, 13

United States v. Holmes, 44 F.3d 1150 (2d Cir. 1995) . . . . . 13

United States v. Mathis, 559 F.2d 294 (5th Cir. 1977) . . . . . 11

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521 (D. Utah 2003) . . . . . 11


**STATUTES**


Fed. R. Evid. 801(d)(2) . . . . . 7, 8, 9

Fed. R. Evid. 804(b)(1). . . . . 12


**MISCELLANEOUS**


8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) . . . . . 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYSTEM FUELS, INC., SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | No. 03-2624C (Judge Braden) |

DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' "NOTICE OF SUPPLEMENTAL TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant, the United States, respectfully requests that the Court strike the post-trial "Notice Of Trial Testimony Designations" that plaintiffs, System Fuels, Inc., Systems Energy Resources, Inc., and Southern Mississippi Electric Power Association (collectively "SFI"), filed on March 23, 2007 – over two months after the close of trial in this case. To the extent that the Court does not strike SFI's notice of designations from the record of this case, defendant alternatively requests that the Court preclude SFI from relying upon or considering those designations as substantive evidence, given, among other deficiencies discussed below, SFI's failure to establish either the appropriate foundation for the designated testimony and that the designated testimony constitutes "admissions" of the United States. To the extent the Court allows the supplemental designations to become part of the record, the Government requests that the Court reopen the trial record and permit the Government to call Mr. Pollog as a witness in

the Government's case-in-chief to address the issues raised in SFI's supplemental designations of Mr. Pollog's trial testimony.

SUMMARY OF ARGUMENT

The trial in this case is over. The record is closed. Yet plaintiffs, concurrent with the filing of their post-trial brief, filed a notice of supplemental trial testimony designations, seeking to introduce by designation certain trial testimony of Department of Energy employee Thomas Pollog as substantive evidence. SFI has offered no basis for the Court to reopen the record and add Mr. Pollog's prior trial testimony in another case to the record here. Rather than filing a motion seeking to have this Court review the proposed designations to determine whether they, as SFI claims, all properly constitute "admissions" by the United States pursuant to Federal Rule of Evidence ("FRE") 801(d)(2), SFI has merely filed them with the Court through a "notice," purportedly including them in the record of this case, well after trial has completed, under an assumption that SFI is entitled to have all of them used as "admissions" without any Court review.

Contrary to SFI's apparent belief, it is the Court, not SFI, that must determine whether the proposed post-trial designations are admissible at this stage of the proceedings and, if so, whether they properly constitute "admissions" of the United States. Because SFI did not file a motion seeking the Court's review of these designations, but, instead, merely included them in the record of this case as predetermined "admissions," we respectfully request that the Court strike SFI's "notice" from the case. Even if the Court considered SFI's "notice" to constitute a motion to deem the designated testimony as admissions of the Government, SFI's post-trial designations are highly prejudicial to the Government, given that we had no notice at trial that

we needed to present evidence relating to these designations. Further, even without regard to the timeliness of these designations, SFI has failed to make the required showing under FRE 801(d)(2) that the testimony which it has designated may properly be considered to be the admission of a party opponent, and it has ignored or failed to identify objections to the testimony upon which the Court must rule before the testimony could be admitted into the record of this case. SFI also has not overcome the preference for live testimony and met its burden to show cause as to why these designations should be allowed at this point in time. Because the designated testimony is irrelevant, incomplete, or subject to objections, SFI should not be allowed to burden the record with its admission.

