**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on May 18, 2007)

| | |
|---|---|
| **SYSTEM FUELS, INC.,**<br>SYSTEM ENERGY RESOURCES, INC., and<br>SOUTH MISSISSIPPI ELECTRIC<br>POWER ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>Defendant. | No. 03-2624C<br>(Judge Braden) |

**PLAINTIFFS' RESPONSE TO THE DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL TRIAL TESTIMONY DESIGNATIONS AND, IN THE ALTERNATIVE, MOTION IN LIMINE TO PRECLUDE RELIANCE UPON TRIAL TRANSCRIPT DESIGNATIONS**

Plaintiffs System Fuels, Inc. ("SFI"), System Energy Resources, Inc. ("SERI") and South Mississippi Electric Power Association ("SMEPA") respectfully submit this response to Defendant United States' (the "Government") motion to strike and, in the alternative, motion *in limine* to preclude Plaintiffs' reliance upon trial transcript designations ("Gov't Motion"). On March 23, 2007, in conjunction with the filing of their post-trial brief, Plaintiffs filed a notice of supplemental trial testimony designations to admit a few discrete portions of Department of Energy ("DOE") employee Mr. Thomas Pollog's trial testimony from November 2006 in *Northern States Power Company v. United States*, No. 98-484C (Wiese, S.J.). Mr. Pollog's testimony directly derives from his employment at DOE, where he currently serves as the Contracting Officer's Technical Representative on the Standard Contracts for spent nuclear fuel disposal.

Notwithstanding the bluster embodied in the Government's motion, there is absolutely no merit to it. First, the Court has not yet closed the record in this case, and the Government has cited no transcript page from the trial to the contrary. Second, the testimony in question, which consists of less than five pages of text, relates to Mr. Pollog's understanding of why DOE suspended the Delivery Commitment Schedule ("DCS") process in late 1996 - early 1997. Mr. Pollog's testimony is admissible as substantive evidence as an admission of a party-opponent under FED. R. EVID. 801(d)(2). For those two key reasons, and others set forth below, the Government's motion should be denied.

## DISCUSSION

## I. THE COURT HAS NOT YET CLOSED THE RECORD IN THIS CASE

In its Motion, the Government boldly states, "[t]he record is closed." Gov't Motion at 2. Unfortunately, that statement does not square with Plaintiffs' understanding, nor does the Government cite any portion of the trial transcript to support that proposition. Indeed, the Government's position appears to be at odds with the views espoused by the Court during various colloquies at the end of the trial when the Court expressed its preference for keeping the record open while it considered the parties' post-trial briefs and the supporting evidence. In this regard, the Court's commentary from the trial on January 18, 2007 (Tr. 2498-99) is illustrative:

> "THE COURT: And I do a separate order for the Court of Appeals so they know what's in the record, rather than let some law clerk try to figure it out by going through the transcripts. It's much more efficient that way. So you all look at what we've done, and if you disagree there's something there that should not be there, and the same way with the government, so you have basic time to edit, so we know what's in the record. We get these stray documents, and then there may be something that happens after the hearing too. You never know.
>
> "MR. TOMASZCZUK: Thank you.
>
> "THE COURT: You may find some golden nugget or something you want to have in the record. I don't really care. I put everything in just because it seems to



400574081v1

me, under the circumstances, it just gives the Appellate Court a full record, you know, I don't have to rely on some of the documents, so it's there. If someone else wants to contradict what I have to say or my views, it's much easier. The last thing you want is to have evidence excluded. That's gnarly."

It is not for the Government as Defendant – but for the Court – to determine when it deems the record closed. Absent such direction from the Court, the record remains open. *See Sacramento Mun. Util. Dist. v. United States*, 74 Fed. Cl. 727, 730 n.2 (2006) (holding that the record was not closed, since the court advised the parties: "[W]e can conclude today's proceedings [but] . . . I don't ever close the record out until I write a decision.") (citation omitted) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-32 (1971)).

Moreover, to a large extent, the Government's Motion makes a "mountain out of a molehill" in challenging Plaintiffs' supplemental designations of Mr. Pollog's few pages of trial testimony from the *Northern States Power* trial. Plaintiffs are not foisting mounds of new documents or reams of new testimony upon the Court and the parties. The five pages of testimony in question relate to one discrete issue – the *reasons* DOE suspended the DCS process.[1] While the Government may not like Mr. Pollog's testimony on the issue, it remains probative and should be considered by the Court. It also meets all of the tests for an admission pursuant to the applicable rules of law, as discussed below.

[1] This Court has already determined "as a matter of law, the Annual Capacity Reports (ACRs) and DCSs did not amend the Standard Contract and SFI's failure to submit a DCS is irrelevant and does not alter the Government's obligation under the Standard Contract to accept and store SNF." *Sys. Fuels, Inc. v. United States*, 66 Fed. Cl. 722, 732 (2005). Unfortunately, the Government proceeds as if this ruling never occurred. See Defendant's Post-Trial Brief at 32-40, wherein the Government continues to press its DCS arguments.

