IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SYSTEM FUELS, INC., SYSTEM ENERGY RESOURCES, INC. and SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION, Plaintiffs, | |
| v. | No. 03-2624C (Judge Braden) |
| UNITED STATES OF AMERICA, Defendant. | |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE PLAINTIFFS' "NOTICE OF SUPPLEMENTAL TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant, the United States, respectfully submits this reply to the response submitted by the plaintiffs, System Fuels, Inc., Systems Energy Resources, Inc., and Southern Mississippi Electric Power Association (collectively "SFI"), dated May 18, 2007, to the motion to strike SFI's notice of supplemental trial testimony designations.

ARGUMENT

SFI's suggestion that it can submit additional testimonial evidence into this case after the conclusion of trial, even though the Government based its trial decisions upon the evidence that SFI had submitted at trial, is unsupportable. The parties had ample opportunity to present evidence at trial and the record is, and should be, closed. Yet plaintiffs, concurrent with the filing of their post-trial brief, filed a notice of supplemental trial testimony designations, seeking to introduce by designation certain trial testimony of Department of Energy employee Thomas Pollog as substantive evidence. SFI's apparent basis for submitting the new additional

designations of Mr. Pollog's trial testimony four months after trial ended is that "the Court expressed its preference for keeping the record open while it considered the parties' post-trial briefs and supporting evidence." Pl. Br. 2. However, the Court made clear at the conclusion of plaintiffs' case-in-chief on September 22, 2006, that plaintiffs had rested, except for limited purposes:

> Well I would say they're rested, whether they want to be rested or not, they're rested, but for the submission of the written direct with these agency documents and then your cross-examination and they're [sic] redirect.

Tr. 1716:3-8. Plaintiffs' attempts now to designate Mr. Pollog's testimony four months after the trial has ended does not comport with that evidentiary ruling of the Court. Had plaintiffs determined that they needed to include the testimony of Mr. Pollog as part of their case, they could have done so in their rebuttal case, to which the Government could have presented a sur-rebuttal. Plaintiffs had more than enough time to make that decision from the conclusion of their case-in-chief on September 22, 2006, to the opening of the Government's case-in-chief on January 17, 2007. The parties have had sufficient opportunity to present witnesses, documents, and designations at the trial in this matter and plaintiffs' request now to submit additional evidence into the record makes a mockery of the orderly trial schedule established by the Court.

The Government objects to SFI's submission of post-trial testimony. All of the post-trial testimony permitted by the Court constitutes, in effect, an improper re-opening of the record after SFI failed to meet its burden of proof in its case-in-chief at trial. See Leonetti v. Leonetti, 28 B.R. 1003, 1010 (E.D. Pa. 1983) ("Where an unsuccessful party has had ample opportunity to produce evidence at trial, but failed to do so, courts do not allow the unsuccessful party to

relitigate the case by presenting evidence previously ignored") (citing Bell Tel. Labs., Inc. v. Hughes Aircraft, Co., 73 F.R.D. 16 (D. Del. 1976)).

SFI fails to acknowledge that the record in this case is closed. While courts have discretion to reopen the record in a case to admit additional evidence, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331-32 (1971), fairness to the parties is the key criterion courts consider when deciding whether to reopen the record. Blinzler v. Marriott Int'l, Inc., 81 F.3d 1148, 1160 (1st Cir. 1996). However, a court abuses its discretion if it, where a party has failed to meet its burden of proof, reopens the record and allows that party to submit evidence that, through the party's own negligence or carelessness, was not introduced during the trial. Downey v. Denton County, Tex., 119 F.3d 381, 387 (5th Cir. 1997); see Gathright v. St. Louis Teacher's Credit Union, 97 F.3d 266, 268 (8th Cir. 1996) (failure to call witnesses or produce evidence is not ordinarily grounds for reopening a case); Leonetti, 28 B.R. at 1010 (courts do not allow a party to relitigate a case by presenting evidence that party previously ignored). Parties are not permitted a second chance to meet their burden of proof, if they have not met it the first time during trial. Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 249 F.2d 277, 285 (9th Cir. 1957); see Hartford Accident & Indemnity Co. v. Gulf Ins. Co., 837 F.2d 767, 773-74 (7th Cir. 1988) (upholding district court's refusal to reopen record because plaintiff had the opportunity to present its evidence during trial); Locklin v. Switzer Bros., Inc., 299 F.2d 160, 169 (9th Cir. 1961) (court should not reopen record because evidence should be submitted during trial and the rights of the parties should not be held in abeyance for months or years after the trial); Skehan v. Bd. of Trs. of Bloomsburg State Coll., 590 F.2d 470, 478-79 (3rd Cir. 1978) (court should not reopen the record to allow plaintiff to present new evidence because plaintiff had full

opportunity to present evidence and any inadequacies in the evidence were his own responsibility).

