**No. 03-2624C**
**(Judge Braden)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**SYSTEM FUELS, INC.,**
**SYSTEM ENERGY RESOURCES, INC. and**
**SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION,**

**Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA**

**Defendant,**

---

# DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' CLAIM FOR PRE-JUDGMENT INTEREST IN RESPONSE TO THE COURT'S MARCH 2008 SCHEDULING ORDER

---

**JEFFREY S. BUCHOLTZ**
**Acting Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**HAROLD D. LESTER, JR.**
**Assistant Director**

**SHARON A. SNYDER**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Attn: Classification Unit**
**8th Floor**
**1100 L Street, N.W.**
**Washington, D.C. 20530**
**Tel: (202) 305-7583**
**Fax: (202) 307-2503**

**Attorneys for Defendant**

**OF COUNSEL:**

**JANE K. TAYLOR**
**Office of General Counsel**
**U.S. Department of Energy**
**1000 Independence Ave., S.W.**
**Washington, D.C. 20585**

**ALAN J. LO RE**
**Senior Trial Counsel**

**SCOTT R. DAMELIN**
**STEPHEN FINN**
**JOSHUA E. GARDNER**
**Trial Attorneys**
**Civil Division**
**Department of Justice**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

**April 11, 2008**

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

SUMMARY OF PROCEEDINGS REGARDING SUPPLEMENTAL EXPERT TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. SFI'S CLAIMS FOR ITS WEIGHTED AVERAGE COST OF CAPITAL "COST OF BORROWED FUNDS," AND WEIGHTED AVERAGE COST OF DEBT ARE ALL LEGALLY UNSUPPORTED ATTEMPTS TO RECOVER PRE-JUDGMENT INTEREST . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. SFI's Claims For Its Weighted Average Cost Of Capital, "Cost Of Borrowed Funds," And Weighted Average Cost Of Debt Are Not Recoverable Against The Government Under The Standard Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. SFI Has Not Identified Any Waiver Of Sovereign Immunity That Would Allow Recovery Of Its Cost Of Capital, Cost Of Debt, Cost of Borrowed Funds, Or Any Other Form Of Pre-Judgment Interest . . . . . 7

C. SFI's Alternative Calculations For The Weighted Average Cost Of Debt And "Cost Of Borrowed Funds" Use A Methodology That Is Different From The Methodology Used To Calculate The Weighted Average Cost Of Capital And Should Be Stricken, Or Ignored, By The Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

II. MR. METCALFE'S CITATIONS TO MATERIALS THAT REFERENCE "WEIGHTED AVERAGE COST OF CAPITAL" ARE IRRELEVANT AND SHOULD BE DISREGARDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

TABLE OF AUTHORITIES

CASES PAGE(S)

Bell v. United States,
404 F.2d 975 (Ct. Cl. 1968) . . . . . . . . . . 9

Bluebonnet Savings Bank, F.S.B. v. United States,
266 F.3d 1348 (Fed. Cir. 2001) . . . . . . . . . . 7

Centex Corp. v. United States,
55 Fed. Cl. 381 (2003) . . . . . . . . . . 7, 8

District of Columbia v. United States,
67 Fed. Cl. 292 (2005) . . . . . . . . . . 6

England v. Contel Advanced Sys.,Inc.,
384 F.3d 1372 (Fed. Cir. 2004) . . . . . . . . . . 7

Gevyn Constr. Corp. v. United States,
827 F.2d 752 (Fed. Cir. 1987) . . . . . . . . . . 12

Indiana Michigan Power Co. v. United States,
60 Fed. Cl. 639 (2004), aff'd,
422 F.3d 1369 (Fed. Cir. 2005) . . . . . . . . . . 7

J.D. Hedin Constr. Co. v. United States,
456 F.2d 1315 (Ct. Cl. 1972) . . . . . . . . . . 7

Library of Congress v. Shaw,
478 U.S. 310 (1986) . . . . . . . . . . 5, 6, 7

Lisbon Contractors, Inc. v. United States,
828 F.2d 759 (Fed. Cir. 1987) . . . . . . . . . . 2

Maine Yankee Atomic Power Co. v. United States,
225 F.3d 1336 (Fed. Cir. 2000) . . . . . . . . . . 6

Northern States Power Co. v. United States,
78 Fed. Cl. 449 (2007), appeal pending,
Nos. 2008-5037, 2008-5041 (Fed.Cir. docketed Feb. 11, 2008) . . . . . . . . . . 13

Sandstrom v. Principi,
358 F.3d 1376 (Fed. Cir. 2004) . . . . . . . . . . 6

TABLE OF AUTHORITIES (cont'd)

CASES PAGE(S)

Singer Co. Librascope Div. v. United States,
568 F.2d 695 (Ct. Cl. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Southern Nuclear Operating Co. v. United States,
77 Fed. Cl. 396 (2007), appeal pending,
Nos. 2008-5020, 2008-5028 (Fed. Cir. docketed Jan. 3, 2008) . . . . . . . . . . . . . . . . . . . . 13

System Fuels, Inc. v. United States,
78 Fed. Cl. 769 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

System Fuels, Inc. v. United States,
79 Fed. Cl. 37 (2007), appeal pending
nos. 2008-5029, 2008-5035 (Fed. Cir. docketed Jan. 9, 2008) . . . . . . . . . . . . . . . . . . . . 13

Tennessee Valley Authority v. United States,
69 Fed. Cl. 515, 541-42 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

United States v. Thayer-West Print Hotel Co.,
329 U.S. 585 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Wickham Contracting Co. v. Fischer,
12 F.3d 1574 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Wickham Contracting Co. v. GSA,
GSBCA No. 8675, 92-3 B.C.A. ¶ 25040, 1992 WL 88326 (GSBCA 1992),
aff'd,12 F.3d 1574 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Willems Indus., Inc. v. United States
155 Ct. Cl. 360, (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATUTES

FAR § 43.205, 48 C.F.R. § 43.205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 2516(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM FUELS, INC.,<br>SYSTEM ENERGY RESOURCES, INC. and<br>SOUTH MISSISSIPPI ELECTRIC<br>POWER ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 03-2624C<br>(Judge Braden) |

DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' CLAIM FOR PRE-JUDGMENT INTEREST IN RESPONSE TO THE COURT'S MARCH 2008 SCHEDULING ORDER

Pursuant to this Court's order dated March 12, 2008, defendant, the United States, respectfully submits the following brief in opposition to any recovery of pre-judgment interest claimed by plaintiffs, System Fuels, Inc., System Energy Resources, Inc. and South Mississippi Electric Power Association (collectively, "plaintiffs" or "SFI").

SUMMARY OF PROCEEDINGS REGARDING SUPPLEMENTAL EXPERT TESTIMONY

Plaintiffs filed this partial breach action against the Government for certain costs on November 5, 2003. Following trial, on October 11, 2007, the Court issued its opinion awarding plaintiffs more than $10 million in nominal damages. System Fuels, Inc. v. United States, 78 Fed. Cl. 769, 809 (2007). After making some additional downward corrections, calculated recently by plaintiffs, the nominal damages total $9,919,842. See Second Supplemental Direct Testimony of Kenneth P. Metcalfe, February 19, 2008 ("Second Supp. Test.") at ¶ 13.

In its October 2007 decision, the Court ruled that the Government's partial breach was a "substantial factor" in plaintiffs' need to borrow funds to implement dry fuel storage. System Fuels, 78 Fed. Cl. at 808. The Court determined that the "cost of borrowed funds[1]" were recoverable, if plaintiffs could establish those costs with reasonable certainty. Id. However, the Court found that it could not determine the "cost of borrowed funds" with any certainty and requested that plaintiffs provide supplemental expert testimony.[2] On the same date that the Court issued its decision, the Court issued an Order Requesting Supplemental Expert Testimony. The Court ordered Kenneth Metcalfe, President of Kenrich Group, LLP, plaintiffs' damages expert, to submit supplemental direct testimony that "explains clearly and succinctly each step

---

[1] Plaintiffs never characterized any element of their damages claim as the "cost of borrowed funds." The "cost of borrowed funds" was a term used in the Court's opinion. Mr. Metcalfe testified at the January 23, 2007 hearing that the "cost of borrowed funds" refers to borrowed funds or debt, as opposed to equity capital. In Mr. Metcalfe's weighted average cost of capital calculations, he includes both debt and equity components, while the "cost of borrowed funds" included only a debt component. See Hearing Tr.85:25-89:19; Ex. 701 at N188 (FERC Form 1 for 1998. Plaintiffs only sought the weighted average cost of capital at trial.

The hearing held on January 23, 2008 will be referred to herein as Hearing Tr. at _. References to the trial of this matter conducted on September 18-22, 2006 and on January 16-18, 2007 will be cited as Tr. at ___.

[2] We argued that any additional testimony, after the completion of the trial and issuance of the Court's decision, was improper especially given that plaintiffs had failed to prove their damages related to what the Court termed "cost of borrowed funds." As we established at the hearing on the issue, held on January 23, 2008, plaintiffs had previously not set forth any claim for the "cost of borrowed funds." On the contrary, Mr. Metcalfe testified during the hearing that he had calculated the weighted average cost of capital, which he explained was not the same thing as the "cost of borrowed funds." In any event, the United States Court of Appeals for the Federal Circuit has ruled that "[t]he claimant bears the burden of proving the fact of loss with certainty, as well as the burden of proving the amount of loss with sufficient certainty so that the determination of the amount of damages will be more than mere speculation." Willems Indus., Inc. v. United States, 155 Ct. Cl. 360, 295 F.2d 822, 831 (1961); see also Lisbon Contractors, Inc. v. United States, 828 F.2d 759, 768 (Fed. Cir. 1987). Because the Court could not determine these damages with any certainty, the claim should have been dismissed.

taken to arrive at the $1,587,000 amount of the 'cost of borrowed funds' that Plaintiffs have requested as part of their damage award." Order Requesting Supplemental Expert Testimony, No. 03-2624 (Fed. Cl. Oct. 11, 2007). Plaintiffs thereafter filed the Supplemental Direct Testimony of Kenneth P. Metcalfe, on November 16, 2007 ("Suppl. Test."). Defendant took Mr. Metcalfe's deposition on December 11, 2007. The Court scheduled a hearing for January 23, 2008, at which Mr. Metcalfe provided live testimony.

At the conclusion of the hearing, the Court ordered Mr. Metcalfe to submit additional supplemental expert testimony that would include a re-calculated weighted average cost of capital, but exclude the adjustments that the Court made to the plaintiffs' damages, with calculations only through August 31, 2005.[3] Transcript of Hearing, Jan. 23, 2008, at 89-90. Beyond re-calculating the weighted average cost of capital ("WACC" or "cost of capital"), it was unclear as to whether the Court ordered Mr. Metcalfe to perform any other calculations. Hearing Tr. 94:9-95:21. However, Mr. Metcalfe included a calculation for the "cost of borrowing" and the weighted average cost of debt ("WACD" or "cost of debt") in his second supplemental testimony. See generally Second Supp. Test. ¶¶ 22-27.

In response to the Court's order, plaintiffs filed Mr. Metcalfe's Second Supplemental Testimony. The Court, at the close of the hearing on January 23, 2008, provided that the Government and plaintiffs would file briefs to respond to the second supplemental testimony. Id. at 93-94. The Court issued a scheduling order on March 12, 2008, scheduling briefing on the issues.

---

[3] Mr. Metcalfe's original cost of capital was calculated through September 11, 2006. Written Direct Testimony of Kenneth P. Metcalfe ("Direct Metcalfe Testimony"), September 6, 2006 at ¶ 59.

## SUMMARY OF ARGUMENT

With all due respect, the Court's legal conclusions regarding the plaintiffs' ability to recover "costs of borrowed funds" as a damage in a breach of contract case against the Government are incorrect. The Government objects to the Court's apparent conclusion that the plaintiffs are entitled to recover what the Court has characterized as "cost of borrowed funds." The Court's "cost of borrowed funds" is simply another form and description for pre-judgment interest. Plaintiffs are not entitled to recover any type of pre-judgment interest charges related to its claimed nominal damages, whether characterized as cost of capital, cost of debt, or "cost of borrowed funds." The recovery of pre-judgment interest is contrary to law, and plaintiffs' claim for this element of claimed damages should be denied.

Because the plaintiffs' claim for pre-judgment interest should be dismissed as a matter of law, the two rounds of post-trial supplemental testimony submitted by Mr. Metcalfe, as well as his testimony at the Court-ordered post-trial hearing on January 23, 2008, are irrelevant. However, to the extent that the Court finds the recovery of such costs permissible, we must address not only Mr. Metcalfe's original expert opinion concerning weighted average cost of capital, but will also address the two new "alternatives" now offered by Mr. Metcalfe – the "cost of borrowed funds" and the WACD. Mr. Metcalfe in his most recent second supplemental testimony now embraces, for the first time, the "cost of borrowed funds" as an alternative damages calculation. However, Mr. Metcalfe's methodology, in calculating these two alternative damages, is inconsistent with his methodology for calculating WACC. Without any explanation, and relying upon evidence that is not in the record, Mr. Metcalfe uses the pre-tax debt rate in his WACD and "cost of borrowed funds" calculations, while he used the after-tax

debt rate for his original WACC calculation. On this basis alone, the Court should deny plaintiffs' recovery.

Further, prior to the Court's opinion, no expert who testified on behalf of any of the spent nuclear fuel plaintiffs ever raised or recognized the "cost of borrowed funds" as a valid basis for recovery of damages against the Government. The Court's conclusion, and Mr. Metcalfe's multiple attempts to form his expert opinions to fit the Court's incorrect conclusion, fall flat and should be rejected.

The Government requests that the Court reconsider its prior ruling that the "cost of borrowed funds" is recoverable in this case, and reject all of plaintiffs' alternative calculations of what can only be characterized as pre-judgment interest.

## ARGUMENT

### I. SFI'S CLAIMS FOR ITS WEIGHTED AVERAGE COST OF CAPITAL "COST OF BORROWED FUNDS," AND WEIGHTED AVERAGE COST OF DEBT ARE ALL LEGALLY UNSUPPORTED ATTEMPTS TO RECOVER PRE-JUDGMENT INTEREST

#### A. SFI's Claims For Its Weighted Average Cost Of Capital, "Cost Of Borrowed Funds," And Weighted Average Cost Of Debt Are Not Recoverable Against The Government Under The Standard Contract

SFI's claim to recover cost of capital, cost of debt, or "cost of borrowed funds" should be rejected. Pursuant to 28 U.S.C. § 2516(a), a party may not recover interest upon a claim against the United States in the Court of Federal Claims unless specifically permitted under a contract or Act of Congress. Library of Congress v. Shaw, 478 U.S. 310, 317 (1986). Thus, a provision requiring the Government to pay interest "must be affirmative, clear-cut, [and] unambiguous." United States v. Thayer-West Print Hotel Co., 329 U.S. 585, 590 (1947). Neither the NWPA nor any other act of Congress has mandated that the United States pay interest on damages claims.

Further, no provision of the Standard Contract provides for the payment of interest on damages claims. See Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1340 (Fed. Cir. 2000). Because there has been no contractual or congressional waiver of sovereign immunity, as a matter of law, plaintiffs are subject to the no-interest rule.

"[T]he United States government . . . pays all judgments and amounts due in what economists call 'nominal dollars' rather than in economic 'real dollars' . . . ." Sandstrom v. Principi, 358 F.3d 1376, 1377 (Fed. Cir. 2004). However, SFI applies WACC to its nominal damages to compound the nominal damage dollars into 2005 (or present-value) dollars, as ordered by the Court. Tr.1660:21:1661:4 (Metcalfe); Hearing Tr. 10:25-11:23 (Metcalfe); Direct Metcalfe Testimony, September 6, 2006 at ¶ 48. In his Second Supplemental Testimony, Mr. Metcalfe also applied the "cost of borrowed funds" and WACD to nominal dollars to compound the nominal damage dollars into 2005 (or present-value) dollars. SFI repeatedly characterized its cost of capital damages as "real" costs, in an effort to suggest that they are properly included in the damages claim. However, the question is not whether WACC, WACD, and "cost of borrowed funds" represents "real" costs, but whether such costs are recoverable against the Government. "No matter what term plaintiff[s] use [ ], compensation for the belated receipt of money violates the no-interest rule absent an express statutory waiver of sovereign immunity from liability for interest." District of Columbia v. United States, 67 Fed. Cl. 292, 341 (2005); see Library of Congress, 478 U.S. at 321 ("The force of the no-interest rule cannot be avoided simply by devising a new name for an old institution."). At trial, Mr. Metcalfe conceded that prejudgment interest accomplishes the same thing as WACC does – the two are conceptually the same. Tr. 1676:10-1679:8 (Metcalfe). Indeed, David Wright, Entergy's Director of Regulatory

Accounting, testified that the WACC adjustment and interest serve exactly the same purpose: WACC is "[l]ike an interest rate." Deposition Designation of David Wright, Aug. 10, 2006 (Wright Dep. Desig.) at 23:14-25; 30:22-24; 53:8-18.

Moreover, like interest, the application of WACC, WACD, and "cost of borrowed funds" to SFI's total damages serves to compensate SFI for the time value of money, including inflation or the increase in the money supply, as well as the cost of money. Tr.1677:12-23 (Metcalfe). As both the Supreme Court and this Court have held, compensation for such costs constitutes interest. Library of Congress, 478 U.S. at 322 n.7; Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639, 660 (2004), aff'd, 422 F.3d 1369 (Fed. Cir. 2005).

B. SFI Has Not Identified Any Waiver Of Sovereign Immunity That Would Allow Recovery Of Its Cost Of Capital, Cost of Debt, Cost Of Borrowed Funds, Or Any Other Form Of Pre-Judgment Interest

SFI's contention that it is entitled to recover financing costs is flawed for several reasons. First, SFI made no specific borrowings to finance any of the activities included in its claim for damages. Tr.1670:25-1671:16 (Metcalfe); Hearing Tr.53:4-54:16 (Metcalfe). Even if it had, interest on borrowings is not recoverable against the Government, absent a contract clause or statutory provision that permits it. See England v. Contel Advanced Sys.,Inc., 384 F.3d 1372, 1379 (Fed. Cir. 2004) (quoting J.D. Hedin Constr. Co. v. United States, 456 F.2d 1315, 1330 (Ct. Cl. 1972)). Second, SFI's prior reliance in its post-trial brief upon Centex is misplaced. Centex Corp. v. United States, 55 Fed. Cl. 381 (2003). The case upon which Centex primarily relies as support for the idea that "interest *on* a claim" may be recoverable is Bluebonnet Savings Bank, F.S.B. v. United States, 266 F.3d 1348 (Fed. Cir. 2001), which involves financing costs arising under a contract the purpose of which was to raise financing to infuse cash into an acquired

thrift; it does not support the argument that "interest *on* a claim" is generally recoverable absent a contractual or statutory provision waiving the Government's sovereign immunity. Third, in Centex, the Court found that, even where "interest *on* a claim" is recoverable, the claimant must offer "direct proof that the parties discussed [plaintiffs'] need for borrowed cash in the event of a breach." Centex, 55 Fed. Cl. at 390.[4] SFI here has not presented any evidence demonstrating that the Government discussed, in developing the Standard Contract, that SFI would require financing in the event of a delay in SNF acceptance.

SFI contended in its post-trial brief that it should be allowed to recover its cost of capital because the application of the WACC is conceptually similar to the Allowance for Funds Used During Construction ("AFUDC"). However, the application of WACC is different from the application of AFUDC. Mr. Metcalfe applied WACC to all costs in the damages claim from the time the cost was incurred until trial, whereas AFUDC is only applied to a cost during the time prior to when that capital is placed in to service. Tr.1682:2-20 (Metcalfe); Hearing Tr.64:8-23 (Metcalfe).[5] Moreover, the cases that plaintiffs have cited to support the assertion that AFUDC is recoverable against the Government rely upon a line of cases involving a contract clause – the "Changes" clause contained in most Federal procurement contracts – authorizing recovery of

---

[4] In Centex, there was no substantial evidence that, at the time that the contract was negotiated, the parties understood that plaintiffs were counting on financing in the event of a breach. Centex, 55 Fed. Cl. at 390. The Centex Court thus held that the need to borrow was "too remote from the breach" to constitute a recoverable damage. Id.

[5] Mr. Metcalfe also applied WACC, WACD, and "cost of borrowed funds" to both operations and maintenance ("O&M") costs and plant in service capital, whereas O&M costs by definition do not get an AFUDC allocation. Hearing Tr.66:15-67:9 (Metcalfe).

interest.[6] This Court and its predecessor, the Court of Claims, have held in the context of equitable adjustments under the "Changes" clause that, "[a]lthough interest on equity capital is not recoverable, a contractor may recover interest actually paid on funds borrowed because of the government's delay in payments and used on the delayed contract," Wickham Contracting Co. v. Fischer, 12 F.3d 1574, 1582 (Fed. Cir. 1994), reasoning that the "Changes" clause authorizes such a recovery. Bell v. United States, 404 F.2d 975, 984 (Ct. Cl. 1968). Without a "Changes" clause or similar contractual provision, the statutory provision barring recovery of interest from the Government, 28 U.S.C. § 2516(a), "and its policy" continue to "apply to demands for damages in 'breach' claims against the United States . . . ." Bell, 404 F.2d at 984.[7] Here, the Standard Contract contains no "Changes" or similar clause, and SFI is seeking breach damages, not an equitable adjustment. As a result, the Wickham decision is inapposite to SFI's claim for interest.

---

[6] Although the Federal Circuit's decision in Wickham does not specifically mention the "Changes" clause, it is clear that a "Changes" clause was included in that Federal procurement contract, pursuant to the mandatory language in the Federal Acquisition Regulation ("FAR") that requires the inclusion of that clause in all contracts subject to the FAR. See FAR § 43.205, 48 C.F.R. § 43.205; see also Wickham Contracting Co. v. GSA, GSBCA No. 8675, 92-3 BCA ¶ 25040, 1992 WL 88326, at *1 (GSBCA 1992) (discussing 110 change orders upon which claims were based), aff'd, 12 F.3d 1574 (Fed. Cir. 1994).

[7] In Bell, the Court specifically distinguished the claim from the type of claim that SFI asserts here. Bell, 404 F.2d at 984 ("[t]he demand here is not based upon a 'breach' but upon a change compensable under the 'Changes' article which entitles the contractor to reimbursement for the resulting 'increase * * * in the cost of performance of this contract.'"). Moreover, "the amounts sought by [the plaintiffs' in Bell] are not compensation for delay in making payment . . . where in 'breach' cases the claimants had to borrow money because the Government did not timely pay them sums due and owing." Id. at 984 (citation omitted).

C. SFI's Alternative Calculations For The Weighted Average Cost Of Debt And "Cost of Borrowed Funds" Use A Methodology That Is Different From The Methodology Used To Calculate The Weighted Average Cost Of Capital And Should Be Stricken, Or Ignored, By The Court

In addition to the reasons set forth above that support the denial of recovery of WACC, SFI's methodology for calculating its WACD and "cost of borrowed funds" is flawed.[8]

In calculating the WACC, Mr. Metcalfe uses 1) the after-tax cost of debt, and 2) the cost of equity. See Second Supp. Test. at SS13 [KRG-GG0006545] and A36 [KRG-GG0004216] (showing 1999 WACC is comprised of after-tax debt of 2.04 percent + pre-tax equity of 5.94 percent = 7.98 percent); see also Hearing Tr.29:9-31:10 (Metcalfe). In calculating the cost of borrowed funds, Mr. Metcalfe needed only to exclude the equity portion of his WACC calculation because Mr. Metcalfe had already calculated the debt component as part of his WACC calculation. See Second Supp. Test. Appendix at A36 (KRG-GG004216). The debt component for his 1999 WACC calculation is 2.04 percent. Id. In addition, Mr. Metcalfe specifically indicates there that he uses the after-tax rate for the debt portion of his WACC calculation, but not for the equity portion. Id. at Note. However, in calculating the "cost of borrowed funds," instead of using the after-tax debt component that he already calculated for WACC, Mr. Metcalfe uses the pre-tax debt component of 3.31 percent. See Second Supp. Test. Appendix at SS16 ("cost of borrowed funds") (KRG-GG006551). Likewise, for his WACD calculation, Mr. Metcalfe, instead of using the after-tax debt component that he already

[8] We note that neither SFI's claim for WACD nor the claim for "cost of borrowed funds" were contained in Mr. Metcalfe's expert report in this case. Indeed, SFI's claim for WACD was first presented post-trial, and the claim for "cost of borrowed funds" was first provided by Mr. Metcalfe only after raised by the Court.

calculated for WACC, he uses the pre-tax weighted average cost rate for debt or 7.54 percent. Id. at SS19 (KRG-GG006557).

Mr. Metcalfe fails to provide any explanation as to why his methodology changed or any accounting or economic rationale for the use of the after-tax debt component in his WACC calculation, but not in his WACD or "cost of borrowed funds" calculations. These calculations are inconsistent and not supported by any evidence in the record.

Mr. Metcalfe's WACD and "cost of borrowed funds" calculations assume that all costs claimed as damages are financed by pre-tax debt. Mr. Metcalfe's WACD and "cost of borrowing" calculations contradict his WACC calculation because, while he now assumes that everything is debt financed, he has already testified that the costs were financed by a pool of capital that is a mix of equity and debt. Hearing Tr.86:21-87:25 (Metcalfe). Because, according to Mr. Metcalfe, equity is used in the real world, and because he assumes that only debt is used in his methodology to calculate WACD and the "cost of borrowed funds," he contradicts his WACC testimony. This methodology leads to SFI collecting more interest as damages than it incurred because it collects interest on 100 percent of its costs, rather than collecting interest on just those costs financed by debt. This method is prejudgment interest in the truest sense because it awards interest where there is no actual interest cost to offset it. There is no reason why, with the exclusion in both calculations of the pre-tax equity component, the original after-tax debt component should change to a pre-tax debt component, except to increase the WACD and "cost of borrowing" calculations, and thereby to increase damages.

Mr. Metcalfe claims that both WACD and "cost of borrowed funds" serve to compensate SFI for the time value of money. In fact, WACD and "cost of borrowed funds" are applied to

SFI's damages claim in the same manner as WACC. Second Supp. Test. at ¶¶ 6, 22-28 (Metcalfe). To the extent that SFI may rely in its briefing upon the Court's decision in Tennessee Valley Authority v. United States 69 Fed. Cl. 515 (2006) ("TVA"), to argue that Wickham, which relies heavily upon the Federal Circuit's decision in Gevyn Constr. Corp. v. United States, 827 F.2d 752 (Fed. Cir. 1987), actually relates only to interest on equity, it is wrong. The Federal Circuit in Wickham and Gevyn expressly discussed the bar on interest on equity, but also separately discussed the preclusion on recoverability of interest on borrowings, except in the limited circumstances identified in those cases. Similarly, to the extent that SFI may contend, based upon TVA, that it can recover AFUDC or similar interest (where a contract clause waives the Government's sovereign immunity for the recovery of interest) without establishing (1) a direct match between a specific debt and the project at issue and that interest paid was directly tied to the project at issue, or (2) that the project necessitated by the Government's delay necessitated the borrowing, with a specific effect upon the company's normal borrowing pattern, it is also wrong. See Gevyn, 827 F.2d at 754; Singer Co. Librascope Div. v. United States,
568 F.2d 695, 718 (Ct. Cl. 1977).

Even if SFI was entitled to recover interest on borrowings pursuant to Wickham, to recover interest in the case of a Federal procurement contract, "[t]he changed work must be directly traced to a specific loan or a necessity for increased borrowing must be shown to have been required by extra work or delay caused by the Government." Gevyn, 827 F.2d at 754. Evidence of SFI's generalized borrowings (including long or short-term debt) is too attenuated to meet this burden. However, SFI admits that it cannot make any direct link between its

generalized borrowing and any breach-related projects. Hearing Tr.52:24-55:18 (Metcalfe). Instead, SFI funds its capital construction projects through the issuance of generalized debt and equity. Id. As this Court has held in other spent fuel cases, such generalized evidence of borrowings is insufficient to make a claim for interest recoverable. See Southern Nuclear Operating Co. v. United States, 77 Fed. Cl. 396, 449 (2007) (denying plaintiff's claim for cost of capital where plaintiffs could not point to any specific or general debt or actual costs incurred as a result of borrowing), appeal pending, Nos. 2008-5020, 2008-5028 (Fed. Cir. docketed Jan. 3, 2008); Northern States Power Co. v. United States, 78 Fed. Cl. 449, 471-72 (2007), appeal pending, Nos. 2008-5037, 2008-5041 (Fed. Cir. docketed Feb. 11, 2008) (plaintiff's claim for its cost of capital is barred by 28 U.S.C. § 2516(a), "absent proof of any borrowings with which the interest claim can be causally identified"). In fact, where utility plaintiffs have failed to show that their claimed financing costs "are directly related to required borrowing through specific debt instruments," this Court - in an opinion authored by the same judge who decided TVA- has denied the plaintiff's claims for cost of capital, cost of debt, and AFUDC. System Fuels, Inc. v. United States, 79 Fed. Cl. 37, 70 (2007), appeal pending, nos. 2008-5029, 2008-5035 (Fed. Cir. docketed Jan. 9, 2008).

For these reasons, both the WACD and "cost of borrowed funds" calculations should be either stricken from the record or disregarded by the Court. They are not supported by the evidence in the record, and they are nothing more than pre-judgment interest.

## II. MR. METCALFE'S CITATIONS TO MATERIALS THAT REFERENCE "WEIGHTED AVERAGE COST OF CAPITAL" ARE IRRELEVANT AND SHOULD BE DISREGARDED

In response to the Court's request during the January 23, 2008 hearing, Mr. Metcalfe purportedly provided "cites to treatise material or other authoritative literature which references the Weighted Average Cost of Capital." Second Supp. Test. at ¶29. The Court should disregard all of these citations. First, Mr. Metcalfe's second supplemental testimony fails to explain why or how any of the cited materials substantiate his opinion that, in awarding damages for breach of contract, the application of WACC to nominal damages is the appropriate method for calculating this element of damages. Second, Mr. Metcalfe fails to provide any testimony or explanation as to why or how these citations establish that WACC is not simply non-recoverable pre-judgment interest. Third, Mr. Metcalfe's citations fail to provide any basis for establishing that the "cost of borrowed funds" are recoverable as an element of damages. Finally, these citations, introduced into the record a year after the trial concluded in this matter, are irrelevant to the issues raised by the Court and should be disregarded and excluded from the record.

## CONCLUSION

For the reasons outlined above, the Government respectfully requests that the Court deny any recovery to SFI for WACC, WACD, or "cost of borrowed funds."

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7583
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
STEPHEN FINN
JOSHUA E. GARDNER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

April 11, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of April, 2008, a copy of foregoing "DEFENDANT'S BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder