**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on July 1, 2008)

| | |
|---|---|
| **SYSTEM FUELS, INC.**, **SYSTEM ENERGY RESOURCES, INC.**, and **SOUTH MISSISSIPPI ELECTRIC POWER ASSOCIATION**, Plaintiffs, | |
| v. | No. 03-2624C (Judge Braden) |
| **THE UNITED STATES**, Defendant. | |

**<u>PLAINTIFFS' STATUS REPORT REGARDING FURTHER PROCEEDINGS</u>**

Per the Court's direction at the June 10, 2008 telephonic status hearing in this case, Plaintiffs System Fuels, Inc., System Energy Resources, Inc., and South Mississippi Electric Power Association (collectively "Plaintiffs") respectfully submit this status report regarding their position on further proceedings in this case – in particular, on whether the Court should defer entry of final judgment in this case because several appeals in other spent nuclear fuel cases remain pending at the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit"). For reasons explained below, Plaintiffs respectfully submit that the Court should enter final judgment promptly consistent with the opinion issued in this case on October 11, 2007.

First, delay in the entry of final judgment due to appeals that may not have any direct bearing on matters before the Court in this case would be prejudicial to Plaintiffs, because the Court has already ruled that Plaintiffs are entitled (at a minimum) to approximately $10 million in damages. <u>System Fuels, Inc. v. United States</u>, 78 Fed. Cl. 769, 809 (2007). As the Court is also aware, the parties subsequently spent several months submitting supplemental briefs and

additional testimony regarding Plaintiffs' claim for their cost of borrowed funds, the adjudication of which remains pending. If entry of a $10 million judgment in their favor is delayed further than necessary, Plaintiffs face an increased risk of not being made economically whole from a damages award based on Defendant's (the "Government") partial breach of contract. The Government, on the other hand, has suggested both in this and several other spent nuclear fuel cases that the Federal Circuit's decisions on a variety of issues (e.g., the acceptance rate, mitigation damages) are likely to provide guidance on the SNF cases still pending before this Court. While some of these issues on appeal were involved in the instant action, the Government cannot establish with any degree of certainty that the Federal Circuit will actually rule in these pending appeals in a manner that will affect the Court's fact-specific decision in this case. Simply put, to delay entry of judgment based on the outcome of appellate rulings would be contrary to the "just, speedy, and inexpensive determination of every action" in this Court. RCFC 1.

Second, there remains a strong possibility that one or many of the parties to the pending Federal Circuit appeals will seek further review of any such decisions. For example, one of the parties may decide to file, pursuant to the Federal Circuit's Rule 40, a petition for panel rehearing. One of the parties might also decide to file, pursuant to the Federal Circuit's Rule 35(b), a petition for rehearing en banc. Again, if such a petition were granted, resolution of the appellate process would be further extended. Perhaps most significantly, one of the parties may file – either instead of or in addition to the aforementioned petitions for rehearing – a petition for a writ of certiorari to the U.S. Supreme Court. If such a petition were granted, the appellate process could be extended for between one and two years, or even more. Delaying entry of judgment for an additional one or two years pending the resolution of appeals that may not even

affect the Court's disposition of this case would further prevent the just and speedy determination of Plaintiffs' action.

Finally, assuming *arguendo* that the Federal Circuit rules in a manner that is both binding on and contrary to the judgment ultimately entered in this case, the Government no doubt will seek to modify such a judgment in this Court. By contrast, Plaintiffs have no recourse in enduring a delay in entry of judgment based on the outcome of appeals that may ultimately have no bearing on this case.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment on their breach of contract claim consistent with the opinion in this case dated October 11, 2007.

Dated: July 1, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiffs
System Fuels, Inc., System Energy Resources, Inc., and South Mississippi Electric Power Association

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

L. Jager Smith, Jr.
**WISE CARTER CHILD**
**& CARAWAY, P.A.**
1340 Echelon Parkway
Jackson, MS 39213
601-368-5572
601-368-5816 (fax)