IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEM FUELS, INC.,<br>SYSTEM ENERGY RESOURCES, INC., and<br>SOUTH MISSISSIPPI ELECTRIC<br>POWER ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-2624C<br>(Judge Braden) |

DEFENDANT'S STATUS REPORT

Pursuant to the direction from the Court during the telephonic status conference on June 10, 2008, and this Court's order dated July 7, 2008, the Government submits this pleading in an effort to provide to the Court with some guidance regarding the entry of a final judgment in this case, in light of the three spent nuclear fuel ("SNF") cases pending before the United States Court of Appeals for the Federal Circuit which may have some relevance to the issues pending before this Court. For the reasons stated below, although the Government understands that there are cases pending before the Federal Circuit the resolution of which could significantly affect the analysis that this Court should apply in this case, the Government does not oppose the plaintiff's request that the Court resolve this case to allow for its immediate appeal.

As the Court is aware, the Federal Circuit held oral argument in the following cases before a single panel on the same day: Pacific Gas and Electric Co. v. United States, No. 2007-5046 (Fed. Cir.); Yankee Atomic Electric Co. v. United States, No. 2007-5025, -5026, -5027, -5031, -5032, -5033 (Fed. Cir.), and Sacramento Municipal Utility District v. United States, No. 2007-5052, -5097 (Fed. Cir.) ("SMUD"). All of those appeals involve issues surrounding the appropriate causation analysis that this Court must apply in evaluating whether

the delay by the Department of Energy ("DOE") in commencing SNF acceptance under the Standard Contract actually caused a nuclear utility contract holder to incur the damages that it claims. Although the Standard Contract required that DOE commence SNF acceptance by January 31, 1998, see 42 U.S.C. § 10222(a)(5)(B), neither the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. §§ 10101-10270, nor the Standard Contract contain any requirements regarding the rate at which DOE must continue acceptance after January 31, 1998. Because nuclear utility contract holders would be responsible for the storage of each of their SNF assemblies on their own sites until DOE was obligated to accept each of those assemblies, the contract holders would necessarily have incurred on-site storage costs even had DOE timely performed its Standard Contract obligations. To the extent that, had DOE timely performed its contract obligations, they would have incurred the same costs that they are claiming as damages now, those costs should not be recoverable because they were not "caused" by DOE's delay, but, instead, would have been incurred regardless of DOE's delay. See Bluebonnet Sav. Bank, F.S.B. v. United States, 339 F.3d 1341, 1345 (Fed. Cir. 2003); Rumsfeld v. Applied Cos., 325 F.3d 1328, 1336 (Fed. Cir. 2003).

In the Yankee Atomic and SMUD appeals, the trial court found "causation" without identifying at what rate DOE was obligated to accept the contract holders' SNF after commencing acceptance by January 31, 1998, and without constructing a "but for" world through which it could determine what costs the utility contract holder would necessarily have incurred had DOE timely performed those contract obligations. Instead, the trial court in those cases simply found causation based upon the length of DOE's delay and/or without constructing a rational "but for" world. Conversely, in Pacific Gas, the trial court correctly identified a rate at

which DOE was obligated to accept the plaintiff's SNF, identified the storage activities in which the plaintiff would still have to have engaged had DOE timely those obligations, identified the costs applicable to those activities, and then identified the activities and costs that were, in fact, an incremental result of DOE's delay and that would not have been necessary in the "but for" world had DOE timely performed. The plaintiff in the Pacific Gas appeal has affirmatively challenged the trial court's holding there that a 900 Metric Tons Uranium ("MTUs") acceptance rate was the one applicable to the contract.

We believe it likely that the Federal Circuit's decisions in these appeals will provide significant guidance to this Court in evaluating causation in the remaining SNF cases. Nevertheless, we, like the plaintiffs, are interested in continuing to obtain future appellate court guidance for application in the remaining SNF cases. Because the parties have already expended the costs necessary to proceed through trial and post-trial briefing in this particular case, this case is in a position to be decided. With this Court's final judgment, additional issues involved in this case that might not be resolved by the Federal Circuit in the recently argued SNF appeals would be ready for briefing and disposition at the appellate level, which would potentially expedite appellate court resolution of those issues to the benefit of the parties in the remaining SNF cases. Accordingly, although we understand that the Federal Circuit's decisions in the recently argued SNF cases currently on appeal may assist in defining the appropriate causation standard in this and other SNF cases, we believe that it is appropriate for the Court to resolve this case, given that it has already been fully litigated.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Sharon A. Snyder
SHARON A. SNYDER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7583
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

ALAN J. LO RE
Senior Trial Counsel

SCOTT R. DAMELIN
STEPHEN FINN
JOSHUA E. GARDNER
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

July 11, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of July, 2008, a copy of foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sharon A. Snyder