To the extent that the Court allows SFI's designations to become part of the record, in whole or in part, we respectfully request that the Court rule upon the objections that are contained in the testimony that SFI has designated, pursuant to RCFC 32(b), and (1) consider any Government designations and counter-designations from Mr. Pollog's prior deposition and trial testimony from the SNF cases (FRE 106 and RCFC 32(a)); or (2) reopen the trial record and permit the Government to call Mr. Pollog as a witness in the Government's case-in-chief to address the issues raised in SFI's designations of Mr. Pollog's Northern States trial testimony. Given SFI's post-trial attempt to add Mr. Pollog's testimony into the record, the Government has not filed counter-designations to his proffered testimony at this time. The Government's motion seeks to strike SFI's notice and exclude the designated trial testimony from inclusion in the record. However, if the Court orders the admission of Mr. Pollog's testimony into the record as substantive evidence, we respectfully request that the Court grant the Government leave to

submit counter-designations into the record and to reopen the Government's case-in-chief and call Mr. Pollog as a trial witness.

## BACKGROUND

By a "notice" of deposition and trial testimony designations, filed on August 18, 2006, SFI sought to introduce by designation the deposition and trial testimony of 13 individuals. In its initial "notice," SFI noticed prior deposition testimony of Mr. Pollog, as well as his prior trial testimony from Yankee Atomic Electric Company v. United States, No.98-126C (Fed. Cl.), and Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.). SFI presented its case-in-chief in this case from September 18 through 22, 2006. On January 16, 2007, the Court admitted SFI's deposition and trial testimony designations, as well as the Government's designations and counter-designations. Tr. 1733:23-1734:16 (Jan. 16, 2007). The Government presented its case-in-chief from January 16 through 18, 2007, but based upon the evidence that SFI had presented at trial, elected not to call Mr. Pollog as a witness. SFI presented its rebuttal case on January 18, 2007.

SFI's March 23, 2007 notice of supplemental trial testimony involves portions of Mr. Pollog's trial testimony on November 15, 2006 in Northern States Power Company v. United States, No. 98-484C (Fed. Cl.). SFI did not include Mr. Pollog on its trial witness list, filed with the Court on August 18, 2006. SFI waited until four months after Mr. Pollog's testimony in the Northern States trial, and two months after the close of the trial in this case, before providing any notice to the Court and the Government of its intention to seek the admission of any additional designated testimony. SFI failed to address the issue raised in Mr. Pollog's Northern States testimony in its rebuttal case, despite the fact that Mr. Pollog was available to testify. SFI cited

to Mr. Pollog's Northern States testimony in its post-trial brief, before the Court even considered its notice and before any decision was made on whether such testimony should be admitted into the record as substantive evidence.

## DISCUSSION

### I. SFI'S POST-TRIAL FILING OF SUPPLEMENTAL DESIGNATIONS IS HIGHLY PREJUDICIAL TO THE GOVERNMENT

SFI's post-trial designations of Mr. Pollog's testimony are highly prejudicial to the Government, and SFI's notice should be stricken. As lead counsel for plaintiff in Northern States, SFI's counsel had direct knowledge of Mr. Pollog's Northern States trial testimony for over two months before the start of the Government's case-in-chief in this case. Despite this fact, SFI's counsel failed to amend or supplement SFI's prior notice of deposition and trial testimony designations, filed in August 2006, with Mr. Pollog's November 15, 2006 trial testimony. SFI's assertion that the Government's decision not to call Mr. Pollog in its case-in-chief justifies SFI's post-trial notice of designations is misplaced.

In its original August 2006 notice, SFI noticed designations of prior testimony for four DOE employees who were also on the Government's witness list -- Robert Morgan, Christopher Kouts, David Zabransky, and Mr. Pollog -- despite the fact that these four witnesses were included on the Government's witness list. SFI offers no explanation or justification as to why the Government and the Court were not notified of the "supplemental" designations prior to the start of the Government's case-in-chief. The Court admitted SFI's designations on January 18, 2007, the first day of the Government's case-in-chief. SFI had sufficient time and opportunity prior to the start of the Government's case to bring the "supplemental" designations to the

Government's and the Court's attention, and to make them subject to both Court review and the Government's consideration as to how to present its case-in-chief.

Following SFI's presentation of its case-in-chief, the Government elected not to call Mr. Pollog as a trial witness. The Government based its decision upon SFI's presentation of evidence, including the deposition and trial testimony designations admitted by the Court. SFI bore the burden of proof in its case-in-chief. The Government's analysis of SFI's case-in-chief (and what it viewed as weaknesses and failings in SFI's presentation) was critical to what the Government decided to present in its case-in-chief in terms of testimony and documents. The "supplemental" designations of Mr. Pollog's trial testimony, although available well before the Government called its first witness, were not part of the record and, therefore, were not considered when the Government elected not to call Mr. Pollog as a witness. SFI's late-filed notice is highly prejudicial because it denied the Government the opportunity to address Mr. Pollog's designated testimony at trial.

## II. SFI'S DESIGNATIONS SHOULD BE STRICKEN BECAUSE THEY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS

In the "notice" of supplemental trial testimony designations that it filed on March 23, 2007, SFI claims that its proposed designations constitute "admissions" by the United States pursuant to FRE 801(d)(2). SFI filed a "notice" of its designations, without any motion requesting that the Court determine whether the proposed designations actually constitute "admissions" under the identified Federal Rule of Evidence. The lack of a motion seeking the Court's review and admission of these proposed designations, as opposed to SFI's mere

admission of the designations into the record of this case without any Court review and approval, is inappropriate.

"[T]here are two relevant requirements under Rule 801(d)(2)(D). First, [the designated individual's] deposition testimony must be an admission. Second, the statements must be made 'concerning a matter within the scope' of [the designated individual's] employment." Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (3d Cir. 2003). Although a party certainly must identify the specific testimony that it wants to designate for inclusion in the trial record, "the burden of establishing admissibility, of course, is with the proponent of the evidence." Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002). The Court is the ultimate decision-maker regarding these two factors. See Aliotta, 315 F.3d at 761. Specifically, it is the burden of "the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment," Sea-Land Serv., Inc. v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001) (quoting Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999)), and constitutes an admission. "When a court is evaluating whether such a foundation has been established, '[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Id. (quoting Fed. R. Evid. 801(d)(2)).

Because SFI appears to attempt to remove from the Court's purview any review of its proposed admissions, the Court should strike SFI's "notice" of designations. Below, we further discuss specific objections to the proposed designations, to the extent that the Court considers SFI's "notice" as a motion to deem testimony as admissions.

## III. SFI HAS FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)

### A. SFI Has Identified No Basis Upon Which To Avoid Its Burden Of Establishing The Admissibility Of Each Of Its Proposed Designations

In its "notice," SFI asserts that it need not comply with the requirements of RCFC 32(a) in submitting its supplemental trial testimony designations because all of the designated testimony is admissible as an admission of a party opponent, pursuant to FRE 801(d)(2). SFI relies upon the Court's decision in Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), in which the Court held that a party need not show cause for the admission of deposition testimony, pursuant to RCFC 32(a), if the Federal Rules of Evidence, in particular the rule concerning admissions of a party opponent in FRE 801(d), provide an independent basis for the admission of the deposition testimony. Id. at 95 (2004); see Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 163 (2004). However, consistent with other court decisions, the Court in Globe and Long Island required a showing that the testimony that the plaintiffs sought to designate in each case properly met the requirements of FRE 801(d)(2) as an admission of a party opponent. See Sea-Land, 285 F.3d at 821; Carden v. Westinghouse Elec. Co., 850 F.2d 996, 1002 (8th Cir. 1998); Selby v. Pepsico, Inc., 784 F. Supp. 750, 757 (N.D. Cal. 1991). SFI has made no attempt to meet these requirements for the supplemental testimony that it has designated.

Rule 801(d)(2) provides, in pertinent part, as follows:

> Admission by a party-opponent. The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). In Globe and Long Island, the Court conducted an analysis of the testimony designated to ensure that it met the requirements of the rule. Globe, 61 Fed. Cl. at 96-97; Long Island, 63 Fed. Cl. at 164-65. Specifically, the Court required the plaintiffs to establish that: (1) the statements were made by the party, the United States, against whom the statements were being offered; (2) the subject matter of the testimony designated matched the "subject matter of the employee's job description;" and (3) all of the individuals for whom testimony was designated were employees of the United States Government at the time of their depositions. Id. (citations omitted). SFI has failed to provide the Court with the evidence to make similar determinations regarding the supplemental trial testimony that it seeks to designate as admissions of a party opponent.

## IV. SFI HAS NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

### A. SFI Has Failed To Establish Good Cause For Using Designations *In Lieu* Of Live Testimony At Trial

SFI has sought the admission of the trial testimony of Mr. Pollog, but made no effort to show that Mr. Pollog was unavailable to testify at trial. SFI appears to base its notice, in part, upon the fact that the Government did not call Mr. Pollog as a witness in its case-in-chief. Of course, nothing prevented SFI from identifying Mr. Pollog on its own witness list (it did not, even though it included DOE employee David Zabransky on its witness list) or calling Mr. Pollog in its case-in-chief, or making any effort to call Mr. Pollog in its rebuttal case.[1]

---

[1] SFI included Mr. Zabransky on its witness list, filed August 18, 2006 (concurrent with the filing of its original notice of deposition and trial testimony designations) and identified the proposed subject matter for Mr. Zabransky's testimony as "DOE's administration and operation of the Civilian Radioactive Waste Management Program, including, *inter alia*, DOE's suspension of the Delivery Commitment Schedule process." The DCS process is the subject

Moreover, the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its substance. Because SFI has failed to meet its burden to show why this testimony should be admitted, the Court should exclude it from the record.

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, SFI must show "good cause" for using designated deposition and trial testimony, "other than as provided by [FRE] 801(d)." See RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be admitted") (emphasis added)); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). Although paragraph 15(b) of Appendix A itself does not expressly require that a party "show cause" in a written motion regarding the admission of FRE 801(d) evidence, it is clear that this Court has a preference for live testimony and that, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support that request.

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

SFI proffers no evidence, and makes no suggestion, that Mr. Pollog was unavailable to testify at the trial in this case. Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the

matter of Mr. Pollog's Northern States trial testimony included in SFI's notice of supplemental trial testimony.

deponent is readily available to testify at trial. Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). SFI's failure to make a showing of unavailability flies in the face of established precedent. The preference for live testimony, when available, has been well-established by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. Clearly, the reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) ("[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live

testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by this "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination"). SFI's introduction into evidence of supplemental trial testimony designations deprives the Court of the opportunity to see the witness respond to questions, explain his testimony, as well as respond to any questions asked by the Court.

Finally, even if the Court in Globe is correct that deposition (or trial) testimony satisfying the requirements of FRE 801(d)(2) is admissible even if the witness is available to testify, a party's right to present its case in the manner that it desires "must be balanced against a court's

leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence"). Under the Rules, this Court possesses the clear authority to exclude the wholesale introduction of designated testimony, in place of live testimony.

## V. NOTWITHSTANDING THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS

If the Court allows the testimony that SFI has designated to become part of the record in this case, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). Thereafter, and to the extent that the Court admits any designated testimony into the record as substantive evidence, the Government requests that the Court (1) consider any Government designations and counter-designations from Mr. Pollog's prior deposition and trial testimony from the SNF cases (FRE 106); or (2) reopen the trial record and permit the Government to call Mr. Pollog as a witness in the Government's case-in-chief to address the issues raised in SFI's designations of Mr. Pollog's Northern States trial testimony.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the trial testimony that SFI has designated or, in the alternative, that the Court rule upon the objections in the designated supplemental trial testimony, admit any subsequent Government designations and counter-designations, and/or reopen the record to permit the Government to present trial testimony from Mr. Pollog in its case-in-chief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
Trial Attorney
Civil Division
Department of Justice

May 1, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 1st day of May 2007, a copy of foregoing "DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' "NOTICE OF SUPPLEMENTAL TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Scott R. Damelin