## II. THE TESTIMONY OF THE WITNESS IN PLAINTIFFS' NOTICE IS ADMISSIBLE PURSUANT TO FED. R. EVID. 801(d)(2)

### A. The Government Does Not Dispute That This Designation Derives From The Testimony Of Its Employee And Therefore Is Admissible As Substantive Evidence

Plaintiffs seek to admit statements of a party-opponent – the United States – as non-hearsay pursuant to two separate subjections of FED. R. EVID. 801(d)(2). First, under FED. R. EVID. 801(d)(2)(D), SFI may use prior testimony as admissions of a party-opponent if a designation (1) is offered against a party-opponent, (2) the person's statement concerns a matter within the scope of the person's agency or employment, and (3) the statements were made during the existence of that person's relationship with the United States. *See Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 97 (2004). Generally, Plaintiffs "need not establish that [a witness's statement] was 'authorized' within the meaning of the rule" because "an agent may make vicarious admissions for his principal whether or not he is specifically authorized to speak on that subject." *PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 473 (2006).

Second, under FED. R. EVID. 801(d)(2)(C), Plaintiffs may also use statements of a party opponent if the designation is (1) offered against a party-opponent and (2) the statement by the person is "authorized by the party to make a statement concerning the subject . . . ." *See also Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (1997). "Authority to make a statement can be bestowed upon virtually anyone, either expressly or implicitly." 7 WEINSTEIN'S FEDERAL EVIDENCE § 801.32[1], at 801-68.1 (2d Ed. 2006).

The designated testimony of Mr. Pollog meets all of the requirements for establishing the admission of a party-opponent under either Fed. R. Evid. 801(d)(2)(D) or (d)(2)(C). The witness, Mr. Pollog, was (and is) a DOE employee, a point which the Government does not contest. Gov't Motion at 2. *See also* Plaintiffs' Trial Designations for Thomas E. Pollog dated

August 18, 2006, as admitted on January 16, 2007, excerpt from Trial Testimony, *Tennessee Valley Auth. v. United States* (June 24, 2005), pages 908-09 (copy attached as Attachment 1). Mr. Pollog's designated testimony involves his knowledge and work with DOE's Office of Civilian Radioactive Waste Management ("OCRWM") regarding issues directly within the scope of his duties for DOE's OCRWM. *Id*. Plaintiffs' have designated sections of the testimony in which Mr. Pollog discusses issues related to his work at OCRWM on the Standard Contract. *See* Trial Transcript of *Northern States Power v. United States* at 3720: line 23 through 3721: line 1; 3722: line 22 through 3723: line 3; 3739: line 19 through 3741: line 10 (November 15, 2006). Thus, because the testimony falls well within Mr. Pollog's scope of employment with DOE, this testimony is admissible as substantive evidence under FED. R. EVID. 801.

### B. Plaintiffs Are Not Required To Demonstrate Unavailability Or Show Good Cause For The Admission of Party-Opponent Admissions

Contrary to the Government's attempt to blur the standard for introducing admissions of a party-opponent, Plaintiffs do not have to show the unavailability of any witness or "good cause" to introduce admissions of a party-opponent under FED. R. EVID. 801. *See Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157, 164 (2004) (noting that a party "need not demonstrate that any of the declarants whose deposition testimony it seeks to admit at trial pursuant to FED. R. EVID. 801(d)(2)(D) will be unavailable as witnesses at trial"); *Globe Savings Bank*, 61 Fed. Cl. at 94 ("[T]he government is mistaken that Rule 801(d)(2) requires a showing of the unavailability of the declarant."); *cf also Weaver-Bailey Contractors, Inc. v. United States*, 19 Cl. Ct. 474, 483 (1990) (noting that FED. R. CIV. P. 32(a)(2) – similar to RCFC 32(a) – "permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial") (quotation omitted), *reconsideration denied by* 20 Cl. Ct. 158 (1990). In this regard, in *Long Island Savings* Judge Lettow rejected

the need to show unavailability and the rationale in *Kolb v. County of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985), cited by the Government here for that proposition. *Long Island Savings*, 63 Fed. Cl. at 163 ("Although the court in *Kolb* correctly observed that admission of deposition testimony as evidence under FED. R. CIV. P. 32(a) is dependent upon meeting the requirements of the rules of evidence, the court incorrectly assumed that the reverse is also true.") (footnote omitted).

Also contrary to the Government's stated assertion, the "common law's preference for live testimony has no bearing on the use of party admissions as evidence." *Long Island Savings*, 63 Fed. Cl. at 163. Thus, there is no requirement to show unavailability of a witness to designate testimony of a party-opponent; nor does a witness's "preferred" live testimony prevent the introduction of party-admissions based upon the witness's previous testimony.

In its Motion the Government acknowledges that the Court in *Globe Savings Bank* may be correct in holding that there is no unavailability requirement under FED. R. EVID. 801(d)(2). Gov't Motion at 12-13. The Government then requests that the Court exercise its discretion in excluding the testimony of Mr. Pollog. Gov't Motion at 12-13. As discussed below, the Court's practice in this case has been to admit the designations of both parties equally. There is no reason why the Court should treat the designation of Mr. Pollog's recent testimony in *Northern States Power* differently from those previously admitted in this case.

### C. Although Not Required Under FED. R. EVID. 801, The Government Had Adequate Notice Of The Relevancy and Content of This Witness's Testimony

The Government claims that this designation should not be admitted because it is allegedly prejudicial, and the Government had "no notice" of the need to present evidence related to these designations. Gov't Motion at 2-3. However, as the Government acknowledges in its Motion, Plaintiffs previously noticed prior deposition testimony of Mr. Pollog, as well as



400574081v1

his prior trial testimony from *Yankee Atomic Electric Company v. United States*, No. 98-126C (Merow, S.J.), and *Tennessee Valley Authority v. United States*, No. 01-249C (Lettow, J.). Gov't Motion at 4.[2] As the Government also acknowledges, on January 16, 2007, the Court admitted Plaintiffs' deposition and trial testimony designations, as well as the Government's designations and counter-designations. *Id.* Additionally, the Government listed Mr. Pollog as a witness on its pre-trial witness list, and then elected not to call him during the presentation of its case in January 2007. Gov't Motion at 4. Notably, in their witness list, Plaintiffs reserved "the right to call any and all witnesses on Defendant's witness list." Once the Government determined in January 2007 not to call Mr. Pollog as a live witness, it was appropriate to submit his testimony from *Northern States Power* by designation.

Therefore, despite its assertions to the contrary, the Government had adequate notice that both parties considered Mr. Pollog's testimony to be relevant and potentially useful in this case. The Government's assertion that it is prejudiced by a lack of notice is specious. The Government was fully aware that Mr. Pollog had testified in other cases, that Mr. Pollog was explicitly listed on the Government's witness list and by reference on Plaintiffs' list, and that earlier trial and deposition testimony of Mr. Pollog had been submitted to and admitted by this Court as part of Plaintiffs' original designations. The Government cannot legitimately claim surprise or prejudice concerning the inclusion of Mr. Pollog's *Northern States Power* testimony, which only became available after this trial began (and Plaintiff's original designations were submitted.)

---

[2] Mr. Pollog had not yet testified in the *Northern States Power* case in August 2006 when Plaintiffs submitted their original designations. Obviously, those original designations could only include the prior testimony and transcripts that were available at the time. Mr. Pollog did not testify in *Northern States Power* until November 2006.

## III. THE DESIGNATIONS SHOULD BE ADMITTED IN KEEPING WITH THE COURT'S PRACTICE IN THIS CASE

As discussed above, the Court's practice in this case has been to admit as evidence admissions in the form of previous trial and deposition testimony for both parties. The Government now requests that if Mr. Pollog's *Northern States Power* testimony is now admitted, the Court first rule upon the objections in that testimony. Gov't Motion at 13. However, a ruling on the objections in the testimony would not be in keeping with previous practice and what has effectively become the law of the case. All previous designations, submitted by both Plaintiffs and the Government, have been accepted and admitted, presumably subject to any objections contained in those designations that the Court will consider in due course. *See* January 16, 2007 Trial Tr. at 1734. Therefore, Plaintiffs' designations of Mr. Pollog's *Northern States Power* testimony should be accepted in the same manner, pursuant to FED. R. EVID. 801.

## IV. THE GOVERNMENT'S REQUEST FOR LIVE TESTIMONY SHOULD BE DENIED

The Government requests that if the Court accepts these designations, the Court should also "(1) consider any Government designations and counter-designations from Mr. Pollog's prior deposition and trial testimony from the SNF cases (FRE 106); or (2) reopen the trial record and permit the Government to call Mr. Pollog as a witness in the Government's case-in-chief to address the issues raised in SFI's designations." Gov't Motion at 13. As to the Government's first request, that the Court consider other possible designations or counter-designations of Mr. Pollog's deposition and trial testimony, SFI does not object to that request, provided that those counter-designations are submitted for completeness purposes <u>only</u>.[3] SFI does object to the request that the Court allow the live testimony of Mr. Pollog. Such additional live testimony

[3] As Mr. Pollog is an employee of the DOE and Government, his testimony (if proferred by the Government) does <u>not</u> constitute an admission of a party-opponent that would be admissible under FED. R. EVID. 801(d).

is neither necessary nor justified given the extremely limited scope of Plaintiffs' designation of Mr. Pollog's testimony. The Government previously had ample opportunity to call and examine Mr. Pollog, both in this case and in other trials and depositions. Additionally, the Government was well aware of the content of Mr. Pollog's *Northern States Power* testimony prior to its designation by Plaintiffs. Any claimed prejudice by the Government is more than adequately addressed by the Government's ability to submit counter-designation of additional deposition or trial testimony of Mr. Pollog to the extent it is required for a full and complete record. It would be a waste of judicial time and resources to schedule additional live testimony of Mr. Pollog at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court admit Plaintiffs' designations of Mr. Pollog's *Northern States Power* trial testimony pursuant to FED. R. EVID. 801(d)(2), and deny the Government's Motion.

Dated: May 18, 2007

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiffs
System Fuels, Inc.,
System Energy Resources, Inc.
and South Mississippi Electric Power Association

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)