The Court should not reopen the record in this case because SFI had the full opportunity at trial to present evidence regarding the delivery commitment schedule ("DCS") process addressed in the newly designated testimony of Mr. Pollog and simply failed to meet its burden of proof. In a similar case, Downey v. Denton Co., Texas, 119 F.3d 381 (5th Cir. 1997), the plaintiff mistakenly failed to call witnesses during her case-in-chief who would have testified regarding the damages that she suffered and, consequently, failed to meet her burden of proof on that issue. On appeal, the plaintiff sought to overturn the district court's decision refusing to reopen the record. Id. at 387. The Fifth Circuit held that reopening the record to admit new evidence would have been an abuse of discretion because the error was entirely a result of the plaintiff's own carelessness. Id. As in Downey, SFI failed to present Mr. Pollog's testimony at trial. SFI had the opportunity to designate Mr. Pollog's testimony during the trial, to present Mr. Pollog's testimony in a rebuttal case, or to call Mr. Pollog as a testifying witness. SFI did not do so and decided to take no action until four months after the trial ended. Through its pre-trial briefing and presentation of evidence during the trial, SFI had full notice that the DCS process would be addressed by the Government at trial. However, SFI chose not to introduce Mr. Pollog's testimony addressing the DCS process and, consequently, should not be allowed to move such evidence into the record after the trial. SFI had ample opportunity to present evidence at trial to meet its burden of proof on this point. Therefore, the Court should not reopen the record in this case to allow SFI another chance to meet its burden.

Furthermore, reopening the record would be unfair to the Government because SFI had numerous chances to introduce evidence concerning the DCS process and failed to do so. In Locklin v. Switzer Bros., Inc., 299 F.2d 160 (9th Cir. 1961), the appellant appealed a decision by the district court that it had infringed a patent held by the appellee. Id. at 169. In post-trial proceedings, the appellant attempted to introduce new evidence to prove that it had not infringed the patent. Id. The trial court refused to reopen the record because the appellant could not show good cause for its failure to introduce the evidence at trial. Id. The Fifth Circuit upheld the trial court's decision on the grounds that reopening the record would harm the appellee by placing its rights "in abeyance for months or years." Id. Similarly, reopening the record in this case would harm the Government by forcing it to address testimony that was not presented at trial and to call Mr. Pollog to the stand to testify regarding the DCS process, requiring a continuation of the trial that we believed was already concluded.

SFI attempts to blame the Government for its post-trial filing of Mr. Pollog's designated testimony. Pl. Br. 6-7. In its response brief, SFI asserts that the Government "had adequate notice that both parties considered Mr. Pollog's testimony to be relevant and potentially useful in this case" and calls the Government's position that it is prejudiced by the post-trial filing of Mr. Pollog's testimony "specious." Pl. Br. 7. Mr. Pollog has been deposed by plaintiffs in the spent nuclear fuel cases over 13 days, and he has testified in six spent nuclear fuel trials. Apparently, under plaintiffs' view, the Government must be "on notice" regarding every matter about which Mr. Pollog testified in any of his depositions and at trial and therefore, cannot be prejudiced by any testimony that the plaintiffs subsequently decide to add to the trial record after trial has concluded, without any identification of or reliance by the plaintiffs upon the testimony at issue

during the trial itself. SFI's effort to create a one-sided trial record by surprise should be rejected.

Further, plaintiffs state that, "[o]nce the Government determined in January 2007 not to call Mr. Pollog as a live witness, it was appropriate to submit his testimony from Northern States by designation." Pl. Br. 7. Mr. Pollog's designated testimony in Northern States occurred in November 2006, and the trial in this case did not close until January 2007. However, plaintiffs fail to offer any explanation as to why Mr. Pollog's newly designated testimony was not submitted to the Court until March 23, 2007. Plaintiffs' failure to supplement their original designations, submitted in August 2006, before the trial ended is no justification for their attempt to supplement the trial record months after the trial ended.

Finally, assuming the Court admits Mr. Pollog's newly designated testimony into the record, SFI asserts that the Government be allowed to counter-designate Mr. Pollog's testimony "for completeness purposes only," and further objects to the Government's request to "allow the live testimony of Mr. Pollog." Pl. Br. 8 (emphasis in original). Again, SFI claims that the Government was on notice of Mr. Pollog's designated testimony and, therefore, that the Government's decision not to call Mr. Pollog as a trial witness limits its ability to offer testimony through either live testimony or counter-designations of testimony that it deems necessary and appropriate. Of course, SFI offers no legal precedent for the position that the Government's counter-designations should be limited in any way. Simply put, the Government and the Court need to address this issue because of, and only because of, SFI's own actions. Placing a limit upon the Government's ability to call Mr. Pollog as a live trial witness, or limiting the Government's ability to submit counter-designations to Mr. Pollog's designated

testimony, prejudices the Government and would encourage plaintiffs to withhold evidence during trial (so that explanatory or contradictory testimony would not be developed or presented at trial) and then introduce it by surprise after trial concludes (so that no explanatory or conflicting testimony can be developed or presented).

If the Court allows the testimony that SFI has designated to become part of the record in this case, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). Thereafter, and to the extent that the Court admits any designated testimony into the record as substantive evidence, the Government requests that the Court (1) consider any Government designations and counter-designations from Mr. Pollog's prior deposition and trial testimony from the SNF cases (FRE 106); and (2) reopen the trial record and permit the Government to call Mr. Pollog as a witness in the Government's case-in-chief to address the issues raised in SFI's designations of Mr. Pollog's Northern States trial testimony.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the trial testimony that SFI has purported to designate or, in the alternative, that the Court rule upon the objections in the designated supplemental trial testimony, admit any subsequent Government designations and counter-designations, and reopen the record to permit the Government to present trial testimony from Mr. Pollog in its case-in-chief.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

OF COUNSEL:

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/ Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7571
Fax: (202) 307-2503

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
Trial Attorney
Civil Division
Department of Justice

June 4, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 4th day of June 2007, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE PLAINTIFFS' "NOTICE OF SUPPLEMENTAL TRIAL TESTIMONY DESIGNATIONS" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder